# EXHIBIT "A"

**Berks County Civil Court Docket Summary**
**Docket Number: 20 15883**

**Judge:** Jeffrey K. Sprecher, J.          **Filed:** 09/17/2020
**SubType:** Summons

| | **Attorney(s)** |
|---|---|
| **WENRICH, BETTY, ADMINISTRATRIX** | Moscariello, Denine Marie |
| **SCHNEIDER, CORA, DECEASED** | Moscariello, Denine Marie |
|     *** VS *** | |
| **MANOR CARE OF LAURELDALE PA LLC** | Horst, Eric B. Esquire |
| | Corso, Matthew T |
| | Brennan, Natalie M |
|     **DBA MANORCARE HEALTH SERVICES - LAURELDALE** | |
| **MANOR CARE OF LAURELDALE PA** | Horst, Eric B. Esquire |
| | Corso, Matthew T |
| | Brennan, Natalie M |
| **HCR MANORCARE LLC** | Horst, Eric B. Esquire |
| | Corso, Matthew T |
| | Brennan, Natalie M |
| **MANORCARE HEALTH SERVICES INC** | Horst, Eric B. Esquire |
| | Corso, Matthew T |
| | Brennan, Natalie M |
| **MANOR CARE INC** | Horst, Eric B. Esquire |
| | Corso, Matthew T |
| | Brennan, Natalie M |
| **HCR MANORCARE INC** | Horst, Eric B. Esquire |
| | Corso, Matthew T |
| | Brennan, Natalie M |
| **HCR IV HEALTHCARE LLC** | Horst, Eric B. Esquire |
| | Corso, Matthew T |
| | Brennan, Natalie M |
| **HCR III HEALTHCARE LLC** | Horst, Eric B. Esquire |
| | Corso, Matthew T |
| | Brennan, Natalie M |
| **HCR II HEALTHCARE LLC** | Horst, Eric B. Esquire |
| | Corso, Matthew T |
| | Brennan, Natalie M |
| **HCR HEALTHCARE LLC** | Horst, Eric B. Esquire |
| | Corso, Matthew T |
| | Brennan, Natalie M |
| **HCRMC OPERATIONS LLC** | Horst, Eric B. Esquire |
| | Corso, Matthew T |
| | Brennan, Natalie M |
| **HCR MANORCARE OPERATIONS II LLC** | Horst, Eric B. Esquire |
| | Corso, Matthew T |
| | Brennan, Natalie M |
| **HEARTLAND EMPLOYMENT SERVICES LLC** | Horst, Eric B. Esquire |

Corso, Matthew T
Brennan, Natalie M

**HCR MANOR CARE SERVICES LLC**

Horst, Eric B. Esquire
Corso, Matthew T
Brennan, Natalie M

**PROMEDICA HEALTH SYSTEM INC**

Horst, Eric B. Esquire
Corso, Matthew T
Brennan, Natalie M

| | |
|---|---|
| 09/17/2020 | Professional Liability - Other |
| 09/17/2020 | Writ Issued to Attorney |
| 10/16/2020 | Praecipe to Reissue Writ - Writ Reissued |
| 10/21/2020 | Appearance of Natalie M Brennan Esq for Defts w/ Cert of Compliance and Cert of Service |
| 10/22/2020 | Appearance of Matthew T Corso Esq for Defts w/ Cert of Compliance and Cert of Service |
| 10/22/2020 | Appearance of Eric B Horst Esq for Defts w/ Cert of Compliance and Cert of Service |
| 10/22/2020 | Appearance of Eric B Horst Esq for Defts w/ Cert of Compliance and Cert of Service |
| 10/30/2020 | Service of Summons upon Deft HCR IV Healthcare LLC by cert mail on 9/29/20 |
| 10/30/2020 | Service of Summons upon Deft Manor Care Inc by cert mail on 9/29/20 |
| 10/30/2020 | Service of Summons upon Deft HCR Healthcare LLC by cert mail on 9/29/20 |
| 10/30/2020 | Service of Summons upon Deft Heartland Employment Services LLC by cert mail on 9/29/20 |
| 10/30/2020 | Service of Summons upon Deft HCR ManorCare LLC by cert mail on 9/29/20 |
| 10/30/2020 | Service of Summons upon Deft HCR II Healthcare LLC by cert mail on 9/29/20 |
| 11/02/2020 | Service of Summons upon Deft Manor Care of Laureldale PA by cert mail on 9/29/20 |
| 11/04/2020 | Service of Summons upon Deft HCR III Healthcare LLC by cert mail on 9/29/20 |
| 11/17/2020 | Sheriff's Service of Summons with Discovery upon Deft Manor Care of Laureldale PA LLC dba ManorCare Health Services-Laureldale upon APIC on 10/23/2020; No Service of Promedica Health System Inc by Montgomery Co Sheriff on 11/2/2020 |
| 12/04/2020 | Service of Summons upon Deft HCR ManorCare Inc by cert mail on 9/29/20 |
| 12/04/2020 | Service of Summons upon Deft HCR ManorCare Operations LLC by cert mail on 9/29/20 |
| 12/08/2020 | Service of Summons upon Deft HCMC Operations LLC on 9/29/20 |
| 12/14/2020 | Praecipe to Reissue Writ - Writ Reissued |
| 12/15/2020 | Praecipe to Reissue Writ - Writ Reissued |
| 01/13/2021 | Service of Summons upon Deft HCR Manor Care Services LLC by cert mail on 11/2/20 |
| 01/21/2021 | Praecipe to Reissue Writ - Writ Reissued |
| 01/22/2021 | Complaint - in excess of $50,000.00 |
| 01/30/2021 | Certificate of Merit as to Deft HCR Healthcare LLC |
| 01/30/2021 | Certificate of Merit as to Deft HCR II Healthcare LLC |
| 01/30/2021 | Certificate of Merit as to Deft HCR III Healthcare LLC |
| 01/30/2021 | Certificate of Merit as to Deft HCR IV Healthcare LLC |
| 01/30/2021 | Certificate of Merit as to Deft HCR ManorCare Inc |
| 01/30/2021 | Certificate of Merit as to Deft HCR ManorCare LLC |
| 01/30/2021 | Certificate of Merit as to Deft HCR ManorCare Operations II LLC |

| | |
|---|---|
| 01/30/2021 | Certificate of Merit as to Deft HCR ManorCare Operations II LLC |
| 01/30/2021 | Certificate of Merit as to Deft HCR Manor Care Services LLC |
| 01/30/2021 | Certificate of Merit as to Deft HCRMC Operations LLC |
| 01/30/2021 | Certificate of Merit as to Deft Heartland Employment Services LLC |
| 01/30/2021 | Certificate of Merit as to Deft ManorCare Health Services Inc |
| 01/30/2021 | Certificate of Merit as to Deft Manor Care Inc |
| 01/30/2021 | Certificate of Merit as to Deft Manor Care of Laureldale PA |
| 01/30/2021 | Certificate of Merit as to Deft Manor Care of Laureldale PA LLC d/b/a ManorCare Health Services - Laureldale |
| 02/10/2021 | Affidavit of Service of Summons upon Deft, Manor Care Health Services, Inc. by Cert Mail on 9/23/20 |
| 02/10/2021 | Service of Summons upon Deft Promedica Health System Inc by cert mail on 1/5/21 |

| | | |
|---|---|---|
| Complaint | 01/22/2021 | |
| **Plaintiff** | | |
| WENRICH, BETTY, ADMINISTRATRIX | | Moscariello, Denine Marie |
| SCHNEIDER, CORA, DECEASED, ESTATE OF | | Moscariello, Denine Marie |
| **Defendant** | | |
| MANOR CARE OF LAURELDALE PA LLC | | |
| DBA MANORCARE HEALTH SERVICES - LAURELDALE | | |
| MANOR CARE OF LAURELDALE PA | | |
| HCR MANORCARE LLC | | |
| MANORCARE HEALTH SERVICES INC | | |
| MANOR CARE INC | | |
| HCR MANORCARE INC | | |
| HCR IV HEALTHCARE LLC | | |
| HCR III HEALTHCARE LLC | | |
| HCR II HEALTHCARE LLC | | |
| HCR HEALTHCARE LLC | | |
| HCRMC OPERATIONS LLC | | |
| HCR MANORCARE OPERATIONS II LLC | | |
| HEARTLAND EMPLOYMENT SERVICES LLC | | |
| HCR MANOR CARE SERVICES LLC | | |
| PROMEDICA HEALTH SYSTEM INC | | |

Received County of Berks Prothonotary's Office on 9/17/2020 3:42:30 PM  Prothonotary Docket No. 20-15883
Received County of Berks Prothonotary's Office on 09/17/2020 2:18 PM Prothonotary Docket No. 20-15883

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103
(215)569-0200

MAJOR-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

ATTORNEY FOR PLAINTIFF(S)

---

BETTY WENRICH, Administratrix of the
Estate of CORA SCHNEIDER, Deceased
1031 Barberry Avenue
Reading, PA 19605

     v.

MANOR CARE OF LAURELDALE PA LLC
d/b/a MANORCARE HEALTH SERVICES-
LAURELDALE
2125 Elizabeth Avenue
Laureldale, PA 19605

And

MANOR CARE OF LAURELDALE PA
333 N. Summit Street
Toledo, OH 43604

And

HCR MANORCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

MANORCARE HEALTH SERVICES, INC.
333 N. Summit Street
Toledo, OH 43604

And

MANOR CARE, INC.
333 N. Summit Street
Toledo, OH 43604

And

HCR MANORCARE, INC.
333 N. Summit Street
Toledo, OH 43604

And

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

BERKS COUNTY
COURT OF COMMON PLEAS

NO. 20 - 15883



Writ Issued to Attorney 20-15883
Berks County Prothonotary Office

*5039941 R*          9/17/2020   3:41 PM

Received County of Berks Prothonotary's Office on 9/17/2020 3:42:30 PM  Prothonotary Docket No. 20-15883
Received County of Berks Prothonotary's Office on 09/17/2020 2:18 PM Prothonotary Docket No. 20-15883

HCR IV HEALTHCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR III HEALTHCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR II HEALTHCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR HEALTHCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCRMC OPERATIONS, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR MANORCARE OPERATIONS II, LLC
333 N. Summit Street
Toledo, OH 43604

And

HEARTLAND EMPLOYMENT
SERVICES, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR MANOR CARE SERVICES, LLC
440 East Commons Way, Suite 123
Columbus, OH 43219

And

Received County of Berks Prothonotary's Office on 9/17/2020 3:42:30 PM Prothonotary Docket No. 20-15883
Received County of Berks Prothonotary's Office on 09/17/2020 2:18 PM Prothonotary Docket No. 20-15883

PROMEDICA HEALTH SYSTEM, INC.   :
191 Presidential Blvd., Suite W8   :
Bala Cynwyd, PA 19004   :

## WRIT OF SUMMONS IN CIVIL ACTION

TO:   Kindly issue a Writ of Summons in Civil Action against Defendants, Manor Care of Laureldale PA LLC d/b/a Manorcare Health Services-Laureldale, Manor Care of Laureldale PA, HCR Manorcare, LLC, Manorcare Health Services, Inc., Manor Care, Inc., HCR Manorcare, Inc. HCR IV Healthcare, LLC, HCR III Healthcare, LLC, HCR II Healthcare, LLC, HCR Healthcare, LLC, HCRMC Operations, LLC, HCR Manorcare Operations, II, LLC, Heartland Employment Services, LLC, HCR Manor Care Services, LLC and Promedica Health System, Inc.

## YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF(S) HAVE COMMENCED
## AN ACTION AGAINST YOU.

JONATHAN K. DEL COLLO, PROTHONOTARY

Clerk of Judicial Records

CIVIL DIVISION      Deputy

DATE: 9/17/20

REISSUED 10/16/20
REISSUED 12/14/20

REISSUED 12/15/20
REISSUED 01/21/21

J. K. DEL COLLO   Prothonotary

Deputy





# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____ BERKS _____ County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**Commencement of Action:**
- [ ] Complaint
- [x] Writ of Summons
- [ ] Transfer from Another Jurisdiction
- [ ] Petition
- [ ] Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| BETTY WENRICH ADMIN, ET AL | MANOR CARE OF LAURELDALE PA, ET AL |

**Are money damages requested?** [x] Yes  [ ] No

Dollar Amount Requested: (check one)
- [ ] within arbitration limits
- [x] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes  [x] No

**Is this an *MDJ Appeal*?** [ ] Yes  [x] No

Name of Plaintiff/Appellant's Attorney: DENINE MARIE MOSCARIELLO, ESQUIRE

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability (*does not include mass tort*)
- [ ] Slander/Libel/ Defamation
- [ ] Other:
  _____
  _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:
  _____
  _____

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [x] Other Professional:
  NURSING HOME NEG.
  _____

**CONTRACT** (*do not include Judgments*)
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
  _____
  _____
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
  _____
  _____
- [ ] Other:
  _____
  _____

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:
  _____
  _____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
  _____
  _____
- [ ] Zoning Board
- [ ] Other:
  _____
  _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:
  _____
  _____

*Updated 1/1/2011*

Received County of Berks Prothonotary's Office on 09/17/2020 2:18 PM Prothonotary Docket No. 20-15883

**SECTION A**

Received County of Berks Prothonotary's Office on 09/17/2020 2:18 PM Prothonotary Docket No. 20-15883

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103
(215)569-0200

MAJOR-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

ATTORNEY FOR PLAINTIFF(S)

---

BETTY WENRICH, Administratrix of the
Estate of CORA SCHNEIDER, Deceased
1031 Barberry Avenue
Reading, PA 19605

      v.

MANOR CARE OF LAURELDALE PA LLC
d/b/a MANORCARE HEALTH SERVICES-
LAURELDALE
2125 Elizabeth Avenue
Laureldale, PA 19605

And

MANOR CARE OF LAURELDALE PA
333 N. Summit Street
Toledo, OH 43604

And

HCR MANORCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

MANORCARE HEALTH SERVICES, INC.
333 N. Summit Street
Toledo, OH 43604

And

MANOR CARE, INC.
333 N. Summit Street
Toledo, OH 43604

And

HCR MANORCARE, INC.
333 N. Summit Street
Toledo, OH 43604

And

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

BERKS COUNTY
COURT OF COMMON PLEAS

NO.

Received County of Berks Prothonotary's Office on 09/17/2020 2:18 PM Prothonotary Docket No. 20-15883

HCR IV HEALTHCARE, LLC          :
333 N. Summit Street            :
Toledo, OH 43604                :
                                :
And                             :
                                :
HCR III HEALTHCARE, LLC         :
333 N. Summit Street            :
Toledo, OH 43604                :
                                :
And                             :
                                :
HCR II HEALTHCARE, LLC          :
333 N. Summit Street            :
Toledo, OH 43604                :
                                :
And                             :
                                :
HCR HEALTHCARE, LLC             :
333 N. Summit Street            :
Toledo, OH 43604                :
                                :
And                             :
                                :
HCRMC OPERATIONS, LLC           :
333 N. Summit Street            :
Toledo, OH 43604                :
                                :
And                             :
                                :
HCR MANORCARE OPERATIONS II, LLC :
333 N. Summit Street            :
Toledo, OH 43604                :
                                :
And                             :
                                :
HEARTLAND EMPLOYMENT            :
SERVICES, LLC                   :
333 N. Summit Street            :
Toledo, OH 43604                :
                                :
And                             :
                                :
HCR MANOR CARE SERVICES, LLC    :
440 East Commons Way, Suite 123 :
Columbus, OH 43219              :
                                :
And                             :

PROMEDICA HEALTH SYSTEM, INC.       :
191 Presidential Blvd., Suite W8            :
Bala Cynwyd, PA 19004                         :

---

## WRIT OF SUMMONS IN CIVIL ACTION

TO:     Kindly issue a Writ of Summons in Civil Action against Defendants, Manor Care of Laureldale

PA LLC d/b/a Manorcare Health Services-Laureldale, Manor Care of Laureldale PA, HCR Manorcare,

LLC, Manorcare Health Services, Inc., Manor Care, Inc., HCR Manorcare, Inc. HCR IV Healthcare, LLC,

HCR III Healthcare, LLC, HCR II Healthcare, LLC, HCR Healthcare, LLC, HCRMC Operations, LLC,

HCR Manorcare Operations, II, LLC, Heartland Employment Services, LLC, HCR Manor Care Services,

LLC and Promedica Health System, Inc.

### YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF(S) HAVE COMMENCED
### AN ACTION AGAINST YOU.

Clerk of Judicial Records

_____
CIVIL DIVISION          Deputy

DATE: _____

Received County of Berks Prothonotary's Office on 09/17/2020 2:18 PM Prothonotary Docket No. 20-15883

Received County of Berks Prothonotary's Office on 09/17/2020 2:18 PM Prothonotary Docket No. 20-15883

## PRAECIPE TO ISSUE SUMMONS

TO THE PROTHONOTARY:

Kindly issue a Writ of Summons in Civil Action against Defendants, Manor Care of Laureldale PA LLC d/b/a Manorcare Health Services-Laureldale, Manor Care of Laureldale PA, HCR Manorcare, LLC, Manorcare Health Services, Inc., Manor Care, Inc., HCR Manorcare, Inc. HCR IV Healthcare, LLC, HCR III Healthcare, LLC, HCR II Healthcare, LLC, HCR Healthcare, LLC, HCRMC Operations, LLC, HCR Manorcare Operations, II, LLC, Heartland Employment Services, LLC, HCR Manor Care Services, LLC and Promedica Health System, Inc.

ROSENBAUM & ASSOCIATES, P.C.

By:     /s/ *Denine Marie Moscariello*

Dated: 9/17/2020          DENINE MARIE MOSCARIELLO, ESQUIRE

Received County of Berks Prothonotary's Office on 10/16/2020 9:53 AM Prothonotary Docket No 20-15883

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103                          ATTORNEY FOR PLAINTIFF(S)
(215)569-0200

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the | : | BERKS COUNTY |
| Estate of CORA SCHNEIDER, Deceased | : | COURT OF COMMON PLEAS |
| 1031 Barberry Avenue | : | |
| Reading, PA 19605 | : | NO. 20-15883 |
| | : | |
| v. | : | |
| MANOR CARE OF LAURELDALE PA LLC | : | |
| d/b/a MANORCARE HEALTH SERVICES – | : | |
| LAURELDALE | : | |
| MANOR CARE OF LAURELDALE PA; | : | |
| HCR MANORCARE, LLC; | : | |
| MANORCARE HEALTH SERVICES, INC.; | : | |
| MANOR CARE, INC.; | : | |
| HCR MANORCARE, INC.; | : | |
| HCR IV HEALTHCARE, LLC; | : | |
| HCR III HEALTHCARE, LLC; | : | |
| HCR II HEALTHCARE, LLC; | : | |
| HCR HEALTHCARE, LLC; | : | |
| HCRMC OPERATIONS, LLC; | : | |
| HCR MANORCARE OPERATIONS II, LLC; | : | |
| HEARTLAND EMPLOYMENT | : | |
| SERVICES, LLC; | : | |
| HCR MANOR CARE SERVICES, LLC; and | : | |
| PROMEDICA HEALTH SYSTEM, INC. | : | |

## PRAECIPE TO REISSUE

**TO THE PROTHONOTARY:**

Kindly reinstate the above-captioned matter for an additional thirty (30) days.

Rosenbaum & Associates

Date: _____          /s/ *Denine Marie Moscariello*

DENINE MARIE MOSCARIELLO, ESQUIRE

Received County of Berks Prothonotary's Office on 9/17/2020 3:42:30 PM   Prothonotary Docket No. 20-15883
Received County of Berks Prothonotary's Office on 10/14/2020 2:53 PM Prothonotary Docket No. 20-15883

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103
(215)869-0200

MAJOR-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

ATTORNEY FOR PLAINTIFF(S)

---

BETTY WENRICH, Administratrix of the
Estate of CORA SCHNEIDER, Deceased
1031 Barberry Avenue
Reading, PA 19605

     v.

MANOR CARE OF LAURELDALE PA LLC
d/b/a MANORCARE HEALTH SERVICES-
LAURELDALE
2125 Elizabeth Avenue
Laureldale, PA 19605

And

MANOR CARE OF LAURELDALE PA
333 N. Summit Street
Toledo, OH 43604

And

HCR MANORCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

MANORCARE HEALTH SERVICES, INC.
333 N. Summit Street
Toledo, OH 43604

And

MANOR CARE, INC.
333 N. Summit Street
Toledo, OH 43604

And

HCR MANORCARE, INC.
333 N. Summit Street
Toledo, OH 43604

And

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

BERKS COUNTY
COURT OF COMMON PLEAS

NO. 20-15883

---

Writ Issued to Attorney 20-15883


Berks County Prothonotary Office

*5039941 R*      9/17/2020   3:41 PM



HCR IV HEALTHCARE, LLC        :
333 N. Summit Street
Toledo, OH 43604
                              :

And                           :

HCR III HEALTHCARE, LLC       :
333 N. Summit Street
Toledo, OH 43604
                              :

And                           :

HCR II HEALTHCARE, LLC        :
333 N. Summit Street
Toledo, OH 43604
                              :

And                           :

HCR HEALTHCARE, LLC           :
333 N. Summit Street
Toledo, OH 43604
                              :

And                           :

HCRMC OPERATIONS, LLC         :
333 N. Summit Street
Toledo, OH 43604
                              :

And                           :

HCR MANORCARE OPERATIONS II, LLC :
333 N. Summit Street
Toledo, OH 43604
                              :

And                           :

HEARTLAND EMPLOYMENT          :
SERVICES, LLC
333 N. Summit Street
Toledo, OH 43604
                              :

And                           :

HCR MANOR CARE SERVICES, LLC  :
440 East Commons Way, Suite 123
Columbus, OH 43219
                              :

And                           :

Received County of Berks Prothonotary's Office on 9/17/2020 3:42:30 PM Prothonotary Docket No. 20-15883

Received County of Berks Prothonotary's Office on 11/11/2020 3:32:33 PM Prothonotary Docket No. 20-15883

PROMEDICA HEALTH SYSTEM. INC.  :
191 Presidential Blvd., Suite W8  :
Bala Cynwyd, PA 19004  :

## WRIT OF SUMMONS IN CIVIL ACTION

TO:   Kindly issue a Writ of Summons in Civil Action against Defendants, Manor Care of Laureldale

PA LLC d/b/a Manorcare Health Services-Laureldale, Manor Care of Laureldale PA, HCR Manorcare.

LLC, Manorcare Health Services, Inc., Manor Care, Inc., HCR Manorcare, Inc. HCR IV Healthcare, LLC.

HCR III Healthcare, LLC, HCR II Healthcare, LLC, HCR Healthcare, LLC, HCRMC Operations, LLC,

HCR Manorcare Operations, II, LLC, Heartland Employment Services, LLC, HCR Manor Care Services,

LLC and Promedica Health System, Inc.

## YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF(S) HAVE COMMENCED
## AN ACTION AGAINST YOU.

JONATHAN K. DEL COLLO, PROTHONOTARY

Clerk of Judicial Records

_Kelley Roach_

CIVIL DIVISION                    Deputy

DATE: 9/17/20



Received County of Berks Prothonotary's Office on 9/17/2020 3:42:30 PM Prothonotary Docket No. 20-15883
Received County of Berks Prothonotary's Office on 10/14/2020 3:53:24 PM Prothonotary Docket No. 20-15883

Received County of Berks Prothonotary's Office on 10/21/2020 1:43 PM Prothonotary Docket No. 20-15883

BUCHANAN INGERSOLL & ROONEY PC
By: Matthew T. Corso, Esquire
Attorney Identification Number: 73447
Eric B. Horst, Esquire
Attorney Identification Number: 320972
Natalie M. Brennan, Esquire
Attorney Identification Number: 328285
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
215-665-8700
215-665-8760 (Facsimile)

*Attorneys for Defendants Manor Care of Laureldale, PA, LLC d/b/a ManorCare Health Services-Laureldale; Manor Care of Laureldale, PA; HCR ManorCare, LLC; ManorCare Health Services, Inc.; Manor Care, Inc.; HCR ManorCare, Inc.; HCR IV Healthcare, LLC; HCR III Healthcare, LLC; HCR II Healthcare, LLC; HCR Healthcare, LLC; HCRMC Operations, LLC; HCR ManorCare Operations II, LLC; Heartland Employment Services, LLC; HCR Manor Care Services, LLC and ProMedica Health Systems, Inc.*

| | |
|---|---|
| **BETTY WENRICH, as Administrator of the Estate of CORA SCHNEIDER, deceased**<br><br>*Plaintiff,*<br><br>vs.<br><br>**MANOR CARE of LAURLEDALE, PA, LLC d/b/a MANORCARE HEALTH SERVICES-LAURELDALE; MANOR CARE of LAURELDALE, PA; HCR MANORCARE, LLC; MANORCARE Health SERVICES, INC.; MANOR CARE, INC.; HCR MANORCARE, INC.; HCR IV HEALTHCARE, LLC; HCR III HEALTHCARE, LLC; HCR II HEALTHCARE, LLC; HCR HEALTHCARE, LLC; HCRMC OPERATIONS, LLC; HCR MANORCARE OPERATIONS II, LLC; HEARTLAND EMPLOYMENT SERVICES, LLC; HCR MANOR CARE SERVICES, LLC and PROMEDICA HEALTH SYSTEMS, INC.,**<br>*Defendants.* | IN THE COURT OF COMMON PLEAS OF BERKS COUNTY, PENNSYLVANIA<br><br>NO. 20-15883 |

## <u>PRAECIPE FOR ENTRY OF APPEARANCE</u>

TO THE PROTHONOTARY/CLERK OF SAID COURT:

Please enter the appearance of **Natalie M. Brennan, Esquire** on behalf of the

Defendants named as Manor Care of Laureldale, PA, LLC d/b/a ManorCare Health Services-

Laureldale; Manor Care of Laureldale, PA; HCR ManorCare, LLC; ManorCare Health Services, Inc.; Manor Care, Inc.; HCR ManorCare, Inc.; HCR IV Healthcare, LLC; HCR III Healthcare, LLC; HCR II Healthcare, LLC; HCR Healthcare, LLC; HCRMC Operations, LLC; HCR ManorCare Operations II, LLC; Heartland Employment Services, LLC; HCR Manor Care Services, LLC and ProMedica Health Systems, Inc.*, in the above-referenced case.

Papers, other than original process, may be served at the address set forth above.

BUCHANAN INGERSOLL & ROONEY PC

**October 21, 2020**

 */s/ Natalie M. Brennan*
Natalie M. Brennan, Esquire
Attorney Identification Number: 328285

Received County of Berks Prothonotary's Office on 10/21/2020 1:43 PM Prothonotary Docket No. 20-15883

Received County of Berks Prothonotary's Office on 10/21/2020 1:43 PM Prothonotary Docket No. 20-15883

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by <u>Defendants:</u>
*Manor Care of Laureldale, PA, LLC d/b/a ManorCare Health Services-Laureldale; Manor Care of Laureldale, PA; HCR ManorCare, LLC; ManorCare Health Services, Inc.; Manor Care, Inc.; HCR ManorCare, Inc.; HCR IV Healthcare, LLC; HCR III Healthcare, LLC; HCR II Healthcare, LLC; HCR Healthcare, LLC; HCRMC Operations, LLC; HCR ManorCare Operations II, LLC; Heartland Employment Services, LLC; HCR Manor Care Services, LLC and ProMedica Health Systems, Inc.*

Signature: */s/ Natalie M. Brennan*
Name: Natalie M. Brennan, Esquire
Attorney No. (if applicable):  328285

Received County of Berks Prothonotary's Office on 10/21/2020 1:43 PM Prothonotary Docket No. 20-15883

## CERTIFICATE OF SERVICE

I, Natalie M. Brennan, Esquire, hereby certify that a true and correct copy of the Entries of Appearance on behalf of Defendants, Manor Care of Laureldale, PA, LLC d/b/a ManorCare Health Services-Laureldale; Manor Care of Laureldale, PA; HCR ManorCare, LLC; ManorCare Health Services, Inc.; Manor Care, Inc.; HCR ManorCare, Inc.; HCR IV Healthcare, LLC; HCR III Healthcare, LLC; HCR II Healthcare, LLC; HCR Healthcare, LLC; HCRMC Operations, LLC; HCR ManorCare Operations II, LLC; Heartland Employment Services, LLC; HCR Manor Care Services, LLC and ProMedica Health Systems, Inc., in the above-referenced case, was served upon the following via electronic mail:

Denine Marie Moscariello, Esquire
Rosenbaum & Associates,PC
1818 Market Street Suite 320
Philadelphia, PA  19103
***Attorney for Plaintiffs***

BUCHANAN INGERSOLL & ROONEY PC

**October 21, 2020**                By: */s/ Natalie M. Brennan*
Natalie Brennan , Esquire
*Manor Care of Laureldale, PA, LLC d/b/a ManorCare Health Services-Laureldale; Manor Care of Laureldale, PA; HCR ManorCare, LLC; ManorCare Health Services, Inc.; Manor Care, Inc.; HCR ManorCare, Inc.; HCR IV Healthcare, LLC; HCR III Healthcare, LLC; HCR II Healthcare, LLC; HCR Healthcare, LLC; HCRMC Operations, LLC; HCR ManorCare Operations II, LLC; Heartland Employment Services, LLC; HCR Manor Care Services, LLC and ProMedica Health Systems, Inc.*

Received County of Berks Prothonotary's Office on 10/22/2020 9:22 AM Prothonotary Docket No. 20-15883

BUCHANAN INGERSOLL & ROONEY PC
By: Matthew T. Corso, Esquire
Attorney Identification Number: 73447
Eric B. Horst, Esquire
Attorney Identification Number: 320972
Natalie M. Brennan, Esquire
Attorney Identification Number: 328285
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
215-665-8700
215-665-8760 (Facsimile)

*Attorneys for Defendants Manor Care of Laureldale, PA, LLC d/b/a ManorCare Health Services-Laureldale; Manor Care of Laureldale, PA; HCR ManorCare, LLC; ManorCare Health Services, Inc.; Manor Care, Inc.; HCR ManorCare, Inc.; HCR IV Healthcare, LLC; HCR III Healthcare, LLC; HCR II Healthcare, LLC; HCR Healthcare, LLC; HCRMC Operations, LLC; HCR ManorCare Operations II, LLC; Heartland Employment Services, LLC; HCR Manor Care Services, LLC and ProMedica Health Systems, Inc.*

| | |
|---|---|
| **BETTY WENRICH, as Administrator of the Estate of CORA SCHNEIDER, deceased**<br><br>*Plaintiff,*<br><br>vs.<br><br>**MANOR CARE of LAURLEDALE, PA, LLC d/b/a MANORCARE HEALTH SERVICES-LAURELDALE; MANOR CARE of LAURELDALE, PA; HCR MANORCARE, LLC; MANORCARE Health SERVICES, INC.; MANOR CARE, INC.; HCR MANORCARE, INC.; HCR IV HEALTHCARE, LLC; HCR III HEALTHCARE, LLC; HCR II HEALTHCARE, LLC; HCR HEALTHCARE, LLC; HCRMC OPERATIONS, LLC; HCR MANORCARE OPERATIONS II, LLC; HEARTLAND EMPLOYMENT SERVICES, LLC; HCR MANOR CARE SERVICES, LLC and PROMEDICA HEALTH SYSTEMS, INC.,**<br>*Defendants.* | IN THE COURT OF COMMON PLEAS OF BERKS COUNTY, PENNSYLVANIA<br><br>NO. 20-15883 |

## PRAECIPE FOR ENTRY OF APPEARANCE

TO THE PROTHONOTARY/CLERK OF SAID COURT:

Please enter the appearance of **Eric B. Horst, Esquire** on behalf of the Defendants

named as Manor Care of Laureldale, PA, LLC d/b/a ManorCare Health Services-Laureldale;

Received County of Berks Prothonotary's Office on 10/22/2020 9:22 AM Prothonotary Docket No. 20-15883

Manor Care of Laureldale, PA; HCR ManorCare, LLC; ManorCare Health Services, Inc.; Manor Care, Inc.; HCR ManorCare, Inc.; HCR IV Healthcare, LLC; HCR III Healthcare, LLC; HCR II Healthcare, LLC; HCR Healthcare, LLC; HCRMC Operations, LLC; HCR ManorCare Operations II, LLC; Heartland Employment Services, LLC; HCR Manor Care Services, LLC and ProMedica Health Systems, Inc.*, in the above-referenced case.

Papers, other than original process, may be served at the address set forth above.

BUCHANAN INGERSOLL & ROONEY PC

**October 21, 2020**

_/s/ Eric B. Horst_
Eric B. Horst, Esquire
Attorney Identification Number: 320972

Received County of Berks Prothonotary's Office on 10/22/2020 9:22 AM Prothonotary Docket No. 20-15883

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by <u>Defendants</u>:
*Manor Care of Laureldale, PA, LLC d/b/a ManorCare Health Services-Laureldale; Manor Care of Laureldale, PA; HCR ManorCare, LLC; ManorCare Health Services, Inc.; Manor Care, Inc.; HCR ManorCare, Inc.; HCR IV Healthcare, LLC; HCR III Healthcare, LLC; HCR II Healthcare, LLC; HCR Healthcare, LLC; HCRMC Operations, LLC; HCR ManorCare Operations II, LLC; Heartland Employment Services, LLC; HCR Manor Care Services, LLC and ProMedica Health Systems, Inc.*

Signature: */s/ Eric B. Horst*
Name: Eric B. Horst, Esquire
Attorney No. (if applicable):  320972

Received County of Berks Prothonotary's Office on 10/22/2020 9:22 AM Prothonotary Docket No. 20-15883

## CERTIFICATE OF SERVICE

I, Eric B. Horst, Esquire, hereby certify that a true and correct copy of the Entries of Appearance on behalf of Defendants, Manor Care of Laureldale, PA, LLC d/b/a ManorCare Health Services-Laureldale; Manor Care of Laureldale, PA; HCR ManorCare, LLC; ManorCare Health Services, Inc.; Manor Care, Inc.; HCR ManorCare, Inc.; HCR IV Healthcare, LLC; HCR III Healthcare, LLC; HCR II Healthcare, LLC; HCR Healthcare, LLC; HCRMC Operations, LLC; HCR ManorCare Operations II, LLC; Heartland Employment Services, LLC; HCR Manor Care Services, LLC and ProMedica Health Systems, Inc., in the above-referenced case, was served upon the following via electronic mail:

Denine Marie Moscariello, Esquire
Rosenbaum & Associates, PC
1818 Market Street Suite 320
Philadelphia, PA  19103
***Attorney for Plaintiffs***

BUCHANAN INGERSOLL & ROONEY PC

October 21, 2020

By: */s/ Eric b. Horst*
Eric B. Horst, Esquire
*Manor Care of Laureldale, PA, LLC d/b/a ManorCare Health Services-Laureldale; Manor Care of Laureldale, PA; HCR ManorCare, LLC; ManorCare Health Services, Inc.; Manor Care, Inc.; HCR ManorCare, Inc.; HCR IV Healthcare, LLC; HCR III Healthcare, LLC; HCR II Healthcare, LLC; HCR Healthcare, LLC; HCRMC Operations, LLC; HCR ManorCare Operations II, LLC; Heartland Employment Services, LLC; HCR Manor Care Services, LLC and ProMedica Health Systems, Inc.*

Received County of Berks Prothonotary's Office on 10/22/2020 9:19 AM Prothonotary Docket No. 20-15883

BUCHANAN INGERSOLL & ROONEY PC
By: Matthew T. Corso, Esquire
Attorney Identification Number: 73447
Eric B. Horst, Esquire
Attorney Identification Number: 320972
Natalie M. Brennan, Esquire
Attorney Identification Number: 328285
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
215-665-8700
215-665-8760 (Facsimile)

*Attorneys for Defendants Manor Care of Laureldale, PA, LLC d/b/a ManorCare Health Services-Laureldale; Manor Care of Laureldale, PA; HCR ManorCare, LLC; ManorCare Health Services, Inc.; Manor Care, Inc.; HCR ManorCare, Inc.; HCR IV Healthcare, LLC; HCR III Healthcare, LLC; HCR II Healthcare, LLC; HCR Healthcare, LLC; HCRMC Operations, LLC; HCR ManorCare Operations II, LLC; Heartland Employment Services, LLC; HCR Manor Care Services, LLC and ProMedica Health Systems, Inc.*

| | |
|---|---|
| **BETTY WENRICH, as Administrator of the Estate of CORA SCHNEIDER, deceased** | IN THE COURT OF COMMON PLEAS OF BERKS COUNTY, PENNSYLVANIA |
| *Plaintiff,* | NO. 20-15883 |
| vs. | |
| **MANOR CARE of LAURLEDALE, PA, LLC d/b/a MANORCARE HEALTH SERVICES-LAURELDALE; MANOR CARE of LAURELDALE, PA; HCR MANORCARE, LLC; MANORCARE Health SERVICES, INC.; MANOR CARE, INC.; HCR MANORCARE, INC.; HCR IV HEALTHCARE, LLC; HCR III HEALTHCARE, LLC; HCR II HEALTHCARE, LLC; HCR HEALTHCARE, LLC; HCRMC OPERATIONS, LLC; HCR MANORCARE OPERATIONS II, LLC; HEARTLAND EMPLOYMENT SERVICES, LLC; HCR MANOR CARE SERVICES, LLC and PROMEDICA HEALTH SYSTEMS, INC.,** *Defendants.* | |

## <u>PRAECIPE FOR ENTRY OF APPEARANCE</u>

TO THE PROTHONOTARY/CLERK OF SAID COURT:

Please enter the appearance of **Matthew T Corso, Esquire** on behalf of the Defendants

named as Manor Care of Laureldale, PA, LLC d/b/a ManorCare Health Services-Laureldale;

Received County of Berks Prothonotary's Office on 10/22/2020 9:19 AM Prothonotary Docket No. 20-15883

Manor Care of Laureldale, PA; HCR ManorCare, LLC; ManorCare Health Services, Inc.; Manor

Care, Inc.; HCR ManorCare, Inc.; HCR IV Healthcare, LLC; HCR III Healthcare, LLC; HCR II

Healthcare, LLC; HCR Healthcare, LLC; HCRMC Operations, LLC; HCR ManorCare

Operations II, LLC; Heartland Employment Services, LLC; HCR Manor Care Services, LLC and

ProMedica Health Systems, Inc.*,* in the above-referenced case.

   Papers, other than original process, may be served at the address set forth above.

          BUCHANAN INGERSOLL & ROONEY PC

**October 21, 2020**

          */s/ Matthew T. Corso*
          Matthew T. Corso, Esquire
          Attorney Identification Number: 73447

Received County of Berks Prothonotary's Office on 10/22/2020 9:19 AM Prothonotary Docket No. 20-15883

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by <u>Defendants:</u>
*Manor Care of Laureldale, PA, LLC d/b/a ManorCare Health Services-Laureldale; Manor Care of Laureldale, PA; HCR ManorCare, LLC; ManorCare Health Services, Inc.; Manor Care, Inc.; HCR ManorCare, Inc.; HCR IV Healthcare, LLC; HCR III Healthcare, LLC; HCR II Healthcare, LLC; HCR Healthcare, LLC; HCRMC Operations, LLC; HCR ManorCare Operations II, LLC; Heartland Employment Services, LLC; HCR Manor Care Services, LLC and ProMedica Health Systems, Inc.*

Signature: <u>*/s/ Matthew T. Corso*</u>
Name: Matthew T. Corso, Esquire
Attorney No. (if applicable):  73447

Received County of Berks Prothonotary's Office on 10/22/2020 9:19 AM Prothonotary Docket No. 20-15883

## CERTIFICATE OF SERVICE

I, Matthew T. Corso, Esquire, hereby certify that a true and correct copy of the Entries of Appearance on behalf of Defendants, Manor Care of Laureldale, PA, LLC d/b/a ManorCare Health Services-Laureldale; Manor Care of Laureldale, PA; HCR ManorCare, LLC; ManorCare Health Services, Inc.; Manor Care, Inc.; HCR ManorCare, Inc.; HCR IV Healthcare, LLC; HCR III Healthcare, LLC; HCR II Healthcare, LLC; HCR Healthcare, LLC; HCRMC Operations, LLC; HCR ManorCare Operations II, LLC; Heartland Employment Services, LLC; HCR Manor Care Services, LLC and ProMedica Health Systems, Inc., in the above-referenced case, was served upon the following via electronic mail:

Denine Marie Moscariello, Esquire
Rosenbaum & Associates, PC
1818 Market Street Suite 320
Philadelphia, PA  19103
***Attorney for Plaintiffs***

BUCHANAN INGERSOLL & ROONEY PC

**October 21, 2020**

By: */s/ Matthew T. Corso*
Matthew T. Corso, Esquire
*Manor Care of Laureldale, PA, LLC d/b/a ManorCare Health Services-Laureldale; Manor Care of Laureldale, PA; HCR ManorCare, LLC; ManorCare Health Services, Inc.; Manor Care, Inc.; HCR ManorCare, Inc.; HCR IV Healthcare, LLC; HCR III Healthcare, LLC; HCR II Healthcare, LLC; HCR Healthcare, LLC; HCRMC Operations, LLC; HCR ManorCare Operations II, LLC; Heartland Employment Services, LLC; HCR Manor Care Services, LLC and ProMedica Health Systems, Inc.*

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103                          ATTORNEY FOR PLAINTIFF(S)
(215)569-0200

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the | : | BERKS COUNTY |
| Estate of CORA SCHNEIDER, Deceased | : | COURT OF COMMON PLEAS |
| 1031 Barberry Avenue | : | |
| Reading, PA 19605 | : | NO. 20-15883 |
| | : | |
| v. | : | |
| | : | |
| MANOR CARE OF LAURELDALE PA LLC | : | |
| d/b/a MANORCARE HEALTH SERVICES – | : | |
| LAURELDALE; | : | |
| MANOR CARE OF LAURELDALE PA; | : | |
| HCR MANORCARE, LLC; | : | |
| MANORCARE HEALTH SERVICES, INC.; | : | |
| MANOR CARE, INC.; | : | |
| HCR MANORCARE, INC.; | : | |
| HCR IV HEALTHCARE, LLC; | : | |
| HCR III HEALTHCARE, LLC; | : | |
| HCR II HEALTHCARE, LLC; | : | |
| HCR HEALTHCARE, LLC; | : | |
| HCRMC OPERATIONS, LLC; | : | |
| HCR MANORCARE OPERATIONS II, LLC; | : | |
| HEARTLAND EMPLOYMENT | : | |
| SERVICES, LLC; | : | |
| HCR MANOR CARE SERVICES, LLC; and | : | |
| PROMEDICA HEALTH SYSTEM, INC. | : | |

### AFFIDAVIT OF SERVICE

I, DENINE MARIE MOSCARIELLO, ESQUIRE, being properly sworn according to law, hereby

depose and say that on September 23, 2020, I forwarded to HCR II Healthcare, LLC a true and correct copy

of Summons at their place of business being 333 N. Summit Street, Toledo, OH 43604 by United States

Mail, Certified Mail, Return Receipt Requested No. 7012 1010 0002 8848 1285. A true and correct copy

of said letter and original Certified Receipt is attached hereto.

Date: _10/29/20_                          _____
                                          DENINE MARIE MOSCARIELLO, ESQUIRE

Sworn to and subscribed
before me this 29 day
of _October_, 2020.
_____
NOTARY PUBLIC

```
Commonwealth of Pennsylvania - Notary Seal
THERESA A. ROLA, Notary Public
Philadelphia County
My Commission Expires January 10, 2022
Commission Number 1140076
```

Received County of Berks Prothonotary's Office on 10/30/2020 11:18 AM Prothonotary Docket No. 20-15883

**ROSENBAUM & ASSOCIATES, P.C.**

ATTORNEYS AT LAW
1818 MARKET STREET
SUITE 3200
PHILADELPHIA, PA. 19103-3611

(215) 569-0200
FAX (215) 569-6099

dmoscariello@rosenbaumfirm.com
215-569-0200 Ext. 129
267-930-7232 (fax)

September 23, 2020

HCR II Healthcare, LLC.
333 N. Summit Street
Toledo, OH 43604

RE:   *Betty Wenrich, Administratrix of the Estate of Cora Schneider, Deceased vs. Manor Care of Laureldale PA LLC d/b/a Manorcare Health Services-Laureldale, et. al.*
*Berks County Court of Common Pleas; No. 20-15883*
*Our File No.: 44022*

Dear Sir/Madam:

Enclosed please find a true and correct copy of a Summons in regard to the above matter. The original of this document was filed in the Court of Common Pleas of Berks County on September 17, 2020.

Please note the endorsement thereon wherein you are notified to plead thereto within twenty (20) days of service or judgment may be entered against you.

Very truly yours,

/s/ *Denine Marie Moscariello*

DENINE MARIE MOSCARIELLO, ESQUIRE



Received County of Berks Prothonotary's Office on 10/30/2020 11:18 AM Prothonotary Docket No. 20-15883

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

HCR II Healthcare
333 N. Summit St
Toledo OH 43604

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☑ Agent ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
09-29-20

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☑ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)
7012 1010 0002 8449 1285

PS Form ____ :004   Domestic Return Receipt   102595-0

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103                                    ATTORNEY FOR PLAINTIFF(S)
(215)569-0200

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the | : | BERKS COUNTY |
| Estate of CORA SCHNEIDER, Deceased | : | COURT OF COMMON PLEAS |
| 1031 Barberry Avenue | : | |
| Reading, PA 19605 | : | NO. 20-15883 |
| | : | |
| v. | : | |
| MANOR CARE OF LAURELDALE PA LLC | : | |
| d/b/a MANORCARE HEALTH SERVICES – | : | |
| LAURELDALE; | : | |
| MANOR CARE OF LAURELDALE PA; | : | |
| HCR MANORCARE, LLC; | : | |
| MANORCARE HEALTH SERVICES, INC.; | : | |
| MANOR CARE, INC.; | : | |
| HCR MANORCARE, INC.; | : | |
| HCR IV HEALTHCARE, LLC; | : | |
| HCR III HEALTHCARE, LLC; | : | |
| HCR II HEALTHCARE, LLC; | : | |
| HCR HEALTHCARE, LLC; | : | |
| HCRMC OPERATIONS, LLC; | : | |
| HCR MANORCARE OPERATIONS II, LLC; | : | |
| HEARTLAND EMPLOYMENT | : | |
| SERVICES, LLC; | : | |
| HCR MANOR CARE SERVICES, LLC; and | : | |
| PROMEDICA HEALTH SYSTEM, INC. | : | |

### AFFIDAVIT OF SERVICE

I, DENINE MARIE MOSCARIELLO, ESQUIRE, being properly sworn according to law, hereby

depose and say that on September 23, 2020, I forwarded to HEARTLAND EMPLOYMENT SERVICES,

LLC a true and correct copy of Summons at their place of business being, 333 N. Summit Street, Toledo,

OH 43604  by United States Mail, Certified Mail, Return Receipt Requested No. 7012 1010 0002 8848

1322. A true and correct copy of said letter and original Certified Receipt is attached hereto.

Date: 10/29/20                                                    _____
                                                                 DENINE MARIE MOSCARIELLO, ESQUIRE

Sworn to and subscribed
before me this 29 day
of October, 2020.
_____
NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
THERESA A. ROLA, Notary Public
Philadelphia County
My Commission Expires January 10, 2022
Commission Number 1140076

# ROSENBAUM & ASSOCIATES, P.C.

ATTORNEYS AT LAW
1818 MARKET STREET
SUITE 3200
PHILADELPHIA, PA. 19103-3611

(215) 569-0200
FAX (215) 569-6099

dmoscariello@rosenbaumfirm.com
215-569-0200 Ext. 129
267-930-7232 (fax)

September 23, 2020

HEARTLAND EMPLOYMENT SERVICES, LLC
333 N. Summit Street
Toledo, OH 43604

**RE:     _Betty Wenrich, Administratrix of the Estate of Cora Schneider, Deceased vs. Manor Care of Laureldale PA LLC d/b/a Manorcare Health Services-Laureldale, et. al. Berks County Court of Common Pleas; No. 20-15883_
Our File No.: 44022**

Dear Sir/Madam:

Enclosed please find a true and correct copy of a Summons in regard to the above matter. The original of this document was filed in the Court of Common Pleas of Berks County on September 17, 2020.

Please note the endorsement thereon wherein you are notified to plead thereto within twenty (20) days of service or judgment may be entered against you.

Very truly yours,

/s/ _Denine Marie Moscariello_

DENINE MARIE MOSCARIELLO, ESQUIRE

Received County of Berks Prothonotary's Office on 10/30/2020 11:15 AM Prothonotary Docket No. 20-15883

Received County of Berks Prothonotary's Office on 10/30/2020 11:15 AM Prothonotary Docket No. 20-15883

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Heartland
Employment Services
333 N. Summit St.
Toledo, OH 43604

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☑ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery
07-29-20

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7012 1010 0002 8848 1322

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103                                    ATTORNEY FOR PLAINTIFF(S)
(215)569-0200

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the<br>Estate of CORA SCHNEIDER, Deceased<br>1031 Barberry Avenue<br>Reading, PA 19605 | : | BERKS COUNTY<br>COURT OF COMMON PLEAS<br><br>NO. 20-15883 |
| v.<br>MANOR CARE OF LAURELDALE PA LLC<br>d/b/a MANORCARE HEALTH SERVICES -<br>LAURELDALE<br>MANOR CARE OF LAURELDALE PA;<br>HCR MANORCARE, LLC;<br>MANORCARE HEALTH SERVICES, INC.;<br>MANOR CARE, INC.;<br>HCR MANORCARE, INC.;<br>HCR IV HEALTHCARE, LLC;<br>HCR III HEALTHCARE, LLC;<br>HCR II HEALTHCARE, LLC;<br>HCR HEALTHCARE, LLC;<br>HCRMC OPERATIONS, LLC;<br>HCR MANORCARE OPERATIONS II, LLC;<br>HEARTLAND EMPLOYMENT<br>SERVICES, LLC;<br>HCR MANOR CARE SERVICES, LLC; and<br>PROMEDICA HEALTH SYSTEM, INC. | : | |

## AFFIDAVIT OF SERVICE

I, DENINE MARIE MOSCARIELLO, ESQUIRE, being properly sworn according to law, hereby

depose and say that on September 23, 2020, I forwarded to HCR IV HEALTHCARE, LLC a true and

correct copy of Summons at their place of business being, 333 N. Summit Street, Toledo, OH 43604  by

United States Mail, Certified Mail, Return Receipt Requested No. 7012 1010 0002 8848 1261.  A true and

correct copy of said letter and original Certified Receipt is attached hereto.

Date: 10/29/20

_____
DENINE MARIE MOSCARIELLO, ESQUIRE

Sworn to and subscribed
before me this 29 day
of October, 2020.

_____
NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
THERESA A. ROLA, Notary Public
Philadelphia County
My Commission Expires January 10, 2022
Commission Number 1140076

Received County of Berks Prothonotary's Office on 10/30/2020 11:08 AM Prothonotary Docket No. 20-15883

# ROSENBAUM & ASSOCIATES, P.C.

**ATTORNEYS AT LAW**
**1818 MARKET STREET**
**SUITE 3200**
**PHILADELPHIA, PA. 19103-3611**

---

(215) 569-0200
FAX (215) 569-6099

dmoscariello@rosenbaumfirm.com
215-569-0200 Ext. 129
267-930-7232 (fax)

September 23, 2020

HCR IV Healthcare, LLC.
333 N. Summit Street
Toledo, OH 43604

> **RE:** *Betty Wenrich, Administratrix of the Estate of Cora Schneider, Deceased vs. Manor Care of Laureldale PA LLC d/b/a Manorcare Health Services-Laureldale, et. al. Berks County Court of Common Pleas; No. 20-15883*
> *Our File No.: 44022*

Dear Sir/Madam:

Enclosed please find a true and correct copy of a Summons in regard to the above matter. The original of this document was filed in the Court of Common Pleas of Berks County on September 17, 2020.

Please note the endorsement thereon wherein you are notified to plead thereto within twenty (20) days of service or judgment may be entered against you.

Very truly yours,

/s/ *Denine Marie Moscariello*

DENINE MARIE MOSCARIELLO, ESQUIRE



*Received County of Berks Prothonotary's Office on 10/30/2020 11:08 AM Prothonotary Docket No. 20-15883*

Received County of Berks Prothonotary's Office on 10/30/2020 11:08 AM Prothonotary Docket No. 20-15883

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

HCR IV Healthcare LLC
333 W. Summit St.
Toledo, OH 43604

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☑ Agent / ☐ Addressee

B. Received by ( Printed Name) | C. Date of Delivery
09-29-20

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7012 1010 0002 8848 1261

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103                                    ATTORNEY FOR PLAINTIFF(S)
(215)569-0200

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the | : | BERKS COUNTY |
| Estate of CORA SCHNEIDER, Deceased | : | COURT OF COMMON PLEAS |
| 1031 Barberry Avenue | : | |
| Reading, PA 19605 | : | NO. 20-15883 |
| | : | |
| v. | : | |
| MANOR CARE OF LAURELDALE PA LLC | : | |
| d/b/a MANORCARE HEALTH SERVICES - | : | |
| LAURELDALE; | : | |
| MANOR CARE OF LAURELDALE PA; | : | |
| HCR MANORCARE, LLC; | : | |
| MANORCARE HEALTH SERVICES, INC.; | : | |
| MANOR CARE, INC.; | : | |
| HCR MANORCARE, INC.; | : | |
| HCR IV HEALTHCARE, LLC; | : | |
| HCR III HEALTHCARE, LLC; | : | |
| HCR II HEALTHCARE, LLC; | : | |
| HCR HEALTHCARE, LLC; | : | |
| HCRMC OPERATIONS, LLC; | : | |
| HCR MANORCARE OPERATIONS II, LLC; | : | |
| HEARTLAND EMPLOYMENT | : | |
| SERVICES, LLC; | : | |
| HCR MANOR CARE SERVICES, LLC; and | : | |
| PROMEDICA HEALTH SYSTEM, INC. | : | |

Received County of Berks Prothonotary's Office on 10/30/2020 11:10 AM Prothonotary Docket No. 20-15883

### AFFIDAVIT OF SERVICE

I, DENINE MARIE MOSCARIELLO, ESQUIRE, being properly sworn according to law, hereby depose and say that on September 23, 2020, I forwarded to MANOR CARE, INC. a true and correct copy of Summons at their place of business being, 333 N. Summit Street, Toledo, OH 43604 by United States Mail, Certified Mail, Return Receipt Requested No. 7012 1010 0002 8848 1254. A true and correct copy of said letter and original Certified Receipt is attached hereto.

Date: 10/29/30

_____
DENINE MARIE MOSCARIELLO, ESQUIRE

Sworn to and subscribed
before me this 29 day
of October, 2020.

_____
NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
THERESA A. ROLA, Notary Public
Philadelphia County
My Commission Expires January 10, 2022
Commission Number 1140076

# ROSENBAUM & ASSOCIATES, P.C.

ATTORNEYS AT LAW
1818 MARKET STREET
SUITE 3200
PHILADELPHIA, PA. 19103-3611

(215) 569-0200
FAX (215) 569-6099

dmoscariello@rosenbaumfirm.com
215-569-0200 Ext. 129
267-930-7232 (fax)

September 23, 2020

Manor Care, Inc.
333 N. Summit Street
Toledo, OH 43604

**RE:**    ***Betty Wenrich, Administratrix of the Estate of Cora Schneider, Deceased vs. Manor Care of Laureldale PA LLC d/b/a Manorcare Health Services-Laureldale, et. al.***
***Berks County Court of Common Pleas; No. 20-15883***
***Our File No.: 44022***

Dear Sir/Madam:

Enclosed please find a true and correct copy of a Summons in regard to the above matter. The original of this document was filed in the Court of Common Pleas of Berks County on September 17, 2020.

Please note the endorsement thereon wherein you are notified to plead thereto within twenty (20) days of service or judgment may be entered against you.

Very truly yours,

/s/ *Denine Marie Moscariello*

DENINE MARIE MOSCARIELLO, ESQUIRE

dmoscariello@rosenbaumfirm.com

Received County of Berks Prothonotary's Office on 10/30/2020 11:10 AM Prothonotary Docket No. 20-15883

7012 1010 0002 8848 1254

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com®

Postage  $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees  $

Sent To  Manor Care, Inc.

Street, Apt. No.;
or PO Box No.  333

City, State, ZIP+4

Postmark
Here

OFFICIAL USE

Received County of Berks Prothonotary's Office on 10/30/2020 11:10 AM Prothonotary Docket No. 20-15883

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☑ Agent ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
09-29-20

1. Article Addressed to:

Manor Care, Inc.
333 N. Summit St.
Toledo, OH 43604

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☑ Return Receipt for Merchandise
☐ Insured Mail    ☑ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7012 1010 0002 8848 1254

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103                          ATTORNEY FOR PLAINTIFF(S)
(215)569-0200

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the | : | BERKS COUNTY |
| Estate of CORA SCHNEIDER, Deceased | : | COURT OF COMMON PLEAS |
| 1031 Barberry Avenue | : | |
| Reading, PA 19605 | : | NO. 20-15883 |
| | : | |
| v. | : | |
| MANOR CARE OF LAURELDALE PA LLC | : | |
| d/b/a MANORCARE HEALTH SERVICES – | : | |
| LAURELDALE; | : | |
| MANOR CARE OF LAURELDALE PA; | : | |
| HCR MANORCARE, LLC; | : | |
| MANORCARE HEALTH SERVICES, INC.; | : | |
| MANOR CARE, INC.; | : | |
| HCR MANORCARE, INC.; | : | |
| HCR IV HEALTHCARE, LLC; | : | |
| HCR III HEALTHCARE, LLC; | : | |
| HCR II HEALTHCARE, LLC; | : | |
| HCR HEALTHCARE, LLC; | : | |
| HCRMC OPERATIONS, LLC; | : | |
| HCR MANORCARE OPERATIONS II, LLC; | : | |
| HEARTLAND EMPLOYMENT | : | |
| SERVICES, LLC; | : | |
| HCR MANOR CARE SERVICES, LLC; and | : | |
| PROMEDICA HEALTH SYSTEM, INC. | : | |

## AFFIDAVIT OF SERVICE

I, DENINE MARIE MOSCARIELLO, ESQUIRE, being properly sworn according to law, hereby

depose and say that on September 23, 2020, I forwarded to HCR ManorCare, LLC a true and correct copy

of Summons at their place of business being 333 N. Summit Street, Toledo, OH 43604  by United States

Mail, Certified Mail, Return Receipt Requested No. 7012 1010 0002 8848 1230.  A true and correct copy

of said letter and original Certified Receipt is attached hereto.

Date: 10/29/20                                      _____
                                                    DENINE MARIE MOSCARIELLO, ESQUIRE

Sworn to and subscribed
before me this 29 day
of October, 2020
_____
NOTARY PUBLIC

Commonwealth of Pennsylvania   Notary Seal
THERESA A. ROLA, Notary Public
Philadelphia County
My Commission Expires January 10, 2022
Commission Number 1146076

Received County of Berks Prothonotary's Office on 10/30/2020 11:17 AM Prothonotary Docket No. 20-15883

# ROSENBAUM & ASSOCIATES, P.C.

### ATTORNEYS AT LAW
1818 MARKET STREET
SUITE 3200
PHILADELPHIA, PA. 19103-3611

(215) 569-0200
FAX (215) 569-6099

dmoscariello@rosenbaumfirm.com
215-569-0200 Ext. 129
267-930-7232 (fax)

September 23, 2020

HCR ManorCare, LLC
333 N. Summit Street
Toledo, OH 43604

RE:   *Betty Wenrich, Administratrix of the Estate of Cora Schneider, Deceased vs. Manor Care of Laureldale PA LLC d/b/a Manorcare Health Services-Laureldale, et. al. Berks County Court of Common Pleas; No. 20-15883 Our File No.: 44022*

Dear Sir/Madam:

Enclosed please find a true and correct copy of a Summons in regard to the above matter. The original of this document was filed in the Court of Common Pleas of Berks County on September 17, 2020.

Please note the endorsement thereon wherein you are notified to plead thereto within twenty (20) days of service or judgment may be entered against you.

Very truly yours,

/s/ *Denine Marie Moscariello*

DENINE MARIE MOSCARIELLO, ESQUIRE

Received County of Berks Prothonotary's Office on 10/30/2020 11:17 AM Prothonotary Docket No. 20-15883

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

HCR Manor Care CCC
333 N. Summit St
Toledo, OH 43604

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☒ Agent
                    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                 09-29-20

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service label)    7012 1010 0002 8848 1230

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103                          ATTORNEY FOR PLAINTIFF(S)
(215)569-0200

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the | : | BERKS COUNTY |
| Estate of CORA SCHNEIDER, Deceased | : | COURT OF COMMON PLEAS |
| 1031 Barberry Avenue | : | |
| Reading, PA 19605 | : | NO. 20-15883 |
| | : | |
| v. | : | |
| MANOR CARE OF LAURELDALE PA LLC | : | |
| d/b/a MANORCARE HEALTH SERVICES – | : | |
| LAURELDALE; | : | |
| MANOR CARE OF LAURELDALE PA; | : | |
| HCR MANORCARE, LLC; | : | |
| MANORCARE HEALTH SERVICES, INC.; | : | |
| MANOR CARE, INC.; | : | |
| HCR MANORCARE, INC.; | : | |
| HCR IV HEALTHCARE, LLC; | : | |
| HCR III HEALTHCARE, LLC; | : | |
| HCR II HEALTHCARE, LLC; | : | |
| HCR HEALTHCARE, LLC; | : | |
| HCRMC OPERATIONS, LLC; | : | |
| HCR MANORCARE OPERATIONS II, LLC; | : | |
| HEARTLAND EMPLOYMENT | : | |
| SERVICES, LLC; | : | |
| HCR MANOR CARE SERVICES, LLC; and | : | |
| PROMEDICA HEALTH SYSTEM, INC. | : | |

## AFFIDAVIT OF SERVICE

I, DENINE MARIE MOSCARIELLO, ESQUIRE, being properly sworn according to law, hereby

depose and say that on September 23, 2020, I forwarded to HCR Healthcare, LLC a true and correct copy

of Summons at their place of business being 333 N. Summit Street, Toledo, OH 43604  by United States

Mail, Certified Mail, Return Receipt Requested No. 7012 1010 0002 8848 1292.  A true and correct copy

of said letter and original Certified Receipt is attached hereto.

Date: _10/29/20_

_____
DENINE MARIE MOSCARIELLO, ESQUIRE

Sworn to and subscribed
before me this 29 day
of _October_, 2020.

_____
NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
THERESA A. ROLA, Notary Public
Philadelphia County
My Commission Expires January 10, 2022
Commission Number 1140076

Received County of Berks Prothonotary's Office on 10/30/2020 11:15 AM Prothonotary Docket No. 20-15883

# ROSENBAUM & ASSOCIATES, P.C.

ATTORNEYS AT LAW
1818 MARKET STREET
SUITE 3200
PHILADELPHIA, PA. 19103-3611

———

(215) 569-0200
FAX (215) 569-6099

dmoscariello@rosenbaumfirm.com
215-569-0200 Ext. 129
267-930-7232 (fax)

September 23, 2020

HCR Healthcare, LLC.
333 N. Summit Street
Toledo, OH 43604

**RE:**    *Betty Wenrich, Administratrix of the Estate of Cora Schneider, Deceased vs. Manor*
*Care of Laureldale PA LLC d/b/a Manorcare Health Services-Laureldale, et. al.*
*Berks County Court of Common Pleas; No. 20-15883*
*Our File No.: 44022*

Dear Sir/Madam:

Enclosed please find a true and correct copy of a Summons in regard to the above matter.
The original of this document was filed in the Court of Common Pleas of Berks County on
September 17, 2020.

Please note the endorsement thereon wherein you are notified to plead thereto within twenty
(20) days of service or judgment may be entered against you.

Very truly yours,

/s/ *Denine Marie Moscariello*

DENINE MARIE MOSCARIELLO, ESQUIRE

Received County of Berks Prothonotary's Office on 10/30/2020 11:15 AM Prothonotary Docket No. 20-15883

7012 1010 0002 8848 1292

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees $

Postmark
Here

Sent To
Street, Apt. No.;
or PO Box No.

HCR Healthcare LLC
333 N.

Received County of Berks Prothonotary's Office on 10/30/2020 11:15 AM Prothonotary Docket No. 20-15883

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Hck Healthcare LLC
333 N. Summit St.
Toledo, OH 43604

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☑ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
07-29-20

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail   ☑ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7012 1010 0002 8848 1292

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

ROSENBAUM & ASSOCIATES, P.C.
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103                    ATTORNEY FOR PLAINTIFF(S)
(215)569-0200

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the | : | BERKS COUNTY |
| Estate of CORA SCHNEIDER, Deceased | : | COURT OF COMMON PLEAS |
| 1031 Barberry Avenue | : | |
| Reading, PA 19605 | : | NO. 20-15883 |
| | : | |
| v. | : | |
| MANOR CARE OF LAURELDALE PA LLC | : | |
| d/b/a MANORCARE HEALTH SERVICES - | : | |
| LAURELDALE | : | |
| MANOR CARE OF LAURELDALE PA; | : | |
| HCR MANORCARE, LLC; | : | |
| MANORCARE HEALTH SERVICES, INC.; | : | |
| MANOR CARE, INC.; | : | |
| HCR MANORCARE, INC.; | : | |
| HCR IV HEALTHCARE, LLC; | : | |
| HCR III HEALTHCARE, LLC; | : | |
| HCR II HEALTHCARE, LLC; | : | |
| HCR HEALTHCARE, LLC; | : | |
| HCRMC OPERATIONS, LLC; | : | |
| HCR MANORCARE OPERATIONS II, LLC; | : | |
| HEARTLAND EMPLOYMENT | : | |
| SERVICES, LLC; | : | |
| HCR MANOR CARE SERVICES, LLC; and | : | |
| PROMEDICA HEALTH SYSTEM, INC. | : | |

## AFFIDAVIT OF SERVICE

I, DENINE MARIE MOSCARIELLO, ESQUIRE, being properly sworn according to law, hereby

depose and say that on September 23, 2020, I forwarded to MANOR CARE OF LAURELDALE PA a true

and correct copy of Summons at their place of business being, 333 N. Summit Street, Toledo, OH 43604

by United States Mail, Certified Mail, Return Receipt Requested No. 7012 1010 0002 8848 1223.  A true

and correct copy of said letter and original Certified Receipt is attached hereto.

Date: _10/29/20_                              _____
                                               DENINE MARIE MOSCARIELLO, ESQUIRE

Sworn to and subscribed
before me this _29_ day
of _October_, 2020.
_Theresa A. Rola_
NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
THERESA A. ROLA, Notary Public
Philadelphia County
My Commission Expires January 10, 2022
Commission Number 1140076

Received County of Berks Prothonotary's Office on 11/02/2020 7:27 AM Prothonotary Docket No. 20-15883

# ROSENBAUM & ASSOCIATES, P.C.

ATTORNEYS AT LAW
1818 MARKET STREET
SUITE 3200
PHILADELPHIA, PA. 19103-3611

(215) 569-0200
FAX (215) 569-6099

dmoscariello@rosenbaumfirm.com
215-569-0200 Ext. 129
267-930-7232 (fax)

September 23, 2020

Manor Care of Laureldale PA
333 N. Summit Street
Toledo, OH 43604

**RE:** *Betty Wenrich, Administratrix of the Estate of Cora Schneider, Deceased vs. Manor Care of Laureldale PA LLC d/b/a Manorcare Health Services-Laureldale, et. al.*
*Berks County Court of Common Pleas; No. 20-15883*
*Our File No.: 44022*

Dear Sir/Madam:

Enclosed please find a true and correct copy of a Summons in regard to the above matter. The original of this document was filed in the Court of Common Pleas of Berks County on September 17, 2020.

Please note the endorsement thereon wherein you are notified to plead thereto within twenty (20) days of service or judgment may be entered against you.

Very truly yours,

/s/ *Denine Marie Moscariello*

DENINE MARIE MOSCARIELLO, ESQUIRE

<div style="writing-mode: vertical-lr">Received County of Berks Prothonotary's Office on 11/02/2020 7:27 AM Prothonotary Docket No. 20-15883</div>



7012 1010 0002 8848 1223

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees $
Sent To
Street, Apt. No.; or PO Box No.

Received County of Berks Prothonotary's Office on 11/02/2020 7:27 AM Prothonotary Docket No. 20-15883

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
09-29-20

1. Article Addressed to:

Manor Care of
Laureldale. Pa
3333 N. Summit St
Toledo, OH 43611

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7012 1010 0002 8848 1223

PS Form **3811**, February 2004    Domestic Return Receipt    102595-02-M-1540

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103
(215)569-0200                                          ATTORNEY FOR PLAINTIFF(S)

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the<br>Estate of CORA SCHNEIDER, Deceased<br>1031 Barberry Avenue<br>Reading, PA 19605 | : | BERKS COUNTY<br>COURT OF COMMON PLEAS<br><br>NO. 20-15883 |
| v. | : | |
| MANOR CARE OF LAURELDALE PA LLC<br>d/b/a MANORCARE HEALTH SERVICES –<br>LAURELDALE;<br>MANOR CARE OF LAURELDALE PA;<br>HCR MANORCARE, LLC;<br>MANORCARE HEALTH SERVICES, INC.;<br>MANOR CARE, INC.;<br>HCR MANORCARE, INC.;<br>HCR IV HEALTHCARE, LLC;<br>HCR III HEALTHCARE, LLC;<br>HCR II HEALTHCARE, LLC;<br>HCR HEALTHCARE, LLC;<br>HCRMC OPERATIONS, LLC;<br>HCR MANORCARE OPERATIONS II, LLC;<br>HEARTLAND EMPLOYMENT<br>SERVICES, LLC;<br>HCR MANOR CARE SERVICES, LLC; and<br>PROMEDICA HEALTH SYSTEM, INC. | : | |

## AFFIDAVIT OF SERVICE

I, DENINE MARIE MOSCARIELLO, ESQUIRE, being properly sworn according to law, hereby

depose and say that on September 23, 2020, I forwarded to HCR III Healthcare, LLC a true and correct

copy of Summons at their place of business being, 333 N. Summit Street, Toledo, OH 43604  by United

States Mail, Certified Mail, Return Receipt Requested No. 7012 1010 0002 8848 1278.  A true and correct

copy of said letter and original Certified Receipt is attached hereto.

Date: 11/4/20

_____
DENINE MARIE MOSCARIELLO, ESQUIRE

Sworn to and subscribed
before me this 4th day
of November 2020.

_____
NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
THERESA A. ROLA, Notary Public
Philadelphia County
My Commission Expires January 10, 2022
Commission Number 1140076

# ROSENBAUM & ASSOCIATES, P.C.

### ATTORNEYS AT LAW
1818 MARKET STREET
SUITE 3200
PHILADELPHIA, PA. 19103-3611

———

(215) 569-0200
FAX (215) 569-6099

dmoscariello@rosenbaumfirm.com
215-569-0200 Ext. 129
267-930-7232 (fax)

September 23, 2020

HCR III Healthcare, LLC.
333 N. Summit Street
Toledo, OH 43604

**RE:** *Betty Wenrich, Administratrix of the Estate of Cora Schneider, Deceased vs. Manor Care of Laureldale PA LLC d/b/a Manorcare Health Services-Laureldale, et. al. Berks County Court of Common Pleas; No. 20-15883*
*Our File No.: 44022*

Dear Sir/Madam:

Enclosed please find a true and correct copy of a Summons in regard to the above matter. The original of this document was filed in the Court of Common Pleas of Berks County on September 17, 2020.

Please note the endorsement thereon wherein you are notified to plead thereto within twenty (20) days of service or judgment may be entered against you.

Very truly yours,

/s/ *Denine Marie Moscariello*

DENINE MARIE MOSCARIELLO, ESQUIRE



Received County of Berks Prothonotary's Office on 11/04/2020 2:06 PM Prothonotary Docket No. 20-15883

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

HCR III Healthcare
LLC
333 N. Summit St
Toledo, OH 43604

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☑ Agent   ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery   01-28-20

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered   ☑ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7012 1010 0002 8848 1278

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

# SHERIFF'S OFFICE OF BERKS COUNTY



**Eric J. Weaknecht**
*Sheriff*

**Mandy P. Miller**
*Chief Deputy*

BETTY WENRICH, ADMIN, ET AL
vs.
PROMEDICA HEALTH SYSTEM, INC. (et al.)

**Case Number**
20-15883

## SHERIFF'S RETURN OF SERVICE

10/23/2020  02:06 PM - SERVED THE WRIT WITH DISCOVERY  BY HANDING  A COPY TO CHRISTINE CARL, WHO ACCEPTED AS "ADULT PERSON IN CHARGE" FOR MANOR CARE OF LAURELDALE PA, LLC D/B/A MANORCARE HEALTH SERVICES-LAURELDALE AT 2125 ELIZABETH AVENUE, LAURELDALE, PA 19605. SO ANSWERS: DEPUTY HERBERT CARTER,  OF BERKS COUNTY, PA.

HERBERT CARTER, DEPUTY

11/02/2020  12:30 PM - THE SHERIFF OF MONTGOMERY COUNTY, BEING DULY SWORN ACCORDING TO LAW, STATES THAT DILIGENT SEARCH AND INQUIRY WAS MADE FOR THE WITHIN NAMED DEFENDANT TO WIT: PROMEDICA HEALTH SYSTEM, INC., BUT WAS UNABLE TO LOCATE THE DEFENDANT. THE MONTGOMERY COUNTY SHERIFF THEREFORE RETURNS THE WITHIN REQUESTED OTHER AS "NOT SERVED" AT 191 PRESIDENTIAL BOULEVARD, BALA CYNWYD, PA 19004.

UNKNOWN TO BUILDING MANAGER

SHERIFF COST: $49.90

SO ANSWERS,

November 16, 2020

ERIC J. WEAKNECHT, SHERIFF

Sheriff's Service of Summons upon 20-15883
Berks County Prothonotary Office



*5072108 R*    11/17/2020  3:07 PM

Received County of Berks Prothonotary's Office on 11/17/2020 3:08:58 PM  Prothonotary Docket No. 20-15883

# SHERIFF'S OFFICE OF BERKS COUNTY

**Eric J. Weaknecht**
*Sheriff*

**Mandy P. Miller**
*Chief Deputy*

BETTY WENRICH, ADMIN, ET AL
vs.
PROMEDICA HEALTH SYSTEM, INC. (et al.)

**Case Number**
20-15883

## SERVICE COVER SHEET

request                     service                     ledger

**Service Details:**

| | | | | |
|---|---|---|---|---|
| Category: | Civil Action - Other | | Zone: | |
| Manner: | Deputize | Expires: | 11/15/2020 | Warrant: |

Notes:  WRIT WITH DISCOVERY

2 OF 2 (DEPUTIZE MONTGOMERY COUNTY)

LAST DAY FOR SERVICE 11/15/20

**Serve To:**

Name: **PROMEDICA HEALTH SYSTEM, INC.**

Primary Address: **191 PRESIDENTIAL BOULEVARD BALA CYNWYD, PA 19004**

Phone:                DOB:

Alternate Address:

Phone:

**Final Service:**

Served: Personally · Adult In Charge · Posted · Other

Adult In Charge: UNKNOWN

Relation:

Date: 11/2      Time: 1230

Deputy:      Mileage:

**Attorney / Originator:**

Name: ROSENBAUM & ASSOCIATES, P.C.      Phone: 215-569-0200

**Service Attempts:**

| Date: | | | | | |
|---|---|---|---|---|---|
| Time: | | | | | |
| Mileage: | | | | | |
| Deputy: | 1 | 2 | 3 | 4 | 5 |

**Notes / Special Instructions:**   UNKNOWN TO BLDG. MANAGER
W Galluzzo 11/2/20 1230

Now, 10-21-20 I, Sheriff of Berks County, Pennsylvania do hereby deputize the Sheriff of Montgomery County to execute service of the documents herewith and make return thereof according to law.

**Return To:**
BERKS COUNTY SHERIFF'S OFFICE
BERKS COUNTY COURTHOUSE
633 COURT STREET, 3RD FLOOR

ERIC J. WEAKNECHT, SHERIFF

# Berks County Sheriff's Office Order for Service
## Sheriff Eric J. Weaknecht
633 COURT STREET, 3rd FLOOR
READING, PA 19601
(610) 478-6240 PHONE
(610) 478-6222 FAX

BETTY WENRICH, ADMIN, ET AL

PLAINTIFF

VS.

MANOR CARE OF LAURELDALE PA, ET AL

DEFENDANT

**All information from the Attorney must be filled in before service and be made.**

**Please prepare a separate order for service form for each defendant to be served by the Sheriff.**

Prothonotary No. __20-15883__

Type of Writ or Complaint:

WRIT WITH DISCOVERY

*RECEIVED* *2020 [...] P 12:55 SHERIFF'S OFFICE COUNTY OF BERKS*

TO THE SHERIFF OF BERKS COUNTY, PA: YOU ARE HEREBY REQUESTED TO MAKE SERVICE UPON THE FOLLOWING PARTY BY:

____ CERTIFIED MAIL

✓ SHERIFF (PERSONAL)

____ DEPUTIZED

____ POST

____ OTHER (USE SPECIAL INSTRUCTION)

SPECIAL INSTRUCTIONS:

*RECEIVED 2020 SEP 28 P 1:15 SHERIFF'S OFFICE COUNTY OF BERKS*

## PLEASE SERVE ABOVE DOCUMENT(S) UPON:

PROMEDICA HEALTH SYSTEM, INC.
DEFENDANT NAME

191 PRESIDENTIAL BLVD., STE W8

BALA CYNWYD, PA 19004

LOCATION (MUST HAVE A VALID ADDRESS OR DIRECTIONS).

ATTORNEY OR PLAINTIFF NAME AND ADDRESS:
DENINE MARIE MOSCARIELLO, ESQ.
ROSENBAUM & ASSOCIATES, 1818 MARKET ST., STE 3200
PHILA., PA 19103
TELEPHONE: (215) 569-0200

SIGNATURE: _____

### FOR SHERIFF USE ONLY

NOW, __10-21-20__

I, SHERIFF OF BERKS COUNTY, PA DO HEREBY DEPUTIZE THE SHERIFF OF

__Montgomery County__

TO EXECUTE THE WITHIN AND MAKE RETURN THEREOF ACCORDING TO LAW.

_____
SHERIFF of BERKS COUNTY, PA

EMAIL: _____

Date Submitted: _____

## PLEASE PROVIDE SELF-ADDRESSED STAMPED ENVELOPE FOR RETURN OF SERVICE
NOTE ONLY APPLICABLE ON WRIT OF EXECUTION: N.B. WAIVER OF WATCHMAN – Any deputy sheriff levying upon or attaching any property under within writ may leave same without a watchman, in custody of whoever is found in possession, after notifying person of levy or attachment without liability on the part of such deputy or the sheriff to any plaintiff herein for any loss, destruction or removal of any such property before sheriff's sale thereof.

*Web Form 13-02*

Received County of Berks Prothonotary's Office on 11/17/2020 3:08:58 PM Prothonotary Docket No. 20-15883

# Berks County Sheriff's Office Order for Service
## Sheriff Eric J. Weaknecht
633 COURT STREET, 3rd FLOOR
READING, PA 19601
(610) 478-6240 PHONE
(610) 478-6222 FAX

RECEIVED

2020 OCT 20 P 12:56

SHERIFF'S OFFICE
COUNTY OF BERKS

BETTY WENRICH, ADMIN, ET AL

**All information from the Attorney must be filled in before service and be made.**

**Please prepare a separate order for service form for each defendant to be served by the Sheriff.**

PLAINTIFF

VS.

MANOR CARE OF LAURELDALE PA, LLC, ET AL

Prothonotary No. __20-15883__

DEFENDANT

Type of Writ or Complaint:

WRIT WITH DISCOVERY

TO THE SHERIFF OF BERKS COUNTY, PA: YOU ARE HEREBY REQUESTED TO MAKE SERVICE UPON THE FOLLOWING PARTY BY:

____ CERTIFIED MAIL

SPECIAL INSTRUCTIONS:

✓ SHERIFF (PERSONAL)

2020 SEP 28 P 1:
SHERIFF'S OFFICE
COUNTY OF BERKS
RECEIVED

____ DEPUTIZED

____ POST

____ OTHER (USE SPECIAL INSTRUCTION)

## PLEASE SERVE ABOVE DOCUMENT(S) UPON:

**FOR SHERIFF USE ONLY**

MANOR CARE OF LAURELDALE PA, LLC
DEFENDANT NAME

D/B/A MANORCARE HEALTH SERVICE-L

2125 ELIZABETH AVE, LAURELDALE PA 1
LOCATION (MUST HAVE A VALID ADDRESS OR DIRECTIONS).

ATTORNEY OR PLAINTIFF NAME AND ADDRESS:
DENINE MARIE MOSCARIELLO, ESQ.
ROSENBAUM & ASSOCIATES, 1818 MARKET ST., STE 3200
PHILA., PA 19103
TELEPHONE: (215) 569-0200

SIGNATURE:_____

NOW, _____

I, SHERIFF OF BERKS COUNTY, PA DO HEREBY DEPUTIZE THE SHERIFF OF

_____

TO EXECUTE THE WITHIN AND MAKE RETURN THEREOF ACCORDING TO LAW.

_____
SHERIFF of BERKS COUNTY, PA

EMAIL: _____

Date Submitted: _____

## PLEASE PROVIDE SELF-ADDRESSED STAMPED ENVELOPE FOR RETURN OF SERVICE
NOTE ONLY APPLICABLE ON WRIT OF EXECUTION: N.B. WAIVER OF WATCHMAN – Any deputy sheriff levying upon or attaching any property under writ may leave same without a watchman, in custody of whoever is found in possession, after notifying person of levy or attachment without liability on the part of such deputy or the sheriff to any plaintiff herein for any loss, destruction or removal of any such property before sheriff's sale thereof.

*Web Form 13-02*

Received County of Berks Prothonotary's Office on 11/17/2020 3:08:58 PM   Prothonotary Docket No. 20-15883

Received County of Berks Prothonotary's Office on 11/17/2020 3:08:58 PM  Prothonotary Docket No. 20-15883

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103                    ATTORNEY FOR PLAINTIFF(S)
(215)569-0200

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the | : | BERKS COUNTY |
| Estate of CORA SCHNEIDER, Deceased | : | COURT OF COMMON PLEAS |
| 1031 Barberry Avenue | : | |
| Reading, PA 19605 | : | NO. 20-15883 |
| | : | |
| v. | : | |
| MANOR CARE OF LAURELDALE PA LLC | : | |
| d/b/a MANORCARE HEALTH SERVICES – | : | |
| LAURELDALE; | : | |
| MANOR CARE OF LAURELDALE PA; | : | |
| HCR MANORCARE, LLC; | : | |
| MANORCARE HEALTH SERVICES, INC.; | : | |
| MANOR CARE, INC.; | : | |
| HCR MANORCARE, INC.; | : | |
| HCR IV HEALTHCARE, LLC; | : | |
| HCR III HEALTHCARE, LLC; | : | |
| HCR II HEALTHCARE, LLC; | : | |
| HCR HEALTHCARE, LLC; | : | |
| HCRMC OPERATIONS, LLC; | : | |
| HCR MANORCARE OPERATIONS II, LLC; | : | |
| HEARTLAND EMPLOYMENT | : | |
| SERVICES, LLC; | : | |
| HCR MANOR CARE SERVICES, LLC; and | : | |
| PROMEDICA HEALTH SYSTEM, INC. | : | |

Received County of Berks Prothonotary's Office on 12/04/2020 11:05 AM Prothonotary Docket No. 20-15883

## AFFIDAVIT OF SERVICE

I, DENINE MARIE MOSCARIELLO, ESQUIRE, being properly sworn according to law, hereby

depose and say that on September 23, 2020, I forwarded to HCR Manorcare Operations, LLC a true and

correct copy of Summons at their place of business being 333 N. Summit Street, Toledo, OH 43604  by

United States Mail, Certified Mail, Return Receipt Requested No. 7012 1010 0002 8848 1315.  A true and

correct copy of said letter and original Certified Receipt is attached hereto.

Date: 12/2/20                              _____

                                          DENINE MARIE MOSCARIELLO, ESQUIRE

Sworn to and subscribed
before me this 3rd day
of December, 2020.
_____
NOTARY PUBLIC

```
Commonwealth of Pennsylvania - Notary Seal
THERESA A. ROLA, Notary Public
Philadelphia County
My Commission Expires January 10, 2022
Commission Number 1140076
```

ROSENBAUM & ASSOCIATES, P.C.

ATTORNEYS AT LAW
1818 MARKET STREET
SUITE 3200
PHILADELPHIA, PA. 19103-3611

———

(215) 569-0200
FAX (215) 569-6099

215-569-0200 Ext. 129
267-930-7232 (fax)

September 23, 2020

HCR MANORCARE OPERATIONS II, LLC
333 N. Summit Street
Toledo, OH 43604

    RE:    *Betty Wenrich, Administratrix of the Estate of Cora Schneider, Deceased vs. Manor Care of Laureldale PA LLC d/b/a Manorcare Health Services-Laureldale, et. al.*
            *Berks County Court of Common Pleas; No. 20-15883*
            *Our File No.: 44022*

Dear Sir/Madam:

    Enclosed please find a true and correct copy of a Summons in regard to the above matter. The original of this document was filed in the Court of Common Pleas of Berks County on September 17, 2020.

    Please note the endorsement thereon wherein you are notified to plead thereto within twenty (20) days of service or judgment may be entered against you.

Very truly yours,

/s/ *Denine Marie Moscariello*

DENINE MARIE MOSCARIELLO, ESQUIRE

*Received County of Berks Prothonotary's Office on 12/04/2020 11:05 AM Prothonotary Docket No. 20-15883*

7012 1010 0002 8848 1315

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

Postage | $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees | $
Sent To
Street, Apt. No.; or PO Box No.

OFFICIAL USE

Postmark Here

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _____ ☐ Agent
                           ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
                                 09-29-20

1. Article Addressed to:

HcR Manorcare
Operations II, LLC
333 N. Summit St
Toledo OH 43604

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☑ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number
   (Transfer from service label)   7012 1010 0002 8848 1315

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103                        ATTORNEY FOR PLAINTIFF(S)
(215)569-0200

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the | : | BERKS COUNTY |
| Estate of CORA SCHNEIDER, Deceased | : | COURT OF COMMON PLEAS |
| 1031 Barberry Avenue | : | |
| Reading, PA 19605 | : | NO. 20-15883 |
| | : | |
| v. | : | |
| | : | |
| MANOR CARE OF LAURELDALE PA LLC | : | |
| d/b/a MANORCARE HEALTH SERVICES – | : | |
| LAURELDALE; | : | |
| MANOR CARE OF LAURELDALE PA; | : | |
| HCR MANORCARE, LLC; | : | |
| MANORCARE HEALTH SERVICES, INC.; | : | |
| MANOR CARE, INC.; | : | |
| HCR MANORCARE, INC.; | : | |
| HCR IV HEALTHCARE, LLC; | : | |
| HCR III HEALTHCARE, LLC; | : | |
| HCR II HEALTHCARE, LLC; | : | |
| HCR HEALTHCARE, LLC; | : | |
| HCRMC OPERATIONS, LLC; | : | |
| HCR MANORCARE OPERATIONS II, LLC; | : | |
| HEARTLAND EMPLOYMENT | : | |
| SERVICES, LLC; | : | |
| HCR MANOR CARE SERVICES, LLC; and | : | |
| PROMEDICA HEALTH SYSTEM, INC. | : | |

### AFFIDAVIT OF SERVICE

I, DENINE MARIE MOSCARIELLO, ESQUIRE, being properly sworn according to law, hereby

depose and say that on September 23, 2020, I forwarded to HCR Manorcare, Inc. a true and correct copy

of Summons at their place of business being 333 N. Summit Street, Toledo, OH 43604  by United States

Mail, Certified Mail, Return Receipt Requested No. 7012 1010 0002 8848 2503. A true and correct copy

of said letter and original Certified Receipt is attached hereto.

Date: 12/2/20                                    _____
                                                       DENINE MARIE MOSCARIELLO, ESQUIRE

Sworn to and subscribed
before me this 2nd day
of December, 2020.
_____
NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
THERESA A. ROLA, Notary Public
Philadelphia County
My Commission Expires January 10, 2022
Commission Number 1140076

Received County of Berks Prothonotary's Office on 12/04/2020 11:03 AM Prothonotary Docket No. 20-15883

Received County of Berks Prothonotary's Office on 12/04/2020 11:03 AM Prothonotary Docket No. 20-15883

## ROSENBAUM & ASSOCIATES, P.C.

ATTORNEYS AT LAW
1818 MARKET STREET
SUITE 3200
PHILADELPHIA, PA. 19103-3611

———

(215) 569-0200
FAX (215) 569-6099

215-569-0200 Ext. 129
267-930-7232 (fax)

September 23, 2020

HCR Manorcare, Inc.
333 N. Summit Street
Toledo, OH 43604

    **RE:**    *Betty Wenrich, Administratrix of the Estate of Cora Schneider, Deceased vs. Manor Care of Laureldale PA LLC d/b/a Manorcare Health Services-Laureldale, et. al. Berks County Court of Common Pleas; No. 20-15883 Our File No.: 44022*

Dear Sir/Madam:

    Enclosed please find a true and correct copy of a Summons in regard to the above matter. The original of this document was filed in the Court of Common Pleas of Berks County on September 17, 2020.

    Please note the endorsement thereon wherein you are notified to plead thereto within twenty (20) days of service or judgment may be entered against you.

               Very truly yours,

               /s/ *Denine Marie Moscariello*

               DENINE MARIE MOSCARIELLO, ESQUIRE

7012 1010 0002 8848 2503

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To
Street, Apt. No.;
or PO Box No.
City, State, ZIP+4

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

HCR ManorCare, Inc
333 N. Summit St
Toledo, OH 43604

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _____  ☑ Agent
                    ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
                                  09-29-20

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☑ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

7012 1010 0002 8848 2503

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103                          ATTORNEY FOR PLAINTIFF(S)
(215)569-0200

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the | : | BERKS COUNTY |
| Estate of CORA SCHNEIDER, Deceased | : | COURT OF COMMON PLEAS |
| 1031 Barberry Avenue | : | |
| Reading, PA 19605 | : | NO. 20-15883 |
| | : | |
| v. | : | |
| | : | |
| MANOR CARE OF LAURELDALE PA LLC | : | |
| d/b/a MANORCARE HEALTH SERVICES – | : | |
| LAURELDALE; | : | |
| MANOR CARE OF LAURELDALE PA; | : | |
| HCR MANORCARE, LLC; | : | |
| MANORCARE HEALTH SERVICES, INC.; | : | |
| MANOR CARE, INC.; | : | |
| HCR MANORCARE, INC.; | : | |
| HCR IV HEALTHCARE, LLC; | : | |
| HCR III HEALTHCARE, LLC; | : | |
| HCR II HEALTHCARE, LLC; | : | |
| HCR HEALTHCARE, LLC; | : | |
| HCRMC OPERATIONS, LLC; | : | |
| HCR MANORCARE OPERATIONS II, LLC; | : | |
| HEARTLAND EMPLOYMENT | : | |
| SERVICES, LLC; | : | |
| HCR MANOR CARE SERVICES, LLC; and | : | |
| PROMEDICA HEALTH SYSTEM, INC. | : | |

### AFFIDAVIT OF SERVICE

I, DENINE MARIE MOSCARIELLO, ESQUIRE, being properly sworn according to law, hereby

depose and say that on September 23, 2020, I forwarded to HCMC Operations, LLC a true and correct copy

of Summons at their place of business being 333 N. Summit Street, Toledo, OH 43604  by United States

Mail, Certified Mail, Return Receipt Requested No. 7012 1010 0002 8848 1308.  A true and correct copy

of said letter and original Certified Receipt is attached hereto.

Date: 12/2/20                                    _____
                                                 DENINE MARIE MOSCARIELLO, ESQUIRE

Sworn to and subscribed
before me this ____ day
of _____ 2020.
_____
NOTARY PUBLIC

Commonwealth of Pennsylvania, Notary Seal
THERESA A. ROLA, Notary Public
Philadelphia County
My Commission Expires January 10, 2022
Commission Number 1140076

ROSENBAUM & ASSOCIATES, P.C.

ATTORNEYS AT LAW
1818 MARKET STREET
SUITE 3200
PHILADELPHIA, PA. 19103-3611

(215) 569-0200
FAX (215) 569-6099

dmoscariello@rosenbaumfirm.com
215-569-0200 Ext. 129
267-930-7232 (fax)

September 23, 2020

HCRMC Operations, LLC
333 N. Summit Street
Toledo, OH 43604

RE:    *Betty Wenrich, Administratrix of the Estate of Cora Schneider, Deceased vs. Manor Care of Laureldale PA LLC d/b/a Manorcare Health Services-Laureldale, et. al. Berks County Court of Common Pleas; No. 20-15883*
       *Our File No.: 44022*

Dear Sir/Madam:

   Enclosed please find a true and correct copy of a Summons in regard to the above matter. The original of this document was filed in the Court of Common Pleas of Berks County on September 17, 2020.

   Please note the endorsement thereon wherein you are notified to plead thereto within twenty (20) days of service or judgment may be entered against you.

Very truly yours,

/s/ *Denine Marie Moscariello*

DENINE MARIE MOSCARIELLO, ESQUIRE

Received County of Berks Prothonotary's Office on 12/08/2020 8:06 AM Prothonotary Docket No. 20-15883

Received County of Berks Prothonotary's Office on 12/08/2020 8:06 AM Prothonotary Docket No. 20-15883

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X _____  ☑ Agent  ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
   09-29-20

1. Article Addressed to:

HERMC Operations
LCC
333 N. Summit St.
Toledo, OH 43604

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail  ☐ Express Mail
   ☐ Registered  ☑ Return Receipt for Merchandise
   ☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
   (Transfer from service label)   7012 1010 0002 8848 1308

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103                          ATTORNEY FOR PLAINTIFF(S)
(215)569-0200

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the | : | BERKS COUNTY |
| Estate of CORA SCHNEIDER, Deceased | : | COURT OF COMMON PLEAS |
| 1031 Barberry Avenue | : | |
| Reading, PA 19605 | : | NO. 20-15883 |
| | : | |
| v. | : | |
| MANOR CARE OF LAURELDALE PA LLC | : | |
| d/b/a MANORCARE HEALTH SERVICES – | : | |
| LAURELDALE | | |
| MANOR CARE OF LAURELDALE PA; | : | |
| HCR MANORCARE, LLC; | : | |
| MANORCARE HEALTH SERVICES, INC.; | : | |
| MANOR CARE, INC.; | : | |
| HCR MANORCARE, INC.; | : | |
| HCR IV HEALTHCARE, LLC; | : | |
| HCR III HEALTHCARE, LLC; | : | |
| HCR II HEALTHCARE, LLC; | : | |
| HCR HEALTHCARE, LLC; | : | |
| HCRMC OPERATIONS, LLC; | : | |
| HCR MANORCARE OPERATIONS II, LLC; | : | |
| HEARTLAND EMPLOYMENT | | |
| SERVICES, LLC; | : | |
| HCR MANOR CARE SERVICES, LLC; and | : | |
| PROMEDICA HEALTH SYSTEM, INC. | : | |

## PRAECIPE TO REISSUE

**TO THE PROTHONOTARY:**

Kindly reinstate the above-captioned matter for an additional thirty (30) days.

Rosenbaum & Associates

Date: _____                    /s/ *Denine Marie Moscariello*

DENINE MARIE MOSCARIELLO, ESQUIRE

Received County of Berks Prothonotary's Office on 10/16/2020 9:23 AM Prothonotary Docket No 2015883

Received County of Berks Prothonotary's Office on 9/17/2020 3:42:30 PM Prothonotary Docket No. 20-15883
Received County of Berks Prothonotary's Office on 10/14/2020 2:53 MM Prothonotary Docket No. 20-15883

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103
(215)569-0200

MAJOR-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

ATTORNEY FOR PLAINTIFF(S)

---

BETTY WENRICH, Administratrix of the        :
Estate of CORA SCHNEIDER, Deceased          :
1031 Barberry Avenue                        :
Reading, PA 19605                           :

       v.                                   :

MANOR CARE OF LAURELDALE PA LLC             :
d/b/a MANORCARE HEALTH SERVICES-            :
LAURELDALE                                  :
2125 Elizabeth Avenue                       :
Laureldale, PA 19605                        :

And                                         :

MANOR CARE OF LAURELDALE PA                 :
333 N. Summit Street                        :
Toledo, OH 43604                            :

And                                         :

HCR MANORCARE, LLC                          :
333 N. Summit Street                        :
Toledo, OH 43604                            :

And                                         :

MANORCARE HEALTH SERVICES, INC.             :
333 N. Summit Street                        :
Toledo, OH 43604                            :

And                                         :

MANOR CARE, INC.                            :
333 N. Summit Street                        :
Toledo, OH 43604                            :

And                                         :

HCR MANORCARE, INC.                         :
333 N. Summit Street                        :
Toledo, OH 43604                            :

And                                         :

BERKS COUNTY
COURT OF COMMON PLEAS

NO. 20 - 15883




HCR IV HEALTHCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR III HEALTHCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR II HEALTHCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR HEALTHCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCRMC OPERATIONS, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR MANORCARE OPERATIONS II, LLC
333 N. Summit Street
Toledo, OH 43604

And

HEARTLAND EMPLOYMENT
SERVICES, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR MANOR CARE SERVICES, LLC
440 East Commons Way, Suite 123
Columbus, OH 43219

And

Received County of Berks Prothonotary's Office on 9/17/2020 3:42:30 PM Prothonotary Docket No. 20-15883

Received County of Berks Prothonotary's Office on 10/14/2020 2:53:33 PM Prothonotary Docket No. 20-15883

PROMEDICA HEALTH SYSTEM. INC.　　　:
191 Presidential Blvd., Suite W8　　　　:
Bala Cynwyd. PA 19004　　　　　　　　:

## WRIT OF SUMMONS IN CIVIL ACTION

TO:　　Kindly issue a Writ of Summons in Civil Action against Defendants, Manor Care of Laureldale

PA LLC d/b/a Manorcare Health Services-Laureldale, Manor Care of Laureldale PA, HCR Manorcare.

LLC, Manorcare Health Services, Inc., Manor Care, Inc., HCR Manorcare, Inc. HCR IV Healthcare, LLC.

HCR III Healthcare, LLC, HCR II Healthcare, LLC, HCR Healthcare, LLC, HCRMC Operations, LLC,

HCR Manorcare Operations. II, LLC, Heartland Employment Services, LLC, HCR Manor Care Services,

LLC and Promedica Health System, Inc.

### YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF(S) HAVE COMMENCED
### AN ACTION AGAINST YOU.

JONATHAN K. DEL COLLO. PROTHONOTARY

Clerk of Judicial Records

*Kelley Roach*

CIVIL DIVISION　　　　　　Deputy

DATE: 9/17/20



Received County of Berks Prothonotary's Office on 9/17/2020 3:42:30 PM Prothonotary Docket No. 20-15883

Received County of Berks Prothonotary's Office on 12/15/2020 8:51 AM Prothonotary Docket No. 20-15883

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103                    ATTORNEY FOR PLAINTIFF(S)
(215)569-0200

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the | : | BERKS COUNTY |
| Estate of CORA SCHNEIDER, Deceased | : | COURT OF COMMON PLEAS |
| 1031 Barberry Avenue | : | |
| Reading, PA 19605 | : | NO. 20-15883 |
| | : | |
| v. | : | |
| MANOR CARE OF LAURELDALE PA LLC | : | |
| d/b/a MANORCARE HEALTH SERVICES – | : | |
| LAURELDALE | : | |
| MANOR CARE OF LAURELDALE PA; | : | |
| HCR MANORCARE, LLC; | : | |
| MANORCARE HEALTH SERVICES, INC.; | : | |
| MANOR CARE, INC.; | : | |
| HCR MANORCARE, INC.; | : | |
| HCR IV HEALTHCARE, LLC; | : | |
| HCR III HEALTHCARE, LLC; | : | |
| HCR II HEALTHCARE, LLC; | : | |
| HCR HEALTHCARE, LLC; | : | |
| HCRMC OPERATIONS, LLC; | : | |
| HCR MANORCARE OPERATIONS II, LLC; | : | |
| HEARTLAND EMPLOYMENT | : | |
| SERVICES, LLC; | : | |
| HCR MANOR CARE SERVICES, LLC; and | : | |
| PROMEDICA HEALTH SYSTEM, INC. | : | |

## PRAECIPE TO REISSUE

**TO THE PROTHONOTARY:**

Kindly reinstate the above-captioned matter for an additional thirty (30) days.

                                        Rosenbaum & Associates

Date: _____                    /s/ Denine Marie Moscariello

                              DENINE MARIE MOSCARIELLO, ESQUIRE

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103
(215)569-0200

MAJOR-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

ATTORNEY FOR PLAINTIFF(S)

---

BETTY WENRICH, Administratrix of the
Estate of CORA SCHNEIDER, Deceased
1031 Barberry Avenue
Reading, PA 19605

        v.

MANOR CARE OF LAURELDALE PA LLC
d/b/a MANORCARE HEALTH SERVICES-
LAURELDALE
2125 Elizabeth Avenue
Laureldale, PA 19605

And

MANOR CARE OF LAURELDALE PA
333 N. Summit Street
Toledo, OH 43604

And

HCR MANORCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

MANORCARE HEALTH SERVICES, INC.
333 N. Summit Street
Toledo, OH 43604

And

MANOR CARE, INC.
333 N. Summit Street
Toledo, OH 43604

And

HCR MANORCARE, INC.
333 N. Summit Street
Toledo, OH 43604

And

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

BERKS COUNTY
COURT OF COMMON PLEAS

NO. 20-15883

Received County of Berks Prothonotary's Office on 09/17/2020 2:18 PM Prothonotary Docket No. 20-15883

Received County of Berks Prothonotary's Office on 09/17/2020 2:18 PM Prothonotary Docket No. 20-15883



Writ Issued to Attorney 20-15883
Berks County Prothonotary Office

*5039941 R*     9/17/2020   3:41 PM

Received County of Berks Prothonotary's Office on 09/17/2020 2:18 PM Prothonotary Docket No. 20-15883
Received County of Berks Prothonotary's Office on 09/17/2020 2:18 PM Prothonotary Docket No. 20-15883
Received County of Berks Prothonotary's Office on 09/17/2020 2:18 PM Prothonotary Docket No. 20-15883

HCR IV HEALTHCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR III HEALTHCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR II HEALTHCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR HEALTHCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCRMC OPERATIONS, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR MANORCARE OPERATIONS II, LLC
333 N. Summit Street
Toledo, OH 43604

And

HEARTLAND EMPLOYMENT
SERVICES, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR MANOR CARE SERVICES, LLC
440 East Commons Way, Suite 123
Columbus, OH 43219

And

PROMEDICA HEALTH SYSTEM, INC.          :
191 Presidential Blvd., Suite W8        :
Bala Cynwyd, PA 19004                   :

_____

## WRIT OF SUMMONS IN CIVIL ACTION

TO:     Kindly issue a Writ of Summons in Civil Action against Defendants, Manor Care of Laureldale

PA LLC d/b/a Manorcare Health Services-Laureldale, Manor Care of Laureldale PA, HCR Manorcare,

LLC, Manorcare Health Services, Inc., Manor Care, Inc., HCR Manorcare, Inc. HCR IV Healthcare, LLC,

HCR III Healthcare, LLC, HCR II Healthcare, LLC, HCR Healthcare, LLC, HCRMC Operations, LLC,

HCR Manorcare Operations, II, LLC, Heartland Employment Services, LLC, HCR Manor Care Services,

LLC and Promedica Health System, Inc.


### YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF(S) HAVE
### COMMENCED
### AN ACTION AGAINST YOU.


JONATHAN K. DEL COLLO, PROTHONOTARY

Clerk of Judicial Records

Kelley Roach

CIVIL DIVISION          Deputy

DATE: 9/17/20



Received County of Berks Prothonotary's Office on 09/17/2020 2:18 PM Prothonotary Docket No. 20-15883

Received Commonwealth of Berks Prothonotary's Office on 09/17/2020 2:18 PM Prothonotary Docket No. 20-15883

Received County of Berks Prothonotary's Office on 01/13/2021 10:02 AM Prothonotary Docket No. 20-15883

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103
(215)569-0200

ATTORNEY FOR PLAINTIFF(S)

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the Estate of CORA SCHNEIDER, Deceased 1031 Barberry Avenue Reading, PA 19605 | : : : : : | BERKS COUNTY COURT OF COMMON PLEAS NO. 20-15883 |
| v. | : | |
| MANOR CARE OF LAURELDALE PA LLC d/b/a MANORCARE HEALTH SERVICES – LAURELDALE; MANOR CARE OF LAURELDALE PA; HCR MANORCARE, LLC; MANORCARE HEALTH SERVICES, INC.; MANOR CARE, INC.; HCR MANORCARE, INC.; HCR IV HEALTHCARE, LLC; HCR III HEALTHCARE, LLC; HCR II HEALTHCARE, LLC; HCR HEALTHCARE, LLC; HCRMC OPERATIONS, LLC; HCR MANORCARE OPERATIONS II, LLC; HEARTLAND EMPLOYMENT SERVICES, LLC; HCR MANOR CARE SERVICES, LLC; and PROMEDICA HEALTH SYSTEM, INC. | : : : : : : : : : : : : : : : : | |

### AFFIDAVIT OF SERVICE

I, DENINE MARIE MOSCARIELLO, ESQUIRE, being properly sworn according to law, hereby depose and say that on September 23, 2020, I forwarded to HCR Manor Care Services, LLC a true and correct copy of Summons at their place of business being 440 E. Commons Way, Ste 123, Columbus, OH 43219 by United States Mail, Certified Mail, Return Receipt Requested No. 7012 1010 0002 8848 1551.

A true and correct copy of said letter and original Certified Receipt is attached hereto.

Date: 1-12-21

_____
DENINE MARIE MOSCARIELLO, ESQUIRE

Sworn to and subscribed
before me this 12 day
of Jan., 2021.

_____
NOTARY PUBLIC

Elizabeth Marie Mariano
Notary Public
New Jersey
My Commission Expires 11-19-22
No. 2367006

Received County of Berks Prothonotary's Office on 01/13/2021 10:02 AM Prothonotary Docket No. 20-15883

## ROSENBAUM & ASSOCIATES, P.C.

ATTORNEYS AT LAW
1818 MARKET STREET
SUITE 3200
PHILADELPHIA, PA. 19103-3611

(215) 569-0200
FAX (215) 569-6099

dmoscariello@rosenbaumfirm.com
215-569-0200 Ext. 129
267-930-7232 (fax)

September 23, 2020

HCR MANOR CARE SERVICES, LLC
440 E. COMMONS WAY, STE 123
COLUMBUS, OH 43219

RE:   *Betty Wenrich, Administratrix of the Estate of Cora Schneider, Deceased vs. Manor Care of Laureldale PA LLC d/b/a Manorcare Health Services-Laureldale, et. al. Berks County Court of Common Pleas; No. 20-15883*
*Our File No.: 44022*

Dear Sir/Madam:

Enclosed please find a true and correct copy of a Summons in regard to the above matter. The original of this document was filed in the Court of Common Pleas of Berks County on September 17, 2020.

Please note the endorsement thereon wherein you are notified to plead thereto within twenty (20) days of service or judgment may be entered against you.

Very truly yours,

/s/ *Denine Marie Moscariello*

DENINE MARIE MOSCARIELLO, ESQUIRE



Received County of Berks Prothonotary's Office on 01/13/2021 10:02 AM Prothonotary Docket No. 20-15883

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

HCR ManorCare
Services, LLC
4405 Commons Way
Ste 1213
Columbus, OH 43219

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _Daniel D. Kelley_   ☐ Agent   ☐ Addressee

B. Received by _Daniel D. Kelley_   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number
*(Transfer from service label)*   7012 1010 0002 8848 1551

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

Received County of Berks Prothonotary's Office on 01/21/2021 9:42 AM Prothonotary Docket No. 20-15883

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103                          ATTORNEY FOR PLAINTIFF(S)
(215)569-0200

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the Estate of CORA SCHNEIDER, Deceased 1031 Barberry Avenue Reading, PA 19605 | : | BERKS COUNTY COURT OF COMMON PLEAS |
| | : | NO. 20-15883 |
| v. | : | |
| MANOR CARE OF LAURELDALE PA LLC d/b/a MANORCARE HEALTH SERVICES – LAURELDALE MANOR CARE OF LAURELDALE PA; HCR MANORCARE, LLC; MANORCARE HEALTH SERVICES, INC.; MANOR CARE, INC.; HCR MANORCARE, INC.; HCR IV HEALTHCARE, LLC; HCR III HEALTHCARE, LLC; HCR II HEALTHCARE, LLC; HCR HEALTHCARE, LLC; HCRMC OPERATIONS, LLC; HCR MANORCARE OPERATIONS II, LLC; HEARTLAND EMPLOYMENT SERVICES, LLC; HCR MANOR CARE SERVICES, LLC; and PROMEDICA HEALTH SYSTEM, INC. | : | |

## PRAECIPE TO REISSUE

**TO THE PROTHONOTARY:**

Kindly reinstate the above-captioned matter for an additional thirty (30) days.

Rosenbaum & Associates

Date: _____

/s/ Denine Marie Moscariello

DENINE MARIE MOSCARIELLO, ESQUIRE

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103
(215)569-0200

MAJOR-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

ATTORNEY FOR PLAINTIFF(S)

---

BETTY WENRICH, Administratrix of the
Estate of CORA SCHNEIDER, Deceased
1031 Barberry Avenue
Reading, PA 19605

          v.

MANOR CARE OF LAURELDALE PA LLC
d/b/a MANORCARE HEALTH SERVICES-
LAURELDALE
2125 Elizabeth Avenue
Laureldale, PA 19605

And

MANOR CARE OF LAURELDALE PA
333 N. Summit Street
Toledo, OH 43604

And

HCR MANORCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

MANORCARE HEALTH SERVICES, INC.
333 N. Summit Street
Toledo, OH 43604

And

MANOR CARE, INC.
333 N. Summit Street
Toledo, OH 43604

And

HCR MANORCARE, INC.
333 N. Summit Street
Toledo, OH 43604

And

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

BERKS COUNTY
COURT OF COMMON PLEAS

NO. 20-15883

Received County of Berks Prothonotary's Office on 09/17/2020 2:18 PM Prothonotary Docket No. 20-15883
Received County of Berks Prothonotary's Office on 09/17/2020 2:18 PM Prothonotary Docket No. 20-15883



Writ Issued to Attorney 20-15883
Berks County Prothonotary Office

*5039941 R*       9/17/2020   3:41 PM

Received County of Berks Prothonotary's Office on 09/17/2020 2:18 PM Prothonotary Docket No. 20-15883
Received County of Berks Prothonotary's Office on 09/17/2020 2:18 PM Prothonotary Docket No. 20-15883
Received County of Berks Prothonotary's Office on 09/17/2020 2:18 PM Prothonotary Docket No. 20-15883

HCR IV HEALTHCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR III HEALTHCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR II HEALTHCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR HEALTHCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCRMC OPERATIONS, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR MANORCARE OPERATIONS II, LLC
333 N. Summit Street
Toledo, OH 43604

And

HEARTLAND EMPLOYMENT
SERVICES, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR MANOR CARE SERVICES, LLC
440 East Commons Way, Suite 123
Columbus, OH 43219

And

Received Comm. of Berks Prothonotary's Office on 09/17/2020 2:18 PM Prothonotary Docket No. 20-15883
Received County of Berks Prothonotary's Office on 09/17/2020 2:18 PM Prothonotary Docket No. 20-15883

PROMEDICA HEALTH SYSTEM, INC.　　　　:
191 Presidential Blvd., Suite W8　　　　　:
Bala Cynwyd, PA 19004　　　　　　　　　:

_____

## WRIT OF SUMMONS IN CIVIL ACTION

TO:　　Kindly issue a Writ of Summons in Civil Action against Defendants, Manor Care of Laureldale

PA LLC d/b/a Manorcare Health Services-Laureldale, Manor Care of Laureldale PA, HCR Manorcare,

LLC, Manorcare Health Services, Inc., Manor Care, Inc., HCR Manorcare, Inc. HCR IV Healthcare, LLC,

HCR III Healthcare, LLC, HCR II Healthcare, LLC, HCR Healthcare, LLC, HCRMC Operations, LLC,

HCR Manorcare Operations, II, LLC, Heartland Employment Services, LLC, HCR Manor Care Services,

LLC and Promedica Health System, Inc.

### YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF(S) HAVE
### COMMENCED
### AN ACTION AGAINST YOU.

JONATHAN K. DEL COLLO, PROTHONOTARY

Clerk of Judicial Records

*Kelley Roach*

CIVIL DIVISION　　　　　　　　Deputy

DATE: 9/17/20



Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103
(215)569-0200

MAJOR-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

ATTORNEY FOR PLAINTIFF(S)

| | |
|---|---|
| BETTY WENRICH, Administratrix of the Estate of CORA SCHNEIDER, Deceased<br>1031 Barberry Avenue<br>Reading, PA 19605 | BERKS COUNTY<br>COURT OF COMMON PLEAS<br><br>NO. 20-15883 |

v.

MANOR CARE OF LAURELDALE PA LLC
d/b/a MANORCARE HEALTH SERVICES-
LAURELDALE
2125 Elizabeth Avenue
Laureldale, PA 19605

And

MANOR CARE OF LAURELDALE PA
333 N. Summit Street
Toledo, OH 43604

And

HCR MANORCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

MANORCARE HEALTH SERVICES, INC.
333 N. Summit Street
Toledo, OH 43604

And

MANOR CARE, INC.
333 N. Summit Street
Toledo, OH 43604

And

HCR MANORCARE, INC.
333 N. Summit Street
Toledo, OH 43604

And

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

HCR IV HEALTHCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR III HEALTHCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR II HEALTHCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR HEALTHCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCRMC OPERATIONS, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR MANORCARE OPERATIONS II, LLC
333 N. Summit Street
Toledo, OH 43604

And

HEARTLAND EMPLOYMENT
SERVICES, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR MANOR CARE SERVICES, LLC
440 East Commons Way, Suite 123
Columbus, OH 43219

And

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

PROMEDICA HEALTH SYSTEM, INC.          :
191 Presidential Blvd., Suite W8         :
<u>Bala Cynwyd, PA 19004</u>                   :

## CIVIL ACTION
### NOTICE

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**Berks County Bar Association – Lawyer Referral**
**544 Court Street**
**Reading, PA 19601**
**Phone: 610-375-4591**

## AVISO

LE HAN DEMANDADO A USTED EN LA CORTE. SI USTED QUIERE DEFENDERSE DE ESTAS DEMANDAS EXPUESTAS EN LAS PAGINAS SIGUIENTES, USTED TIENE VIENTE (20) DIAS DE PLAZO AL PARTIR DE LA FECHA DE LA DEMANDA Y LA NOTIFICACION. HACE FALTA ASENTAR UNA COMPARENCIA ESCRITA O EN PERSONA O CON UN ABOGADO Y ENTREGAR A LA CORE EN FORMA ESCRITA SUS DEFENSAS O SUS OBJECIONES A LAS DEMANDAS EN CONTRA DE SU PERSONA. SEA AVISADO QUE SI USTED NO SE DEFIENDE, LA CORTE TOMARA MEDIDAS Y PUEDE CONTINUAR LA DEMANDA EN CONTRA SUYA SIN PREVIO AVISO O NOTIFICACION. ADEMAS, LA CORTE PUEDE DECIDIR A FAVOR DEL DEMANDANTE Y REQUIERE QUE USTED CUMPLA CON TODAS LAS PROVISIONES DE ESTA DEMANDA. USTED PUEDE PERDER DINERO O SUS PROPIEDADES U OTROS DERECHOS IMPORTANTES PARA USTED. LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**Asociación de Abogados del Condado de Berks – Lawyer Referral**
**544 Court Street**
**Reading, PA 19601**
**Phone: 610-375-4591**

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET -- SUITE 3200
PHILADELPHIA, PA 19103
(215)569-0200

MAJOR-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

ATTORNEY FOR PLAINTIFF(S)

| | |
|---|---|
| BETTY WENRICH, Administratrix of the Estate of CORA SCHNEIDER, Deceased<br>1031 Barberry Avenue<br>Reading, PA 19605<br><br>v.<br><br>MANOR CARE OF LAURELDALE PA LLC<br>d/b/a MANORCARE HEALTH SERVICES-<br>LAURELDALE<br>2125 Elizabeth Avenue<br>Laureldale, PA 19605<br><br>And<br><br>MANOR CARE OF LAURELDALE PA<br>333 N. Summit Street<br>Toledo, OH 43604<br><br>And<br><br>HCR MANORCARE, LLC<br>333 N. Summit Street<br>Toledo, OH 43604<br><br>And<br><br>MANORCARE HEALTH SERVICES, INC.<br>333 N. Summit Street<br>Toledo, OH 43604<br><br>And<br><br>MANOR CARE, INC.<br>333 N. Summit Street<br>Toledo, OH 43604<br><br>And<br><br>HCR MANORCARE, INC.<br>333 N. Summit Street<br>Toledo, OH 43604<br><br>And | BERKS COUNTY<br>COURT OF COMMON PLEAS<br><br>NO. 20-15883 |

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

HCR IV HEALTHCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR III HEALTHCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR II HEALTHCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR HEALTHCARE, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCRMC OPERATIONS, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR MANORCARE OPERATIONS II, LLC
333 N. Summit Street
Toledo, OH 43604

And

HEARTLAND EMPLOYMENT
SERVICES, LLC
333 N. Summit Street
Toledo, OH 43604

And

HCR MANOR CARE SERVICES, LLC
440 East Commons Way, Suite 123
Columbus, OH 43219

And

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

PROMEDICA HEALTH SYSTEM, INC.  :
191 Presidential Blvd., Suite W8  :
Bala Cynwyd, PA 19004  :

## COMPLAINT

Plaintiff, Betty Wenrich, Administratrix of the Estate of Cora Schneider, deceased, by and through

counsel, Rosenbaum & Associates, P.C. files this Complaint in Civil Action, and avers as follows:

1.    Plaintiff, Betty Wenrich, Administratrix of the Estate of Cora Schneider, deceased, is an

adult individual and daughter of Decedent, Cora Schneider, residing at 1031 Barberry Avenue, Reading,

PA, 19605.

2.    Cora Schneider died on January 28, 2019.

3.    Betty Wenrich was appointed Administratrix of Cora Schneider, deceased, by the Berks

County Register of Wills on May 9, 2019, and in her capacity acts on behalf of the Estate and beneficiaries

of the Estate.

4.    At the time of her death, Decedent left surviving the following individuals and beneficiaries

on whose behalf this claim is, in part, filed and have been notified of the lawsuit:

| Name | Relationship |
|------|-------------|
| Betty Wenrich | Daughter |
| Sandra Werley | Daughter |
| Ruth Miller | Daughter |
| Linda Smith | Daughter |
| Cora Eager | Daughter |
| Barbara Noll | Daughter |
| Penny Schneider | Daughter |

5.    Defendant, ManorCare of Laureldale PA, LLC d/b/a ManorCare Health Services -

Laureldale ("Laureldale") is a business corporation organized and existing under the laws of the

Commonwealth of Pennsylvania, and was engaged in the business of owning, operating, managing, and

offering healthcare, medical services, nursing care and long-term care to the public at a nursing home

facility, ManorCare Health Services - Laurdeldale, located at 2125 Elizabeth Avenue, Laureldale

Pennsylvania 19605. Plaintiff is asserting a professional liability claim against this Defendant.

6.    At all times material hereto, Defendant, ManorCare of Laureldale PA, LLC d/b/a

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

ManorCare Health Services – Laureldale, acted or failed to act by and through its agents, ostensible agents, servants, workmen, nurses, nurses' aides, and/or employees, physicians, the nursing home administrators and/or administrators responsible for formulating, adopting, monitoring and enforcing the policies, procedures and protocols of Laureldale, from the time Decedent was admitted to Laureldale on December 13, 2012, including the physicians, nurses, nurses' aides, staff members and employees responsible for the care, supervision, treatment and safety of Decedent, starting on December 13, 2012, which includes those physicians, nurses, nurses' aides, staff and employees identified in the records and charts of Laureldale, whose names cannot be discerned from the records but whose identities are known to and within the exclusive control of ManorCare of Laureldale PA, LLC d/b/a ManorCare Health Services – Laureldale, as well as those physicians, nurses, nurses' aides, staff and employees whose names are not recorded in the records due to Defendants' failure to implement and utilize proper record-keeping and documentation procedures but whose identities are known to and within the exclusive control of Defendant, ManorCare of Laureldale PA, LLC d/b/a ManorCare Health Services – Laureldale, all of whom were then and there acting within the scope of their authority and in the course of their employment with Defendant, ManorCare of Laureldale PA, LLC d/b/a ManorCare Health Services – Laureldale, and in furtherance of Defendant, ManorCare of Laureldale PA, LLC d/b/a ManorCare Health Services – Laureldale's business and on behalf of Defendant, ManorCare of Laureldale PA, LLC d/b/a ManorCare Health Services – Laureldale.

7.     Defendant, Manor Care of Laureldale PA, is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and was engaged in the business of owning, operating, managing, and offering healthcare, medical services, nursing care and long-term care to the public at a nursing home facility, ManorCare Health Services - Laurdeldale, located at 2125 Elizabeth Avenue, Laureldale Pennsylvania 19605. Plaintiff is asserting a professional liability claim against this Defendant.

8.     At all times material hereto, Defendant, Manor Care of Laureldale PA, acted or failed to act by and through its agents, ostensible agents, servants, workmen, nurses, nurses' aides, and/or employees, physicians, the nursing home administrators and/or administrators responsible for formulating, adopting, monitoring and enforcing the policies, procedures and protocols of Laureldale, from the time Decedent was

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

admitted to Laureldale on December 13, 2012, including the physicians, nurses, nurses' aides, staff members and employees responsible for the care, supervision, treatment and safety of Decedent, starting on December 13, 2012, which includes those physicians, nurses, nurses' aides, staff and employees identified in the records and charts of Laureldale, whose names cannot be discerned from the records but whose identities are known to and within the exclusive control of ManorCare of Laureldale PA, as well as those physicians, nurses, nurses' aides, staff and employees whose names are not recorded in the records due to Defendants' failure to implement and utilize proper record-keeping and documentation procedures but whose identities are known to and within the exclusive control of Defendant, ManorCare of Laureldale PA, all of whom were then and there acting within the scope of their authority and in the course of their employment with Defendant, Manor Care of Laureldale PA, and in furtherance of Defendant, Manor Care of Laureldale PA's business and on behalf of Defendant, Manor Care of Laureldale PA.

9.    Defendant, HCR Manorcare, LLC is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and was engaged in the business of owning, operating, managing, and offering healthcare, medical services, nursing care and long-term care to the public at a nursing home facility, ManorCare Health Services - Laurdeldale, located at 2125 Elizabeth Avenue, Laureldale Pennsylvania 19605. Plaintiff is asserting a professional liability claim against this Defendant.

10.    At all times material hereto, Defendant, HCR Manorcare, LLC, acted or failed to act by and through its agents, ostensible agents, servants, workmen, nurses, nurses' aides, and/or employees, physicians, the nursing home administrators and/or administrators responsible for formulating, adopting, monitoring and enforcing the policies, procedures and protocols of Laureldale, from the time Decedent was admitted to Laureldale on December 13, 2012, including the physicians, nurses, nurses' aides, staff members and employees responsible for the care, supervision, treatment and safety of Decedent, starting on December 13, 2012, which includes those physicians, nurses, nurses' aides, staff and employees identified in the records and charts of Laureldale, whose names cannot be discerned from the records but whose identities are known to and within the exclusive control of HCR Manorcare, LLC, as well as those physicians, nurses, nurses' aides, staff and employees whose names are not recorded in the records due to Defendants' failure to implement and utilize proper record-keeping and documentation procedures but

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

whose identities are known to and within the exclusive control of Defendant, HCR Manorcare, LLC, all of whom were then and there acting within the scope of their authority and in the course of their employment with Defendant, HCR Manorcare, LLC, and in furtherance of Defendant, HCR Manocare, LLC's business and on behalf of Defendant, HCR Manorcare, LLC.

11.    Defendant, Manorcare Health Services, Inc., is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and was engaged in the business of owning, operating, managing, and offering healthcare, medical services, nursing care and long-term care to the public at a nursing home facility, ManorCare Health Services - Laurdeldale, located at 2125 Elizabeth Avenue, Laureldale Pennsylvania 19605.  Plaintiff is asserting a professional liability claim against this Defendant.

12.    At all times material hereto, Defendant, ManorCare Health Services, Inc., acted or failed to act by and through its agents, ostensible agents, servants, workmen, nurses, nurses' aides, and/or employees, physicians, the nursing home administrators and/or administrators responsible for formulating, adopting, monitoring and enforcing the policies, procedures and protocols of Laureldale, from the time Decedent was admitted to Laureldale on December 13, 2012, including the physicians, nurses, nurses' aides, staff members and employees responsible for the care, supervision, treatment and safety of Decedent, starting on December 13, 2012, which includes those physicians, nurses, nurses' aides, staff and employees identified in the records and charts of Laureldale, whose names cannot be discerned from the records but whose identities are known to and within the exclusive control of ManorCare Health Services, Inc., as well as those physicians, nurses, nurses' aides, staff and employees whose names are not recorded in the records due to Defendants' failure to implement and utilize proper record-keeping and documentation procedures but whose identities are known to and within the exclusive control of Defendant, ManorCare Health Services, Inc., all of whom were then and there acting within the scope of their authority and in the course of their employment with Defendant, Manorcare Health Services, Inc., and in furtherance of Defendant, Manorcare Health Services, Inc.'s business and on behalf of Defendant, Manorcare Health Services, Inc.

13.    Defendant, Manor Care, Inc., is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and was engaged in the business of owning, operating,

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

managing, and offering healthcare, medical services, nursing care and long-term care to the public at a nursing home facility, ManorCare Health Services - Laurdeldale, located at 2125 Elizabeth Avenue, Laureldale Pennsylvania 19605. Plaintiff is asserting a professional liability claim against this Defendant.

14.    At all times material hereto, Defendant, Manor Care, Inc., acted or failed to act by and through its agents, ostensible agents, servants, workmen, nurses, nurses' aides, and/or employees, physicians, the nursing home administrators and/or administrators responsible for formulating, adopting, monitoring and enforcing the policies, procedures and protocols of Laureldale, from the time Decedent was admitted to Laureldale on December 13, 2012, including the physicians, nurses, nurses' aides, staff members and employees responsible for the care, supervision, treatment and safety of Decedent, starting on December 13, 2012,  which includes those physicians, nurses, nurses' aides, staff and employees identified in the records and charts of Laureldale, whose names cannot be discerned from the records but whose identities are known to and within the exclusive control of Manor Care, Inc., as well as those physicians, nurses, nurses' aides, staff and employees whose names are not recorded in the records due to Defendants' failure to implement and utilize proper record-keeping and documentation procedures but whose identities are known to and within the exclusive control of Defendant, ManorCare of Laureldale PA, LLC d/b/a ManorCare Health Services – Laureldale, all of whom were then and there acting within the scope of their authority and in the course of their employment with Defendant, Manor Care, Inc., and in furtherance of Defendant, Manor Care, Inc.'s business and on behalf of Defendant, Manor Care, Inc.

15.    Defendant, HCR Manorcare, Inc., is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and was engaged in the business of owning, operating, managing, and offering healthcare, medical services, nursing care and long-term care to the public at a nursing home facility, ManorCare Health Services - Laurdeldale, located at 2125 Elizabeth Avenue, Laureldale Pennsylvania 19605. Plaintiff is asserting a professional liability claim against this Defendant.

16.    At all times material hereto, Defendant, HCR Manorcare, Inc., acted or failed to act by and through its agents, ostensible agents, servants, workmen, nurses, nurses' aides, and/or employees, physicians, the nursing home administrators and/or administrators responsible for formulating, adopting, monitoring and enforcing the policies, procedures and protocols of Laureldale, from the time Decedent was

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

admitted to Laureldale on December 13, 2012, including the physicians, nurses, nurses' aides, staff members and employees responsible for the care, supervision, treatment and safety of Decedent, starting on December 13, 2012,  which includes those physicians, nurses, nurses' aides, staff and employees identified in the records and charts of Laureldale, whose names cannot be discerned from the records but whose identities are known to and within the exclusive control of HCR Manorcare, Inc. as well as those physicians, nurses, nurses' aides, staff and employees whose names are not recorded in the records due to Defendants' failure to implement and utilize proper record-keeping and documentation procedures but whose identities are known to and within the exclusive control of Defendant, HCR Manorcare, Inc., all of whom were then and there acting within the scope of their authority and in the course of their employment with Defendant, HCR Manorcare, Inc., and in furtherance of Defendant, HCR Manorcare, Inc.'s business and on behalf of Defendant, HCR Manorcare, Inc.

17.     Defendant, HCR IV Healthcare, LLC, is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and was engaged in the business of owning, operating, managing, and offering healthcare, medical services, nursing care and long-term care to the public at a nursing home facility, ManorCare Health Services - Laurdeldale, located at 2125 Elizabeth Avenue, Laureldale Pennsylvania 19605.  Plaintiff is asserting a professional liability claim against this Defendant.

18.     At all times material hereto, Defendant, HCR IV Healthcare, LLC, acted or failed to act by and through its agents, ostensible agents, servants, workmen, nurses, nurses' aides, and/or employees, physicians, the nursing home administrators and/or administrators responsible for formulating, adopting, monitoring and enforcing the policies, procedures and protocols of Laureldale, from the time Decedent was admitted to Laureldale on December 13, 2012, including the physicians, nurses, nurses' aides, staff members and employees responsible for the care, supervision, treatment and safety of Decedent, starting on December 13, 2012,  which includes those physicians, nurses, nurses' aides, staff and employees identified in the records and charts of Laureldale, whose names cannot be discerned from the records but whose identities are known to and within the exclusive control of HCR IV Healthcare, LLC, as well as those physicians, nurses, nurses' aides, staff and employees whose names are not recorded in the records

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

due to Defendants' failure to implement and utilize proper record-keeping and documentation procedures but whose identities are known to and within the exclusive control of Defendant, HCR IV Healthcare, LLC, all of whom were then and there acting within the scope of their authority and in the course of their employment with Defendant, HCR IV Healthcare, LLC, and in furtherance of Defendant, HCR IV Healthcare, LLC's business and on behalf of Defendant, HCR IV Healthcare, LLC.

19.     Defendant, HCR III Healthcare, LLC, is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and was engaged in the business of owning, operating, managing, and offering healthcare, medical services, nursing care and long-term care to the public at a nursing home facility, ManorCare Health Services - Laurdeldale, located at 2125 Elizabeth Avenue, Laureldale Pennsylvania 19605.  Plaintiff is asserting a professional liability claim against this Defendant.

20.     At all times material hereto, Defendant, HCR III Healthcare, LLC acted or failed to act by and through its agents, ostensible agents, servants, workmen, nurses, nurses' aides, and/or employees, physicians, the nursing home administrators and/or administrators responsible for formulating, adopting, monitoring and enforcing the policies, procedures and protocols of Laureldale, from the time Decedent was admitted to Laureldale on December 13, 2012, including the physicians, nurses, nurses' aides, staff members and employees responsible for the care, supervision, treatment and safety of Decedent, starting on December 13, 2012, which includes those physicians, nurses, nurses' aides, staff and employees identified in the records and charts of Laureldale, whose names cannot be discerned from the records but whose identities are known to and within the exclusive control of ManorCare of Laureldale PA, LLC d/b/a ManorCare Health Services – Laureldale, as well as those physicians, nurses, nurses' aides, staff and employees whose names are not recorded in the records due to Defendants' failure to implement and utilize proper record-keeping and documentation procedures but whose identities are known to and within the exclusive control of Defendant, HCR III Healthcare, LLC, all of whom were then and there acting within the scope of their authority and in the course of their employment with Defendant, HCR IV Healthcare, LLC, and in furtherance of Defendant, HCR IV Healthcare, LLC's business and on behalf of Defendant, HCR IV Healthcare, LLC.

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

21.     Defendant, HCR II Healthcare, LLC, is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and was engaged in the business of owning, operating, managing, and offering healthcare, medical services, nursing care and long-term care to the public at a nursing home facility, ManorCare Health Services - Laurdeldale, located at 2125 Elizabeth Avenue, Laureldale Pennsylvania 19605. Plaintiff is asserting a professional liability claim against this Defendant.

22.     At all times material hereto, Defendant, HCR II Healthcare, LLC acted or failed to act by and through its agents, ostensible agents, servants, workmen, nurses, nurses' aides, and/or employees, physicians, the nursing home administrators and/or administrators responsible for formulating, adopting, monitoring and enforcing the policies, procedures and protocols of Laureldale, from the time Decedent was admitted to Laureldale on December 13, 2012, including the physicians, nurses, nurses' aides, staff members and employees responsible for the care, supervision, treatment and safety of Decedent, starting on December 13, 2012, which includes those physicians, nurses, nurses' aides, staff and employees identified in the records and charts of Laureldale, whose names cannot be discerned from the records but whose identities are known to and within the exclusive control of HCR II Healthcare, LLC, as well as those physicians, nurses, nurses' aides, staff and employees whose names are not recorded in the records due to Defendants' failure to implement and utilize proper record-keeping and documentation procedures but whose identities are known to and within the exclusive control of Defendant, HCR II Healthcare, LLC, all of whom were then and there acting within the scope of their authority and in the course of their employment with Defendant, HCR II Healthcare, LLC, and in furtherance of Defendant, HCR II Healthcare, LLC's business and on behalf of Defendant, HCR II Healthcare, LLC.

23.     Defendant, HCR Healthcare, LLC, is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and was engaged in the business of owning, operating, managing, and offering healthcare, medical services, nursing care and long-term care to the public at a nursing home facility, ManorCare Health Services - Laurdeldale, located at 2125 Elizabeth Avenue, Laureldale Pennsylvania 19605. Plaintiff is asserting a professional liability claim against this Defendant.

24.     At all times material hereto, Defendant, HCR Healthcare, LLC acted or failed to act by and

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

through its agents, ostensible agents, servants, workmen, nurses, nurses' aides, and/or employees, physicians, the nursing home administrators and/or administrators responsible for formulating, adopting, monitoring and enforcing the policies, procedures and protocols of Laureldale, from the time Decedent was admitted to Laureldale on December 13, 2012, including the physicians, nurses, nurses' aides, staff members and employees responsible for the care, supervision, treatment and safety of Decedent, starting on December 13, 2012, which includes those physicians, nurses, nurses' aides, staff and employees identified in the records and charts of Laureldale, whose names cannot be discerned from the records but whose identities are known to and within the exclusive control of HCR Healthcare, LLC as well as those physicians, nurses, nurses' aides, staff and employees whose names are not recorded in the records due to Defendants' failure to implement and utilize proper record-keeping and documentation procedures but whose identities are known to and within the exclusive control of Defendant, HCR Healthcare, LLC, all of whom were then and there acting within the scope of their authority and in the course of their employment with Defendant, HCR Healthcare, LLC, and in furtherance of Defendant, HCR Healthcare, LLC's business and on behalf of Defendant, HCR Healthcare, LLC.

25.     Defendant, HCRMC Operations, LLC, is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and was engaged in the business of owning, operating, managing, and offering healthcare, medical services, nursing care and long-term care to the public at a nursing home facility, ManorCare Health Services - Laurdeldale, located at 2125 Elizabeth Avenue, Laureldale Pennsylvania 19605.  Plaintiff is asserting a professional liability claim against this Defendant.

26.     At all times material hereto, Defendant, HCRMC Operations, LLC acted or failed to act by and through its agents, ostensible agents, servants, workmen, nurses, nurses' aides, and/or employees, physicians, the nursing home administrators and/or administrators responsible for formulating, adopting, monitoring and enforcing the policies, procedures and protocols of Laureldale, from the time Decedent was admitted to Laureldale on December 13, 2012, including the physicians, nurses, nurses' aides, staff members and employees responsible for the care, supervision, treatment and safety of Decedent, starting on December 13, 2012, which includes those physicians, nurses, nurses' aides, staff and employees

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

identified in the records and charts of Laureldale, whose names cannot be discerned from the records but whose identities are known to and within the exclusive control of HCRMC Operations, LLC, as well as those physicians, nurses, nurses' aides, staff and employees whose names are not recorded in the records due to Defendants' failure to implement and utilize proper record-keeping and documentation procedures but whose identities are known to and within the exclusive control of Defendant, HCRMC Operations, LLC, all of whom were then and there acting within the scope of their authority and in the course of their employment with Defendant, HCRMC Operations, LLC, and in furtherance of Defendant, HCRMC Operations, LLC's business and on behalf of Defendant, HCRMC Operations, LLC.

27.     Defendant, HCR Manorcare Operations II, LLC, is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and was engaged in the business of owning, operating, managing, and offering healthcare, medical services, nursing care and long-term care to the public at a nursing home facility, ManorCare Health Services - Laureldale, located at 2125 Elizabeth Avenue, Laureldale Pennsylvania 19605. Plaintiff is asserting a professional liability claim against this Defendant.

28.     At all times material hereto, Defendant, HCR Manorcare Operations II, LLC acted or failed to act by and through its agents, ostensible agents, servants, workmen, nurses, nurses' aides, and/or employees, physicians, the nursing home administrators and/or administrators responsible for formulating, adopting, monitoring and enforcing the policies, procedures and protocols of Laureldale, from the time Decedent was admitted to Laureldale on December 13, 2012, including the physicians, nurses, nurses' aides, staff members and employees responsible for the care, supervision, treatment and safety of Decedent, starting on December 13, 2012, which includes those physicians, nurses, nurses' aides, staff and employees identified in the records and charts of Laureldale, whose names cannot be discerned from the records but whose identities are known to and within the exclusive control of HCR Manorcare Operations II, LLC, as well as those physicians, nurses, nurses' aides, staff and employees whose names are not recorded in the records due to Defendants' failure to implement and utilize proper record-keeping and documentation procedures but whose identities are known to and within the exclusive control of Defendant, HCR

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

Manorcare Operations II, LLC, all of whom were then and there acting within the scope of their authority and in the course of their employment with Defendant, HCR Manorcare Operations II, LLC, and in furtherance of Defendant, HCR Manorcare Operations II, LLC's business and on behalf of Defendant, HCR Manorcare Operations II, LLC.

29.     Defendant, Heartland Employment Services, LLC, is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and was engaged in the business of owning, operating, managing, and offering healthcare, medical services, nursing care and long-term care to the public at a nursing home facility, ManorCare Health Services - Laurdeldale, located at 2125 Elizabeth Avenue, Laureldale Pennsylvania 19605.  Plaintiff is asserting a professional liability claim against this Defendant.

30.     At all times material hereto, Defendant, Heartland Employment Services, LLC, acted or failed to act by and through its agents, ostensible agents, servants, workmen, nurses, nurses' aides, and/or employees, physicians, the nursing home administrators and/or administrators responsible for formulating, adopting, monitoring and enforcing the policies, procedures and protocols of Laureldale, from the time Decedent was admitted to Laureldale on December 13, 2012, including the physicians, nurses, nurses' aides, staff members and employees responsible for the care, supervision, treatment and safety of Decedent, starting on December 13, 2012, which includes those physicians, nurses, nurses' aides, staff and employees identified in the records and charts of Laureldale, whose names cannot be discerned from the records but whose identities are known to and within the exclusive control of Heartland Employment Services, LLC, as well as those physicians, nurses, nurses' aides, staff and employees whose names are not recorded in the records due to Defendants' failure to implement and utilize proper record-keeping and documentation procedures but whose identities are known to and within the exclusive control of Defendant, Heartland Employment Services, LLC, all of whom were then and there acting within the scope of their authority and in the course of their employment with Defendant, Heartland Employment Services, LLC, and in furtherance of Defendant, Heartland Employment Services, LLC's business and on behalf of Defendant, Heartland Employment Services, LLC.

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

31.     Defendant, HCR Manor Care Services, LLC, is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and was engaged in the business of owning, operating, managing, and offering healthcare, medical services, nursing care and long-term care to the public at a nursing home facility, ManorCare Health Services - Laureldale, located at 2125 Elizabeth Avenue, Laureldale Pennsylvania 19605. Plaintiff is asserting a professional liability claim against this Defendant.

32.     At all times material hereto, Defendant, HCR Manor Care Services, LLC, acted or failed to act by and through its agents, ostensible agents, servants, workmen, nurses, nurses' aides, and/or employees, physicians, the nursing home administrators and/or administrators responsible for formulating, adopting, monitoring and enforcing the policies, procedures and protocols of Laureldale, from the time Decedent was admitted to Laureldale on December 13, 2012, including the physicians, nurses, nurses' aides, staff members and employees responsible for the care, supervision, treatment and safety of Decedent, starting on December 13, 2012, which includes those physicians, nurses, nurses' aides, staff and employees identified in the records and charts of Laureldale, whose names cannot be discerned from the records but whose identities are known to and within the exclusive control of HCR Manor Care Services, LLC, as well as those physicians, nurses, nurses' aides, staff and employees whose names are not recorded in the records due to Defendants' failure to implement and utilize proper record-keeping and documentation procedures but whose identities are known to and within the exclusive control of Defendant, HCR Manor Care Services, LLC, all of whom were then and there acting within the scope of their authority and in the course of their employment with Defendant, HCR Manor Care Services, LLC, and in furtherance of Defendant, HCR Manor Care Services, LLC's business and on behalf of Defendant, HCR Manor Care Services, LLC.

33.     Defendant, Promedica Health System, Inc., is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and was engaged in the business of owning, operating, managing, and offering healthcare, medical services, nursing care and long-term care to the public at a nursing home facility, ManorCare Health Services - Laureldale, located at 2125 Elizabeth Avenue, Laureldale Pennsylvania 19605. Plaintiff is asserting a professional liability claim against this Defendant.

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

34.     At all times material hereto, Defendant, Promedica Health System, Inc., acted or failed to act by and through its agents, ostensible agents, servants, workmen, nurses, nurses' aides, and/or employees, physicians, the nursing home administrators and/or administrators responsible for formulating, adopting, monitoring and enforcing the policies, procedures and protocols of Laureldale, from the time Decedent was admitted to Laureldale on December 13, 2012, including the physicians, nurses, nurses' aides, staff members and employees responsible for the care, supervision, treatment and safety of Decedent, starting on December 13, 2012, which includes those physicians, nurses, nurses' aides, staff and employees identified in the records and charts of Laureldale, whose names cannot be discerned from the records but whose identities are known to and within the exclusive control of Promedica Health System, Inc.as well as those physicians, nurses, nurses' aides, staff and employees whose names are not recorded in the records due to Defendants' failure to implement and utilize proper record-keeping and documentation procedures but whose identities are known to and within the exclusive control of Defendant, Promedica Health System, Inc., all of whom were then and there acting within the scope of their authority and in the course of their employment with Defendant, Promedica Health System, Inc., and in furtherance of Defendant, Promedica Health System, Inc.'s business and on behalf of Defendant, Promedica Health System, Inc.

35.     At all times relevant and material hereto Defendants engaged in the business of owning, operating, managing, controlling and offering healthcare, medical services, nursing care, long-term care and skilled nursing care to the public at and through the facility known as ManorCare Health Services - Laureldale, located 2125 Elizabeth Avenue, Laureldale, Pennsylvania, and acted or failed to act, through its agents, ostensible agents, servants, workmen, physicians, nurses, nurses' aides, staff and/or employees.

36.     At all times material hereto, Defendants individually and collectively owed duties to the residents of Laureldale, including Decedent.

37.     At all times relevant and material hereto Defendants were aware of their obligations under the laws of the United States of America and of the Commonwealth of Pennsylvania with which Defendants were required to comply in providing care to Decedent, including the United States Code, Pennsylvania Consolidated Statutes and the Pennsylvania Administrative Code.

38.     ManorCare Health Services – Laureldale was categorized by the Pennsylvania Department

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

of Health as a "for profit" skilled nursing care facility.

39.     Defendants, directly and/or through their respective agents, servants and/or employees, accepted the responsibility for the care of Decedent, and in so doing, undertook and/or assumed a duty to Decedent to provide a safe nursing home facility necessary for the proper practice of medicine at said nursing home facility and to render reasonable, competent, proper, adequate and appropriate medical care, skilled nursing home facility care, custodial care, nursing home services and treatment and, to take appropriate, preventative and curative measures as well as adequately supervise, monitor, and provide timely treatment and services to Decedent, and avoid and prevent harm to her.

40.     Defendants owed a duty to Decedent to exercise reasonable and ordinary care as a resident at Defendants' facility receiving medical, nursing and other allied healthcare services. Defendants' duties included, but were not limited to, establishing and enforcing their respective nursing home facility rules and regulations, medical staff practices, bylaws, policies, procedures, rules and regulations which mandate provision of proper medical, nursing and other healthcare provider services and/or care to the nursing home residents, including Decedent. Defendants' duties also included hiring competent medical, nursing and other allied healthcare personnel, continuing an ongoing review of said competency, maintaining the facility such that it is free from ordinary hazards and defective equipment, maintaining sufficient staffing levels, insuring that all residents receive adequate, competent and timely medical, nursing and other allied health care treatment and services while residing at Defendants' nursing facility, and, establishing and enforcing policies, procedures, protocols and systems to monitor their staff to ensure that all residents are receiving proper and timely care and treatment including, but not limited to, complete and accurate resident assessments, developing, enforcing and revising individualized, resident-centered care plans, adequate supervision/monitoring, proper use of medication, proper use of physical and/or chemical restraints, proper establishment and enforcement of procedures for medical and nursing review and/or audit of the care given to residents, proper establishment of policies, procedures, protocols and guidelines to ensure that proper medical, custodial and nursing care are performed on and for residents at their nursing home, including Decedent.

41.     At all times relevant hereto, Defendants, directly and/or through contractual agreement had

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

a corporate responsibility through their respective bylaws, medical staff bylaws, rules, regulations and ongoing government functions to assure that only competent physicians, nurses and other health care providers engaged in the medical and skilled nursing practice at their skilled care nursing home facility and other related fields of medicine on Defendants' premises.

42.     Defendants have failed to adequately train and/or supervise their physicians, nurses, nurses' aides and other healthcare providers which has resulted in personal harm, injury and, ultimately, to the demise of Decedent.

43.     The provisions of OBRA (Omnibus Budget Reconciliation Act of 1987) are applicable with regard to Decedent's condition as it existed while in Defendants' care and during residency at Defendants' facility beginning December 13, 2012.

44.     Defendants held themselves out as a specialist in the field of adult nursing care with the expertise necessary to maintain the health and safety of persons unable to care adequately for themselves.

45.     At all times pertinent hereto, Decedent was a resident at Laureldale and was under the exclusive care and control of the Defendants, their agents, officers, servants and/or employees.

46.     Defendants, their agents, officers, servants and/or employees failed, refused and/or neglected to perform the duties to provide reasonable and adequate health care to and for Decedent, who was unable to attend to her own health, safety and well-being.

47.     Defendants, their agents, officers, servants and/or employees negligently, carelessly and recklessly provided care and treatment to Decedent, and all of the alleged acts, omissions and occurrences herein described or performed by Defendants, their agents, officers, servants and/or employees fell within the course and scope of their agency and employment with Defendants and in furtherance of the Defendants' business.

48.     Defendants provide twenty-four (24) hour a day, seven (7) day a week medical, nursing, custodial and rehabilitation care, services and assistance to its residents who have issues related to age, illness, disease, injury, convalescence and physical and mental infirmity.

49.     Defendants are responsible for nearly all of the health care needs of residents including, but not limited to, assistance with activities of daily living, bed mobility, transfer, ambulation, personal

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

hygiene, nutrition, hydration, restorative care, incontinence care, turning and repositioning, supervision, monitoring, safety and rehabilitation.

50.     Defendants are responsible for ensuring that all doctor-ordered testing and medical services are performed.

51.     Defendants are required to conduct comprehensive and accurate assessment of their residents' functional capacity, as well as their residents' needs and risk factors.

52.     Defendants are required to formulate and develop an individualized health care plan upon admission of each resident.

53.     Defendants are responsible for determining residents' risk level for injuries including falls, skin breakdown, skin tear, pressure ulcers, dehydration, malnutrition, urinary tract infections, constipation, hypokalemia, and hypoglycemia.

54.     Defendants are responsible for formulating, adopting, modifying and implementing injury prevention programs and care directives, including prevention programs for residents at risk for injuries including falls, skin breakdown, skin tear, pressure ulcers, dehydration, malnutrition, urinary tract infections, constipation, hypokalemia, and hypoglycemia.

55.     Defendants are responsible for ensuring that injury prevention programs, procedures and protocols are implemented, executed and performed including prevention programs and procedures and death.

56.     Defendants are responsible for ensuring that a "Care Plan" is personalized for each resident and modified and/or revised as needs change.

57.     Defendants are responsible for ensuring that a "Care Plan" for residents includes safety measures and interventions for falls, skin breakdown, skin tear, pressure ulcers, dehydration, malnutrition, urinary tract infections, constipation, hypokalemia, and hypoglycemia.

58.     Defendants are responsible for ensuring that safety measures and interventions, including adequate prevention of falls, skin breakdown, skin tear, pressure ulcers, dehydration, malnutrition, urinary tract infections, constipation, hypokalemia, hypoglycemia and implementation of the appropriate infection control policies, procedures and techniques, and adequate supervision and monitoring of residents with

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

decreased cognition and safety awareness are implemented and executed.

59.     Defendants were responsible to fulfill the responsibilities of the "Care Plan" to the residents of their skilled nursing facility, Laureldale, including Decedent.

60.     Cora Schneider was admitted to ManorCare Health Services - Laureldale on December 13, 2012.

61.     During the course of her residency, Decedent was incapable of independently providing for all of her daily care and personal needs without reliable assistance. In exchange for monies, Decedent was admitted to Defendants' facility to obtain such care and protection.

62.     Defendants, through advertising, promotional materials and information sheets, held themselves out as being able to provide skilled nursing care to sick, elderly and frail individuals, including Decedent.

63.     At all times material hereto, Defendants held themselves out as capable of providing skilled nursing care and total healthcare, akin to a hospital, and assumed responsibility for Decedent's total healthcare, including care planning and the provision of medication, medical care and treatment, therapy, nutrition, hydration, hygiene, custodial care and services and assistance with all activities of daily living.

64.     At the time of Decedent's admission, Defendants, through their agents, employees, servants, contractors, subcontractors, staff representatives, physicians, nurses, and nurses' aides assessed Decedent's needs and promised that they would adequately care for her needs.

65.     Defendants exercised complete and total control over the healthcare of all residents of their nursing facility, including Decedent.

66.     At all times material hereto, Defendants were vertically integrated organizations that were controlled by their respective members, officers, managers, and/or board of directors who were responsible for the operation, planning, management and quality control of Laureldale.

67.     At all times material hereto, the control exercised over Decedent by Defendants included, inter alia: budgeting, marketing, cash management, cost control, reimbursement, setting staffing levels, maintaining and increasing census, human resource management, training, supervision and oversight of their facility's administration, supervision and oversight of their facility's director of nursing, supervision

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

of staff, obtaining licensure and certification, conducting mock surveys, conducting customer satisfaction surveys and monitoring customer satisfaction, corporate and regulatory compliance, quality of care assessment, and the creation and implementation of all policy and procedure manuals used by Laureldale.

68.    At all times material hereto, Defendants, by and through their respective members, managers, officers and/or board of directors utilized various reports, survey results and quality indicators to monitor the care being provided at Laureldale.

69.    At all times material thereto, Defendants had an obligation to maintain, manage and operate with adequate and sufficient staff to ensure the timely recognition and appropriate treatment of the medical, nursing and custodial needs of their residents, including Decedent.

70.    At all times material hereto, Defendants exercised the ultimate authority over all Laureldale's budgets and had final approval over the allocation of resources in Defendants' facility.

71.    At all times material and pertinent hereto, Defendants, and the staff at Laureldale, were responsible for the care, treatment, supervision, assistance, safety, welfare and well-being of Decedent.

72.    Decedent, Cora Schneider, was admitted to Laureldale on December 13, 2012 with the following diagnoses: dementia, diabetes mellitus, tubulo-interstitial nephritis, peripheral vascular disease, arthritis, hyperlipidemia, hypothyroidism, gastro-esophageal reflux disease, hypertension, osteoporosis, calculus of kidney, chronic kidney disease, chronic obstructive pulmonary disease and abnormal posture. During her stay at Laureldale, Decedent developed additional diagnoses of dysphagia (2017), feeding difficulties (2017), muscle weakness (2017) and need for personal assistance (2018) which increased her risk of dehydration.

73.    The "Minimum Data Set Assessment" dated September 14, 2018 coded Decedent as requiring extensive assist with food and fluid intake which increased her risk of dehydration:

*Cognitive Skills for Daily Decision Making: Moderatley Impaired – decision poor, cues/supervision required*
*Total Dependence required for transfers, locomotion, bathing*
*Extensive assist required for eating*
*Active Diagnoses:*

- *Abnormal posture*
- *Muscle weakness*
- *Feeding difficulties*

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

*MASD (Moisture Associated Skin Damage) present*

74.     The staff at Laureldale were aware of Decedent's risk for dehydration as evidenced by the "Physician Order", "*[e]ncourage PO fluids every shift for hydration*", which was discontinued on June 6, 2018.

75.     "Electronic Medication Adminstration Records", "Electronic Treatment Administration Records" and "Documentation Survey Reports" for July, August, and September 2018 reveal multiple holes in the documentation for "*fluids offered*", "*0*" intake for "*HS snack*",  and no fall precautions for Decedent.

76.     Despite the Certified Nursing Assistants documenting "*0*" or "*R*"  for percentage of intake consumed for "*HS Snack*" and "*Fluids offered*" for September 2018, the September 18, 2018  "*Quarterly Nutrition Progress Note*" documented  "*accepts most HS snacks and fluids offered, likely meets/exceeds estimated energy/protein/fluid needs with current PO intake at meals/snacks*".

77.     A September 19, 2018 "Progress Note" documented a "*clarification note*" for the "Minimum Data Set" dated September 14, 2018, "*Cora rarely/never understood.  Staff stated that Cora has a memory problem and disorganized thinking continuously throughout the day.  Severely impaired cognitive skills for daily decision making*", which increased Decedent's risk for dehydration and falls.

78.     The next "Progress Note" is dated September 28, 2018, when Decedent was found on the floor and required transfer to the hospital.

79.     The September 28, 2018 "Progress Note" documented:

*Resident found lying on floor of her room in front of w/c by housekeeping.  Resident bleeding from hematoma on L side of forehead.  Skin tear to R shin.  Resident stated she had to go to the bathroom.  Resident assessed by RN.  Head wound cleansed with NSS and pressure dressing applied.  VS taken and stable.  Resident sent out to RHMC.  R. Jelus aware and RP Mary Youse update.*

80.     Decedent was transferred to Reading Hospital at 11:45 AM.

81.     "Documentation Survey Report" documented Decedent was last toileted and provided care more than four hours prior, at 7:18AM.

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

82.     Decedent's "Care Plan" for "*At risk for falls due to unsteady gait with inability to fully bear weight on BLE's r/t generalized weakness secondary to progressing of her disease process*" revealed an outdated plan for Decedent.

83.     Decedent's nursing facility records do not reveal any nursing assessments and/or physician notification regarding Decedent's decreased intake of food or fluids and/or interventions initiated to prevent dehydration.

84.     Decedent was admitted to Reading Hospital for acute kidney failure, urinary tract infection, dehydration, hypovolemia, constipation and hyperkalemia.

85.     A September 29, 2018 "Progress Note" documented Decedent's fall was due to "*unclear in etiology-potentially precipitated by hypovolemia, hyperglycemia, hyperkalemia*" and "*AKI on CKD4 with elevated BUN-very mild. Slowly improving. Continue gentle hydration*".

86.     Decedent's Discharge Summary documented the following:

*Discharge Diagnosis:*

*Principle Problem: Hyperkalemia*

*Active Problems:  Dehydration, Alzheimer's Dementia, Fall at home, Urinary Tract Infection*

*Reason for admission/Hospital course:*

*Upon evaluation patient was found to be mildly hyperkalemic, in mild AKI, hyperglycemic, with constipation and urinary tract infection as well as low vitamin-D.  Many of the symptoms/abnormalities were thought to be precipitated by poor p.o intake as well as lack of good bowel regimen.*

*Her electrolyte and glucose abnormalities resolved before discharge with gentle hydration and Kayexalate.  She is moving her bowels normally prior to discharge.  Her UTI was treated with Rocephin x 3 days.  Vitamin-D replacement was initiated.  TSH was within normal limits.*

87.     Decedent's "After Visit Summary" dated October 1, 2018 documented "Additional Instructions" as, "*You were admitted to the hospital for dehydration, elevated potassium level, kidney dysfunction, and elevated sugars.  Your lab work normalized by the time of discharge.  Please ensure adequate oral intake.  You were also treated with antibiotics for a urinary tract infection*".

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

88.     Decedent was readmitted to Laureldale on October 1, 2018 wherein the "Readmission Assessment" documented Decedent was totally dependent with all activities of daily living, which increased her risk for pressure injury development.

89.     "Progress Notes" for October 2018 reveal Decedent spent the majority of her time in bed which also increased her risk for pressure injury development.

90.     The "Minimum Data Set Assessment" dated October 6, 2018 does not code a turning and repositioning program is in place for Decedent, a high-risk dependent resident, despite the "Care Area Assessment" triggering for pressure ulcers.

91.     The "Care Area Assessment Worksheet for Pressure Ulcer/Injury" further documented the nature of the problem/condition, *"she has remained mostly in bed since admission. She is always incontinent of bowel and bladder. She has a skin tear to her R shin that is receiving treatment. She is at risk for skin breakdown. Staff to monitor skin integrity and report changes. Will proceed with care plan"*.

92.     Decedent's "Care Plan" for "[a]t risk for alteration in skin integrity related to: incontinence, impaired mobility" has one new "Intervention" of *"[e]ncourage to reposition as needed; use assistive devices as needed"*. This "Intervention" was not an every two hour repositioning intervention and was an inappropriate intervention due to Decedent's severe cognitive impairment.

93.     "Electronic Medication Administration Records" Electronic Treatment Administration Records" and "Documentation Survey Report" for October 2018 reveal that no pressure injury prevention initiatives where implemented for this high risk resident.

94.     A December 4, 2018 "Progress Note" documented a concern regarding the nursing staff's assessment of Decedent's skin as *"family member brought bruise on LFA, measuring 11cm x 10cm and purple/yellow in color, to nurse attention"*. Decedent's facility records do not reveal any documentation and/or assessment of Decedent's bruise until her family noticed and brought it to the staff's attention.

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

95.     "Documentation Survey Reports" for November 2018 and December 2018 contain multiple holes in documentation for *"bed mobility"*.   And, Decedent's December 2018 "Documentation Survey Report" reveals Decedent was not repositioned in bed every two hours, but rather goes multiple hours without being repositioned, for example:

> *December 31, 2018:*
> *Bed mobility at 08:57, 16:27, 22:28, 00:52, 05.42*

96.     Decedent experienced a significant decline in condition, increased lethargy and decreased nutritional intake on January 8, 201 documented in a "Progress Note" as *"PO intake remains poor, clamps mouth shut, turns face away, lets fluids run out of mouth, daughter Betty requesting UA/CS stating mom gets like this when she has a UTI, call placed to Dr. Perlstein's office awaiting reply"*.

97.     "Progress Notes" do not reveal any communication from the physician or repeat attempts to notify the physician.

98.     A January 10, 2019 "Progress Note" documented, *"Daughter Betty into visit very upset over mothers' condition, stating she hasn't eaten or drank anything in 5 days, why don't the MD's do something about it, call placed to Dr. Pearlstein's office awaiting reply"*.

99.     A third phone call had to be initiated to the physician, *"another call out to Pearlstein's office r/t resident decline.  Resident with wheezing in lung fields. Diminished bases.  Family requesting UA due to hx of UTIs, Kelsey NP in to assess and is recommending UA C&S, labs, and cxray"*.

100.    The "Laboratory Reports" reveal that Decedent was again dehydrated with an elevated white count, critical high potassium count, and positive for a urinary tract infection.  Due to the lack of appropriate nursing assessment and physician notification, the family now had to decide "take to ER or look at hospice services".

101.    Despite Decedent's critical labs, urinary tract infection and continued medical decline, medical records do not reveal any pressure injury prevention initiatives were initiated.

102.    "Progress Notes" do not reveal that Decedent had been turned and repositioned during this time.

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

103.   Decedent developed two pressure injuries on January 21, 2019, documented as *"right hip measure 1.5cm x 1.5cm and sacrum 2cm x 2cm. Sacrum is a deep tissue injury r/t poor PO intake and declining condition"*.

104.   Review of Decedent's "Care Plan" for "Resident has pressure ulcer(s)" has the interventions of *"Pressure redistributing support surface"* and *"repositioning during ADLs"*, after the development of two pressure injuries.

105.   Decedent's "Documentation Survey Report" for January 2019 again reveals multiple instances of Decedent not being turned and repositioned every two hours and multiple hours without being repositioned.

106.   Decedent died on January 28, 2019.

107.   The negligence, neglect and abuse of Decedent by Defendants, and/or Defendants' agents, and resulting injuries caused a significant decline in Decedent's clinical status and were significant contributing factors in causing Decedent's death.

108.   The severity of the negligence, neglect and abuse inflicted upon Decedent by Defendants, and/or Defendants' agents relative to the mismanagement, untrained/undertrained medical providers, lack of supervision, failure to provide adequate and appropriate health care; engaging in incomplete, inconsistent and fraudulent documentation; failure to develop and implement an appropriate care plan, failure to conduct accurate resident assessment; failure to ensure the highest level of physical, mental and psychosocial functioning was attained or maintained; failure to provide appropriate monitoring, supervision, care and services caused Decedent to experience falls, traumatic head injury, skin tear, acute kidney failure, urinary tract infection, dehydration, hypovolemia, constipation, hyperkalemia, hyperglycemia, skin breakdown, pressure ulcers, bruising, leukocytosis and experienced severe conscious pain and suffering prior to her death.

109.   As a direct result of the Defendants' negligence, neglect, abuse, carelessness and recklessness herein described, Decedent was caused to suffer serious and permanent injuries including, falls, traumatic head injury, skin tear, acute kidney failure, urinary tract infection, dehydration, hypovolemia, constipation, hyperkalemia, hyperglycemia, skin breakdown, pressure ulcers, bruising,

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

leukocytosis and experienced severe conscious pain and suffering prior to her death.

## CONDUCT OF THE DEFENDANTS

110.    Plaintiff hereby incorporates by reference the prior paragraphs as if they have been more fully set forth herein.

111.    During the course of her residency, Decedent was incapable of independently providing for all of her daily care and personal needs without reliable assistance.

112.    At all relevant times, the Defendants, through their agents, servants, employees and/or representatives: (a) should have been and/or were aware of Decedent's needs and (b) represented that they could adequately care for her needs.

113.    In exchange for money, Decedent, Cora Schneider, was admitted to Defendants' care at Defendants' facility to obtain such care and protection.

114.    Defendants, upon information and belief, were controlled by a board of directors who were responsible for the operation, planning, management and quality control of its facility.

115.    At all relevant times, Defendants, individually, and/or through their agents, servants and employees, assessed the needs of Decedent and promised that they would adequately care for her needs, akin to a hospital.

116.    Defendants were responsible for the operation, planning, management and quality control of its facility.

117.    The control exercised over Defendants' facility by Defendants, included: budgeting, marketing, human resource management, training, staffing and the creation and implementation of all policy and procedure manuals used by Laureldale.

118.    Defendants controlled reimbursement, quality care assessment and compliance, licensure, certification, and all financial, tax and accounting issues through control of the fiscal policies of Laureldale.

119.    Upon information and belief, the corporate officers of Defendants utilized survey results and quality indicators to monitor the care being provided at their nursing homes, including Laureldale.

120.    Upon information and belief, the Defendants, including their owners, officers, directors, partners, members, managers and employees knew that they had been cited by governmental units regarding

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

Laureldale.  On May 15, 2013: the facility failed to provide a clean and homelike environment on one of four nursing units, failed to follow physician's orders for two of 28 sampled residents, failed to provide physician ordered interventions to promote the healing of pressure sores for two of seven sampled residents who had pressure sores, facility failed to identify the specific condition and the medical necessity for increasing a dose of antipsychotic medication for one of six sampled residents who received an antipsychotic drug; On April 18, 2014: failed to revise care plans to reflect current needs of residents for four of 31 sampled residents, failed to implement care planned interventions for three of 31 sampled residents, failed to implement its infection control plan for four of five residents with infections that required specialized precautions, failed to ensure that two resident bathrooms had adequate ventilation on one of four nursing units, failed to ensure that one of five nursing supervisory staff were knowledgeable of the specific evacuation procedures for bariatric;  On January 6, 2015: facility failed to ensure that the physician was notified of a change in medical condition for one of two sampled residents, failed to ensure that there was documentation to support the discussions regarding advance directives decisions by the resident or their legal responsible party of four of 30 sampled residents, failed to ensure that the necessary staff assistance was provided during meals for one of six sampled residents that required extensive assistance; on April 1, 2016: facility failed to ensure a dignified dinning experience was provided to one of 17 residents observed during meals, failed to ensure that medically-related social services were provided timely for two of 29 residents, failed to develop comprehensive care plans that addressed the individual resident needs for four of 29 sampled residents, failed to ensure that staff provided bathing assistance to dependent residents for six of 26 sampled residents, failed to serve food at palatable temperatures on one of four nursing units, failed to ensure that oral orders for medications were dated by the physician within 48 hours for two of 29 sampled residents, failed to ensure that physician orders were implemented timely for one of three sampled residents; On November 7, 2016: the facility failed to report an allegation of abuse to the State Department of Aging; On March 3, 2017: failed to ensure that on-going grievances were resolved for five of six alert and oriented residents who attended the group meeting, failed to provide assessed nutritional interventions to nine of 12 sampled residents identified with weight loss, failed to ensure that timely foot care was provided to one of 28 sampled residents, failed to ensure that a preventative infection control program was

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

provided to prevent the development and spread of infection within the facility.  Additionally, the facility failed to ensure that staff implemented proper handwashing during wound care for one of two sampled residents, failed to ensure that appropriate and required staff attended the facility's quality assurance meetings at least quarterly, failed to comply with requirements of MCARE Act 403(a)(1),40 P.S. 1303.403 (a)(1)-Infection Control Plan within the facility; On July 13, 2017: failed to ensure that clinical record documentation was complete for one of four residents sampled; On October 24, 2017: the facility failed to ensure that staff notified the physician and a resident's responsible party timely of a change in the resident's condition for one of three sampled residents; On April 6, 2018: failed to ensure that residents were free from sexual abuse for two of 34 sampled residents; On March 13, 2019: facility failed to ensure that a call bell was answered timely for one of 39 sampled residents, failed to ensure that a call bell was accessible for two of 39 sampled residents, failed to maintain confidentiality in regards to residents' health information on one of four nursing units, failed to develop a comprehensive care plan to meet the resident's current needs for one of 39 sampled residents, failed to ensure that professional standards of quality were maintained and that care and services were provided according to acceptable standards of clinical practice for one of 29 residents and two licensed nursing staff, failed to administer pain medication in accordance with physician's orders for one of six sampled residents with pain, failed to ensure that physician ordered medication was available from the pharmacy for one of 29 sampled residents, failed to ensure that a resident was served preferred food items on their meal trays for one of 29 sampled residents, failed to ensure that meals were served at regularly scheduled times in accordance with resident needs for two of 39 sampled residents, failed to establish and maintain an infection prevention and control program designed to provide a safe, sanitary and comfortable environment, and to help prevent the development and transmission of communicable diseases and infections on two of four nursing units; On December 17, 2019: failed to notify the responsible party of a fall that required an emergency room transfer for one of four sampled residents; On July 13, 2020: failed to notify a resident's responsible party of a change in a psychoactive medication for one of three sampled residents; On September 18, 2020: failed to ensure medications were stored at the appropriate temperature according to the manufacturer's guidelines on one of four nursing units; failed to store and serve food under sanitary conditions in the kitchen, in the third floor storage closet and on one of

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

four nursing units.

121.    As a direct and proximate result of the Defendants' acts and omissions, and their breach of the duty of care, negligence, carelessness and recklessness, Cora Schneider suffered: (a) severe permanent physical injuries resulting in pain, suffering, disfigurement and death; (b) mental anguish, embarrassment, humiliation, degradation, emotional distress, and loss of personal dignity; (c) loss of capacity for enjoyment of life; and (d) expense of otherwise unnecessary hospitalizations and medical care.

122.    In causing the aforesaid injuries, the Defendants knew, or should have known, that Cora Schneider would suffer such harm.

123.    At all relevant times, the Defendants, individually, and/or through their agents, servants and employees, assessed the needs of Cora Schneider, and promised that they would adequately care for her needs, akin to a hospital.

124.    At all relevant times, the Defendants made a conscious decision to operate and/or manage the facility so as to maximize profits at the expense of the care required to be provided to their residents, including Cora Schneider.

125.    In their efforts to maximize profits, Defendants reduced staffing levels below the level necessary to provide adequate and timely care and services to their residents, including Cora Schneider.

126.    Upon information and belief, Defendants caused staffing levels at the facility to be set at a level such that the personnel on duty at any given time could not and did not reasonably and timely tend to the needs of their assigned residents, including Cora Schneider.

127.    Upon information and belief, Defendants intentionally increased the number of sick and frail residents with greater health problems requiring more complex care.

128.    Defendants knew that the increase in the acuity care levels of the resident population would substantially increase the need for staff, services and supplies necessary for the resident population.

129.    Defendants failed to provide the resources necessary, including sufficient staff, services and supplies, to meet the needs of their residents, including Cora Schneider.

130.    Defendants negligently, carelessly and recklessly caused the healthcare providers, nurses and nurses' aides who they placed and/or staffed at the facility to be so unqualified and/or under-trained,

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

that the personnel on duty at any given time could not and did not reasonably and timely tend to the needs of their assigned residents, including Cora Schneider.

131. The aforementioned acts and omissions directly caused and/or increased the risk of the injuries and harm to Cora Schneider and were known by Defendants.

132. At all relevant times, the facility was individually owned, and/or in concert owned, possessed, managed, controlled, operated and maintained under the exclusive control of the Defendants.

133. At all relevant times, the Defendants were operating individually or through their managers, members, partners, officers, agents, servants and employees who had actual, apparent and/or ostensible authority, and all of whom were acting within the course and scope of their employment and under the direct and exclusive control of the Defendants.

134. The aforementioned injuries, acts and omissions were caused solely and exclusively by reason of negligence, carelessness and recklessness of the Defendants, and their agents, servants and employees and were due in no part to any act or omission to act on the part of Cora Schneider.

135. The Defendants exercised complete and total control over the total and complete healthcare of all the residents of the facility, including Cora Schneider, akin to a hospital.

### COUNT I – NEGLIGENCE
### BETTY WENRICH, ADMINISTRATRIX OF THE ESTATE OF
### CORA SCHNEIDER, DECEASED
### v.
### ALL DEFENDANTS

136. Plaintiff incorporates by reference herein the allegations contained in the preceding paragraphs of the Complaint, as though same were fully set forth at length herein.

137. Upon accepting Cora Schneider, as a resident at their facility, Defendants individually, and jointly assumed direct duties to Ms. Bibbs to provide her with adequate, timely and appropriate healthcare, and other basic custodial services as set forth herein.

138. Defendants had the ultimate responsibility to ensuing that the rights, safety, welfare and well-being of their residents, including Cora Schneider, were protected.

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

139.    Defendants owed duties to provide adequate, timely and appropriate healthcare and related skilled nursing, custodial, restorative, therapy and rehabilitation care and services to their residents, including Cora Schneider, such as reasonable caregivers would provide under similar circumstances.

140.    Defendants each owed duties to their residents, including Cora Schneider, to hire, train, oversee and supervise their employees to ensure that their facility was operated, and services were provided to their residents in a safe and reasonable matter.

141.    Defendants each owed a duty and responsibility to furnish Cora Schneider with appropriate, timely and competent medical, nursing and custodial care and services.

142.    Defendants each owed and failed to fulfill the following duties and responsibilities to Cora Schneider:

i)      The duty to use reasonable care in the maintenance of safe and adequate facilities;

ii)     The duty to select, hire, train and retain only competent staff;

iii)    The duty to oversee, monitor and supervise all persons who practice nursing and/or medical healthcare within their facility;

iv)     The duty to staff their facility with sufficient and adequately trained personnel to provide the care and services required by their facility's residents;

v)      The duty to maintain sufficient staffing, funding, supplies and resources for the facility to meet the needs of their facility's residents;

vi)     The duty to formulate, adopt, oversee, revise and enforce rules, policies, procedures and protocols to ensure quality of care for all their facility's residents;

vii)    The duty to take adequate, timely and appropriate measures to correct the known problems with quality of care, as well as the known problems with the delivery of medical, nursing and custodial care and services;

viii)   The duty to keep their facility's residents free and safe from abuse and neglect;

ix)     The duty to provide safe, decent and clean environment for their facility's residents; and

x)      The duty to warn their facility's residents, as well as their families and/or responsible parties, of the Defendants' inability to provide adequate, timely, appropriate and safe care and services when the Defendants were placed on notice, knew, or should have known, of the deficiencies in providing such care and services to and for their residents.

143.    In addition to the direct acts and omissions of the Defendants, the Defendants also acted

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

through their agents, servants, officers and employees, who were in turn acting within the course and scope of their employment, in furtherance of the Defendants' business and under the direct control and supervision of the Defendants.

144.    All of the acts alleged to have been done or not to have been done by Defendants were done or not done by said Defendants, their agents, ostensible agents, servants, workmen and/or employees, acting in the course and scope of their employment with and on behalf of said Defendants and failed or refused to act with reasonable care in the following manner:

a.    violating their duty to provide adequate resident care, including but not limited to diagnosis, evaluation, assessment, supervision, monitoring, medication and treatment to and for Decedent;

b.    failure to order, implement and utilize necessary fall precautions;

c.    failure to protect Decedent from falls;

d.    failure to prevent Decedent from falls;

e.    failure to accurately assess and recognize Decedent's risk for falls;

f.    failure to provide for Decedent's safety, welfare and well-being to keep her free from falls;

g.    failure to properly monitor Decedent to prevent her from falls;

h.    causing Decedent to sustain a traumatic head injury;

i.    causing Decedent to sustain a skin tear;

j.    failure to order, implement and utilize necessary precautions to prevent dehydration;

k.    failure to protect Decedent from dehydration;

l.    failure to prevent Decedent from dehydration;

m.    failure to accurately assess and recognize Decedent's risk for dehydration;

n.    failure to provide for Decedent's safety, welfare and well-being to keep her free from dehydration;

o.    failure to properly monitor Decedent to prevent her from dehydration;

p.    failure to documentation Decedent's fluid intake;

q.    failure to document Decedent's nutritional intake;

r.    failure to keep Decedent hydrated;

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

s.   failure to order, implement and utilize necessary precautions to prevent acute kidney failure;

t.   failure to protect Decedent from acute kidney failure

u.   failure to prevent Decedent from acute kidney failure;

v.   failure to accurately assess and recognize Decedent's risk for acute kidney failure;

w.   failure to provide for Decedent's safety, welfare and well-being to keep her free from acute kidney failure

x.   failure to properly monitor Decedent to prevent her from acute kidney failure;

y.   causing Decedent to experience acute kidney failure;

z.   failure to provide for Decedent's safety, welfare and well-being to keep her free from urinary tract injury

aa.   failure to properly monitor Decedent to prevent her from urinary tract infection;

bb.   causing Decedent to experience a urinary tract infection;

cc.   failure to to accurately assess and recognize Decedent was at risk for chronic constipation;

dd.   violating their duty to develop and implement a comprehensive "Care Plan" to prevent chronic constipation;

ee.   failure to utilize "Bowel and Bladder Protocol";

ff.   failure to prevent chronic constipation;

gg.   failure to order, implement and utilize necessary precautions to prevent hypovolemia;

hh.   causing Decedent to develop constipation;

ii.   failure to protect Decedent from hypovolemia;

jj.   failure to prevent Decedent from hypovolemia

kk.   failure to accurately assess and recognize Decedent's risk for hypovolemia;

ll.   failure to provide for Decedent's safety, welfare and well-being to keep her free from hypovolemia;

mm.   failure to properly monitor Decedent to prevent her from hypovolemia;

nn.   causing Decedent to experience hypovolemia;

oo.   failure to order, implement and utilize necessary precautions to prevent hyperkalemia;

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

pp.     failure to protect Decedent from hyperkalemia;

qq.     failure to prevent Decedent from hyperkalemia

rr.     failure to accurately assess and recognize Decedent's risk for hyperkalemia;

ss.     failure to provide for Decedent's safety, welfare and well-being to keep her free from hyperkalemia;

tt.     failure to properly monitor Decedent to prevent her from hyperkalemia;

uu.     causing Decedent to experience hyperkalemia;

vv.     failure to order, implement and utilize necessary precautions to prevent hyperglycemia

ww.     failure to protect Decedent from hyperglycemia;

xx.     failure to prevent Decedent from hyperglycemia;

yy.     failure to accurately assess and recognize Decedent's risk for hyperglycemia;

zz.     failure to provide for Decedent's safety, welfare and well-being to keep her free from hyperglycemia;

aaa.     failure to properly monitor Decedent to prevent her from hyperglycemia;

bbb.     causing Decedent to experience hyperglycemia

ccc.     violating their duty to develop and implement a comprehensive "Care Plan" to prevent skin breakdown;

ddd.     violating their duty to develop and implement timely interventions to prevent skin breakdown;

eee.     violating their duty to develop and implement timely interventions to prevent the development of pressure ulcers;

fff.     failure to recognize Decedent was at risk for the development of pressure ulcers;

ggg.     failure to make resident-specific and timely changes to Decedent's "Care Plan" when the facility's staff recognized or should have recognized that Decedent was at risk for developing/worsening of skin breakdown;

hhh.     failure to make resident-specific and timely changes to Decedent's "Care Plan" when the facility's staff recognized or should have recognized that Decedent was at risk for developing/worsening of pressure ulcers;

iii.     failure to turn and reposition Decedent at least once every two hours, and more often if and when required;

jjj.     Failure to preposition hourly, and move while in bed often if needed while in a chair;

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

kkk.   failure to consistently provide Decedent with adequate pressure-relieving assistive devices;

lll.   failure to accurately assess and recognize Decedent's risks for the development of pressure ulcers and provide appropriate monitoring, supervision, pressure-relieving assistive devices, turning and repositioning at least once every two hours while in bed, and more often if and when required to prevent development and deterioration of pressure ulcers;

mmm.   violating their duty to develop and implement a comprehensive "Care Plan" to prevent brusing;

nnn.   failure to keep Decedent safe for bruising of unknown causes;

ooo.   causing Decedent to sustain bruising;

ppp.   failure to order, implement and utilize necessary precautions to prevent leukocytosis;

qqq.   failure to protect Decedent from leukocytosis;

rrr.   failure to prevent Decedent from leukocytosis;

sss.   failure to accurately assess and recognize Decedent's risk for leukocytosis;

ttt.   failure to provide for Decedent's safety, welfare and well-being to keep her free from leukocytosis;

uuu.   failure to properly monitor Decedent to prevent her from leukocytosis;

vvv.   causing Decedent to experience leukocytosis;

www.   failure to properly and timely assess and document Decedent's change in condition;

xxx.   failure to immediately seek physician intervention for Decedent when she experienced a change in condition;

yyy.   failure to appropriately notify the physician of a change in Decedent's condition;

zzz.   failure to follow-up on physician notification of a change in Decedent's condition;

aaaa.   failure to keep Decedent free from preventable and treatable pain;

bbbb.   failure to provide Decedent with appropriate hygiene, to keep her clean and to preserve her dignity;

cccc.   all of the acts or failure to act constitute a deviation from the appropriate standards of care, negligence, carelessness and reckless indifference to the health, safety, welfare and well-being of Decedent;

dddd.   Defendants' conduct caused harm to Decedent and increased the risk of harm to Decedent;

eeee.   in committing the aforementioned acts and omissions, Defendants were acting negligently, carelessly and with reckless indifference to the safety, welfare and well-being of Decedent;

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

ffff.   failure to properly train and supervise Defendants' actual or ostensible employees, servants, agents or other staff or healthcare providers to monitor Decedent and to provide for her safety, welfare and general well-being;

gggg.   failure to properly hire, train and supervise staff, employees and healthcare providers at the Defendants' facility;

hhhh.   failure to monitor the competency, adequacy and propriety of the treatment rendered by their agents, servants and employees who provided care and treatment to Cora Schneider, while a resident at Defendants' facility;

iiii.   failure to maintain Defendants' duty to formulate, adopt and enforce adequate policies, procedures and protocols to ensure that their facility's residents, including Decedent, are properly supervised, assessed, monitored and receive proper and timely medical, custodial and nursing care;

jjjj.   failure to maintain Defendants' duty to formulate, adopt and enforce adequate policies, procedures and protocols to ensure that their facility's residents, including Decedent, are properly supervised, monitored and receive proper medical, custodial and nursing care to keep her safe from falls, traumatic head injury, skin tear, acute kidney failure, urinary tract infection, dehydration, hypovolemia, constipation, hyperkalemia, hyperglycemia, skin breakdown, pressure ulcers, bruising, leukocytosis and experienced severe conscious pain and suffering prior to her death;

kkkk.   failure to have in place adequate procedures and safeguards to ensure that their facility's residents, including Decedent, were provided nursing and medical treatment by Defendants' agents, who were skilled in the diagnosis, care and treatment of such as Decedent;

llll.   failure to administer the facility in a manner that enabled it to use its resource effectively and efficiently to attain or maintain the highest practicable physical, mental, and psychosocial well-being of the facility's residents, including Decedent;

mmmm.   failure to ensure that the Defendants used the results of its assessments to develop, review and revise Decedent's "Care Plan";

nnnn.   failure to ensure that Defendants' facility had sufficient nursing staff to provide nursing and custodial care and services to the residents in order to attain or maintain the highest practicable physical, mental and psychosocial well-being of each resident, including Decedent;

oooo.   failure to maintain compliance with the governmental rules and regulation to which Defendants' delivery of care is compared as part of the survey process conducted by the Pennsylvania Department of Health;

pppp.   failure to provide adequate and sufficient staffing levels at Defendants' facility;

qqqq.   failure to properly select, retain and monitor the competency of the medical and nursing staff, their employees, agents, servants and other healthcare providers who treated Decedent and failing to ensure such persons provided care within the applicable standards of care;

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

rrrr.   failure to keep Decedent free from neglect and abuse;

ssss.   failure to take appropriate steps to remedy continuing problems at the Defendants' facility that Defendants knew, or had reason to know, were occurring with Decedent's care, which included the need to increase the number of the facility's employees, hiring skilled and trained employees, adequately train and supervise the current employees, monitoring conduct of the employees, and adopting new or changing the existing policies, procedures and protocols to ensure care provided was provided within the appropriate community standards;

tttt.   making false, fraudulent, inadequate and inconsistent notes in Decedent's chart;

uuuu.   failure to obtain new or modified physicians' orders when changes in Decedent's condition were recognized by Defendants' agents;

vvvv.   failure to accurately, timely and consistently document Decedent's needs and the care and services provided to her in response to such needs;

wwww.   violating Pennsylvania Statutes, Pennsylvania Administrative Regulations, as well as OBRA regulations;

xxxx.   grossly understaffing Defendants' facility;

yyyy.   failure to train the employees to recognize medical conditions/symptoms which required Decedent's transfer to the hospital;

zzzz.   failure to allocate adequate funds, resources and supplies and failure to implement a facility budget that provided for the necessary and sufficient funds, resources and staffing levels to enable and allow their facility to provide adequate, timely appropriate care and services to the facility's residents, including Cora Schneider;

aaaaa.   failure to recognize and investigate neglect and abuse occurring with the care and services provided and not provided to Cora Schneider, and failure to report such neglect and abuse to the appropriate governmental agencies;

bbbbb.   all of the acts or failure to act constitute a deviation from the appropriate standards of care, negligence, carelessness and reckless indifference to the health, safety, welfare and well-being of Cora Schneider;

ccccc.   Defendants' conduct caused harm to Cora Schneider and increased the risk of harm to Cora Schneider; and

ddddd.   in committing the aforementioned acts and omissions, Defendants were acting negligently, carelessly and with reckless indifference to the safety, welfare and well-being of Cora Schneider.

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

145. Upon information and belief, Defendants, including their owners, members, managers, officers, directors and partners knew of and/or were made aware of the Pennsylvania Department of Health annual and complaint survey results and placed on notice of the status of their nursing home, Laureldale.

146. At all times relevant to this lawsuit, Defendants employed and directed physicians, nurses, and other medical personnel who rendered care to Cora Schneider.

147. At all times relevant to this lawsuit, Defendants owed a duty to Cora Schneider to provide competent and qualified physicians, surgeons, nurses, nurses' aides and other medical and quasi medical personnel to render proper care to Cora Schneider.

148. At all times relevant to this lawsuit, Defendants owed Cora Schneider a duty to operate their nursing facility in a careful and reasonable manner, under the circumstances, as would have been done by other nursing homes in and about the Pennsylvania area.

149. At all times relevant to this lawsuit, Defendants and their agents, staff and employees, owed Cora Schneider, the duty to possess and exercise that degree of skill and knowledge ordinarily possessed and exercised by similar nursing homes, physicians and/or nurses in and about the Pennsylvania area.

150. At all times relevant hereto, Cora Schneider's care was to be delivered and administered by medical staff, nursing staff, and healthcare staff at Defendants' nursing facility in a reasonably safe and prudent manner within the applicable standards of care for the community, as well as state and federal nursing home facility rules and regulations.

151. Cora Schneider was a resident in the Defendants' nursing facility and Defendants negligently and carelessly and in wanton and willful disregard for her health, safety and general welfare, inflicted injury upon her in failing to timely provide appropriate and necessary medical, nursing and custodial care, adequate monitoring and supervision.

152. As a direct and proximate result of the negligence, carelessness and recklessness of the Defendants, as is more fully set forth herein, Cora Schneider sustained serious, painful and permanent personal injuries including but not limited to, falls, traumatic head injury, skin tear, acute kidney failure, urinary tract infection, dehydration, hypovolemia, constipation, hyperkalemia, hyperglycemia, skin breakdown, pressure ulcers, bruising, leukocytosis and experienced severe conscious pain and suffering

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

prior to her death.

153.     Cora Schneider has suffered severe, conscious and excruciating pain and suffering, both physical and mental, all the result of the aforesaid negligent, careless and reckless conduct of the Defendants, and Defendants' agents, and their breach of the duty of care as set forth herein.

154.     In causing the aforesaid injuries, the Defendants knew, or should have known, that Cora Schneider would suffer such harm.

155.     Pennsylvania Code Chapter 28, Section 201 *et. seq.* requires that Defendants comply with all federal, state and local regulations with regard to long-term care facilities.

156.     The Defendants violated OBRA regulations, which establish the minimum standard of care to be followed by Defendants, including but not limited to the following:

(A)     42 C.F.R. § 483.10 (a)(1) / § 483.10 the resident has a right to a dignified existence;

(B)     42 C.F.R. § 483.12 / § 483.13 (b) & (c) The resident has the right to be   free from abuse, neglect, misappropriation of resident property, and   exploitation   as defined in ther subpart;

(C)     42 C.F.R. § 483.12 (c)(1) / § 483.13(c)(2) the facility must ensure that all alleged violations involving abuse, neglect, exploitation or mistreatment, including injuries of unknown source and misappropriation of resident property, are reported immediately, but not later than 2 hours after the allegation is made, if the events that cause the allegation involve abuse or result in serious bodily injury, or not later than 24 hours if the events that cause the allegation do not involve abuse and do not result in serious bodily injury, to the Executrix of the facility and other officials (including to the State Survey Agency and adult protective services where state law provides for jurisdiction in long-term care facilities) in accordance with State law through established procedures;

(D)     42 C.F.R. § 483.20 (2)(ii) the facility must conduct an assessment after a significant change in resident's condition;

(E)     42 C.F.R. § 483.21 (b)(b) / § 483.20(k) Comprehensive Care Plans, the facility must develop and implement a comprehensive person-centered care plan for each resident, consistent with the resident rights, that includes measurable objectives and timeframes to meet a resident's medical, nursing, and mental and psychosocial needs that are identified in the comprehensive assessment;

(F)     42 C.F.R. § 483.24 / § 483.25 Each resident must receive and the facility must provide the necessary care and services to attain or maintain the highest practicable physical, mental and psychosocial well-being, consistent with the resident's comprehensive assessment and plan of care;

(G)     42 C.F.R. § 483.25 (b)(i) / (ii) / § 483.25 (c)(1)(2) Based on the comprehensive

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

assessment of a resident, the facility must ensure that (i) A resident receives care, consistent with professional standards of practice, to prevent pressure ulcers and does not develop pressure ulcers unless the individual's clinical condition demonstrates that they were unavoidable; and (ii) A resident with pressure ulcers receives necessary treatment and services, consistent with professional standards of practice, to promote healing, prevent infection and prevent new ulcers from developing.

(H)     42 C.F.R. § 483.25 (d)(2) / § 483.25 (h)(2) each resident receives adequate supervision and assistance devices to prevent accidents,

(I)     42 C.F.R. § 483. 35 (a) / § 483. 30(a)(1) the facility must provide services by sufficient number of each of the following types of personnel on a twenty-four (24) hour basis to provide nursing care to all residents in accordance with resident care plans;

(J)     42 C.F.R. § 483.70 (b) / § 483.75 (b) The facility must operate and provide services in compliance with all applicable Federal, State, and local laws, regulations, and codes, and with accepted professional standards and principles that apply to professionals providing services in such a facility.

157.     Cora Schneider, fell within the class of persons the statutory rules, regulations and laws that were intended to protect by virtue of OBRA Regulations and the Pennsylvania Code 28 §§ 201, *et. seq.*, thus entitling the Plaintiff to adopt such laws as the standard of care for measuring Defendants' conduct. Thus, Plaintiff asserts a claim for negligence *per se*, asserting that, as a matter of law, the conduct of the Defendants amounted to negligence and negligence *per se*.

158.     At all relevant times pertinent hereto, there was in full force and effect 18Pa.C.S.A. § 2713 "Neglect of Care Dependent Person", providing penal consequences for neglect of a care-dependent person for:

*Intentionally, knowingly or recklessly causes bodily injury or serious bodily injury by failing to provide treatment, care, goods or services necessary to preserve the health, safety or welfare of a care-dependent person for whom he is responsible to provide care.*

159.     18 Pa.C.S.A. § 2713 "Neglect of Care Dependent Person" expresses the fundamental public of the Commonwealth of Pennsylvania that older adults, like children, are not to be abused or neglected, particularly in health care facilities or by persons holding themselves out as trained professionals, and that if such neglect or abuse causes injury, either physical or mental, then such conduct is actionable.

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

160.    At all relevant times pertinent thereto, Cora Schneider was a care-dependent resident of the Defendants' facility, Laureldale, and as such, fell within the class of persons 18 Pa.C.S.A. §2713 "Neglect of Care Dependent Person" was intended to protect, and as such, entitling Plaintiff to adopt 18 Pa.C.S.A. § 2713 "Neglect of Care Dependent Person" as the standard of care for measuring the conduct of the Defendants.

161.    Furthermore, 18 Pa.C.S.A. § 2713 "Neglect of Care Dependent Person" is directed to obviate the specific kind of harm which Cora Schneider sustained, with its purpose, at least in part, to protect to the interest of a group of individuals, i.e. *care-dependent persons*, including Cora Schneider.

162.    The Defendants, in accepting the responsibility for providing for Cora Schneider's care, welfare and well-being, as mentioned herein, and were negligent *per se* as they violated 18 Pa.C.S.A. § 2713 "Neglect of Care Dependent Person" in that they failed to provide treatment, care, goods and services necessary to preserve the health, safety or welfare of Cora Schneider for whom they were responsible to provide care as specifically set forth in this Complaint.

163.    At all relevant times pertinent hereto, there was in full force in effect 35 P.S. § 10225.101 *et seq.*, "Pennsylvania Older Adults Protective Services Act," which provides for civil and/or administrative penalties along with other consequences for abuse and neglect of a care-dependent person.

164.    35 P.S. §10225.102, expresses the policy of the Commonwealth of Pennsylvania that:

> ...*older adults who lack the capacity to protect themselves and are at imminent risk of abuse, neglect, exploitation or abandonment shall have access to and be provided with services necessary to protect their health, safety and welfare. It is not the purpose to the act to place restrictions upon the personal liberty of incapacitated older adults, but the act should be liberally construed to assure the availability of protective services to all older adults in need of them. Such services shall safeguard the rights of incapacitated older adults while protecting them from abuse, neglect, exploitation and abandonment. It is the intent of the General Assembly to provide for the detection and reduction, correction or elimination of abuse, neglect, exploitation and abandonment, and to establish a program of protective services for older adults in need of them.*

165.    At all relevant times pertinent hereto, Cora Schneider, was an older adult who was a resident of Defendants' facility, Laureldale, who lacked the capacity to protect herself and as such fell within the class of persons 35 P.S. § 10225.101 *et seq.* was intended to protect, and as such entitling Plaintiff to adopt 35 P.S. § 10225.101 *et seq.* as the standard of care measuring the conduct of the

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

Defendants.

166.     Furthermore, the Pennsylvania Older Adults Protective Services Act is directed, at least in part, to obviate the specific kind of harm which Cora Schneider sustained.

167.     The Defendants, in accepting the responsibility for providing for Cora Schneider's care, welfare and well-being, as mentioned herein, and were negligent *per se* as they violated 35 P.S. § 10225.101 *et seq.* in that they knew or had a reason to suspect that Cora Schneider was the victim of abuse and neglect and failed to report said abuse and neglect to the appropriate governmental agency and law enforcement officials.

168.     The conduct of the Defendants was intentional, outrageous and willful, and exhibited a reckless indifference to the health, safety and well-being of Cora Schneider.

169.     The conduct of the Defendants was such that an award of punitive damages is justified.

*WHEREFORE*, Plaintiff, Betty Wenrich, Administratrix of the Estate of Cora Schneider, deceased, demands judgment in her favor and against the Defendants, for compensatory damages and punitive damages, in a sum in excess of the arbitration limits.

<div align="center">

**COUNT II – VICARIOUS LIABILITY**
**BETTY WENRICH, ADMINISTRATRIX OF THE ESTATE OF**
**CORA SCHNEIDER, DECEASED**
**v.**
**ALL DEFENDANTS**

</div>

170.     Plaintiff incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint as though same were fully set forth at length herein.

171.     At all times relevant hereto, Defendants' agents, servants, employees and others were acting in the scope of their employment as agents, servants, or employees of Defendants' nursing facility.

172.     Defendants are vicariously liable for the acts, commissions or omissions, of their physicians, nurses, nurses' aides and other medical personnel and healthcare providers fully as though the aforementioned physicians, nurses, nurses' aides and other medical personnel and healthcare providers performed the acts or omissions themselves. In the alternative, Defendants are responsible for the negligent

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

acts or omissions of other physicians, nurses, nurses' aides and other healthcare providers who are agents, employees and/or servants of Defendants.

173.   At all times relevant to this lawsuit, Defendants, employed and directed physicians, nurses, nurses' aides and other medical personnel who rendered care to Cora Schneider.

174.   At all times relevant to this lawsuit, Defendants owed a duty to Cora Schneider to provide competent and qualified physicians, surgeons, nurses and other quasi-medical personnel to render care to her.

175.   At all times relevant to this lawsuit, Defendants owed Cora Schneider, the duty to operate their nursing home facility in a careful and reasonable manner, under the circumstances, as would have been done by other nursing homes in and about the Pennsylvania area.

176.   At all times relevant to this lawsuit, Defendants and their agents, owed Cora Schneider the duty to possess and exercise that degree of skill and knowledge ordinarily possessed and exercised by similar nursing homes, physicians and/or nurses in and about the Pennsylvania area.

177.   At all times relevant to this lawsuit, Cora Schneider's care was to be delivered and administered by the agents, servants and/or employees of Defendants at Defendants' nursing home facility in a reasonably safe and prudent manner within the applicable standards of care for the community Commonwealth of Pennsylvania and federal nursing home facility rules and regulations.

178.   Defendants breached their duties and were, therefore, negligent, careless and exhibited a reckless disregard to the health, safety, welfare and well-being of Cora Schneider.

179.   The aforesaid breaches of duties, negligence, carelessness and recklessness of Defendants directly and proximately caused the aforesaid injuries to Cora Schneider, and specifically, falls, traumatic head injury, skin tear, acute kidney failure, urinary tract infection, dehydration, hypovolemia, constipation, hyperkalemia, hyperglycemia, skin breakdown, pressure ulcers, bruising, leukocytosis and experienced severe conscious pain and suffering prior to her death

180.   In causing the aforesaid injuries, Defendants knew, or should have known, that Cora Schneider would suffer such harm.

181.   The conduct of the Defendants was intentional, outrageous, willful and wanton, and

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

exhibited a reckless indifference to the health, safety and well-being of Cora Schneider.

182.    The conduct of the Defendants was such that an award of punitive damages is justified.

*WHEREFORE*, Plaintiff, Betty Wenrich, Administratrix of the Estate of Cora Schneider, deceased, demands judgment in her favor and against Defendants, for compensatory damages and punitive damages, in a sum in excess of the arbitration limits.

<div align="center">

**COUNT III-CORPORATE LIABILITY**
**BETTY WENRICH, ADMINISTRATRIX OF THE ESTATE OF**
**CORA SCHNEIDER, DECEASED**
**v.**
**ALL DEFENDANTS**

</div>

183.    Plaintiff incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint as though same were fully set forth at length herein.

184.    Defendants' agents, employees, and servants and others provided care and treatment to Cora Schneider, as agents, employees, servants, officers or directors of Laureldale.

185.    At all times relevant hereto, Defendants' agents, servants, employees and others were acting in the scope of their employment as agents, servants, or employees of said Defendants' nursing facility.

186.    At all relevant times pertinent hereto, the corporate conduct of Defendants was independent of the negligent conduct of the employees of their facility, Laureldale, and was outrageous, willful, and wanton, and exhibited a reckless indifference to the health, welfare and well-being of their facility's residents, including Cora Schneider.

187.    Defendants, as corporate entities, are liable based on the following duties of care owed to Cora Schneider:

    a)    a duty to use reasonable care in the maintenance of safe and adequate facilities and equipment;

    b)    a duty to select and retain only competent physicians;

    c)    a duty to oversee all persons who practice medicine within its walls as to patient care; and,

    d)    a duty to formulate, adopt and enforce adequate rules and policies to ensure quality care for the patients.

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

188.    Defendants owed to Cora Schneider, a duty concerning the care and treatment under a corporate negligence standard with regard to the policies, actions and inactions of the institution itself and are directly liable for their own negligence.

189.    Defendants and their corporate members, managers, partners, owners, and directors breached their duties and were, therefore, negligent, careless and reckless in their duties and obligations to Cora Schneider.

190.    The aforesaid breaches of duties, corporate negligence, carelessness and recklessness of Defendants directly and proximately caused the aforesaid injuries to Decedent, including but not limited to falls, traumatic head injury, skin tear, acute kidney failure, urinary tract infection, dehydration, hypovolemia, constipation, hyperkalemia, hyperglycemia, skin breakdown, pressure ulcers, bruising, leukocytosis and experienced severe conscious pain and suffering prior to her death

191.    In causing the aforesaid injuries, Defendants knew, or should have known, that Cora Schneider would suffer such harm.

192.    The conduct of the Defendants was intentional, outrageous, willful and wanton and exhibited a reckless indifference to the health, safety and well-being of Cora Schneider.

193.    The conduct of the Defendants was such that an award of punitive damages is justified.

*WHEREFORE,* Plaintiff, Betty Wenrich, Administratrix of the Estate of Cora Schneider, deceased, demands judgment in her favor and against Defendants, for compensatory damages and punitive damages, in a sum in excess of the arbitration limits.

<div align="center">

COUNT IV-SURVIVAL CLAIM
BETTY WENRICH, ADMINISTRATRIX OF THE ESTATE OF
CORA SCHNEIDER, DECEASED
v.
ALL DEFENDANTS

</div>

194.    Plaintiff incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint as though same were fully set forth at length herein.

195.    Plaintiff, Betty Wenrich, as Administratrix of the Estate of Cora Schneider, deceased, also brings this action on behalf of the Estate of Cora Schneider, deceased, under and by virtue of the Act of

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

1972, June 30, P.L. 508, No. 164, Section 2, eff. July, 1972, as amended, 20 Pa.C.S.A. 3371, *et seq.*, (known as the "Pennsylvania Survival Act").

196.    The following persons are entitled to share under their cause of action in the Estate of Cora Schneider, deceased:

| Name | Relationship |
|------|--------------|
| Betty Wenrich | Daughter |
| Sandra Werley | Daughter |
| Ruth Miller | Daughter |
| Linda Smith | Daughter |
| Cora Eager | Daughter |
| Barbara Noll | Daughter |
| Penny Schneider | Daughter |

197.    Plaintiff, Betty Wenrich as Administratrix of the Estate of Cora Schneider, deceased, also claims on behalf of the Estate of Cora Schneider all damages recoverable under the Pennsylvania Survival Act, including, but not limited to damages for the conscious pain and suffering undergone by Decedent, up to and including the time of her death, which was caused by the Defendants' breach of duties, negligence, carelessness and recklessness.

198.    Plaintiff claims damages for the fright and mental suffering attributable to the peril leading to the physical manifestation of mental injuries, physical injuries, falls, traumatic head injury, skin tear, acute kidney failure, urinary tract infection, dehydration, hypovolemia, constipation, hyperkalemia, hyperglycemia, skin breakdown, pressure ulcers, bruising, leukocytosis and experienced severe conscious pain, embarrassment, loss of dignity and death, which were caused by the Defendants' breaches of duties, negligence, carelessness and recklessness.

199.    In causing the aforesaid injuries, the Defendants knew, or should have known, that Decedent would suffer such harm.

200.    As a result of the death of Cora Schneider, her Estate has been deprived of the economic value of Decedent's life during the period of her life expectancy and Plaintiff, as Administratrix of the Estate of Cora Schneider, deceased, claims damages for pecuniary loss sustained by the Estate as a result of her death, as well as for the conscious pain and suffering undergone by Decedent, up to and including the time of her death.

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

201.     The conduct of the Defendants was intentional, outrageous, willful, wanton and exhibited a reckless indifference to the safety, health, welfare and well-being of Decedent.

202.     The conduct of the Defendants was such that an award of punitive damages is justified.

*WHEREFORE*, Plaintiff, Betty Wenrich, Administratrix of the Estate of Cora Schneider, deceased, demands judgment in her favor and against the Defendants, for compensatory damages and punitive damages, in a sum in excess of the arbitration limits.

<div align="center">

### COUNT V-WRONGFUL DEATH CLAIM
### BETTY WENRICH, ADMINISTRATRIX OF THE ESTATE OF
### CORA SCHNEIDER, DECEASED
### v.
### ALL DEFENDANTS

</div>

203.     Plaintiff incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint as though same were fully set forth at length herein.

204.     Plaintiff, Betty Wenrich, Administratrix of the Estate of Cora Schneider, deceased, also brings this action on behalf of Decedent's estate under and by virtue of the Act of 1855 P.L. 30, as amended, Pa.R.C.P. 2202, as further amended, July 1976, 42Pa.C.S.A. 8301 (known as the "Pennsylvania Wrongful Death Act").

205.     The following persons are entitled to share under this cause of action in the estate of Decedent:

| Name | Relationship |
|------|-------------|
| Betty Wenrich | Daughter |
| Sandra Werley | Daughter |
| Ruth Miller | Daughter |
| Linda Smith | Daughter |
| Cora Eager | Daughter |
| Barbara Noll | Daughter |
| Penny Schneider | Daughter |

206.     Plaintiff claims all damages recoverable under the Pennsylvania Wrongful Death Act, including, but not limited to damages for pecuniary loss suffered by Decedent's survivors by reason of the death of Decedent, as well as for the reimbursement for medical expenses, nursing expenses, funeral expenses, expenses of administration and other expenses incurred in connection therewith.

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

207.   As a result of the death of Decedent, the aforesaid survivors have been deprived of the comfort, aid, assistance, tutelage, maintenance and companionship that they would have received from Decedent for the remainder of her natural life.

*WHEREFORE*, Plaintiff, Betty Wenrich, Administratrix of the Estate of Cora Schneider, deceased, demands judgment in her favor and against the Defendants, for compensatory damages and punitive damages, in a sum in excess of the arbitration limits.

## COUNT VI- BREACH OF FIDUCIARY DUTY
## BETTY WENRICH, ADMINISTRATRIX OF THE ESTATE OF
## CORA SCHNEIDER, DECEASED
### v.
## ALL DEFENDANTS

208.   Plaintiff incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint as though same were fully set forth at length herein.

209.   At all times material and relevant hereto, Cora Schneider, was incapable of dealing with the facility, Laureldale, on equal terms, and was incapable of engaging in any arm's length relationship with them.

210.   Additionally, at all times material and relevant hereto, Cora Schneider was incapable of independently providing for her own safety, health, welfare and well-being and justifiably relied on the facility to provide necessary care and services to attain and/or maintain her highest practicable physical, mental, and psychosocial well-being.

211.   At all times material and relevant hereto, the facility individually and/or collectively fostered and forged a relationship of special confidence and trust with Cora Schneider by admitting her into their care on December 13, 2012 and by reserving the right to specifically determine the level of care, safety, protection, services and supplies that would be provided to Cora Schneider.

212.   At all times material and relevant hereto, the facility individually and/or collectively controlled and oversaw every single aspect of Cora Schneider's existence, including her activities of daily living (ADL), custodial care, as well as skilled nursing and healthcare.

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

213.   At all times material and relevant hereto, the facility individually and/or collectively determined and orchestrated the most trivial as well as the most vital aspects of Cora Schneider's existence, from the type of clothing she wore, to when and how he received healthcare, as well as quality and quantity of food and water he could consume.

214.   As a result, Cora Schneider was solely and entirely dependent upon the facility's staff, employees, agents, officers and directors, to provide for her basic daily care, skilled nursing and healthcare, services, safety, protection, well-being and personal and intimate needs.

215.   Cora Schneider reposed a special confidence into the facility's staff, employees, agents, officers and directors to provide her with necessary care and services to attain and/or maintain her highest practicable physical, mental, and psychosocial well-being.

216.   At all times material hereto, the facility developed a special relationship with Cora Schneider by virtue of the type of the care and services he required, their supposedly superior knowledge, skill and expertise, and their overmastering dominance over Cora Schneider, and by virtue of Cora Schneider's weakness, dependence and inability to independently providing for her own safety, health, welfare and well-being and her justifiable reliance on the facility to provide for her safety, health, welfare and well-being.

217.   In their special relationship with one another, Cora Schneider, a vulnerable and dependent individual, did not and could not deal with the facility on equal terms due to the facility's overmastering dominance on one side, and due to Cora Schneider's weakness and justifiable trust on another side.

218.   At all times material hereto, Cora Schneider entrusted her care, treatment, as well as every single aspect of her very existence into the exclusive care, custody and control of the facility and its staff, employees, agents, officers and directors.

219.   At all times material hereto, the aforementioned special relationship enabled the facility to occupy a position of confidence regarding Cora Schneider, requiring fidelity, loyalty and scrupulous fairness and good faith on the part of the facility.

220.   The aforementioned special relationship further required the facility to refrain from using its position to Cora Schneider's detriment and the facility's own advantage.

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

221.    As such, and at all times material hereto, the facility, Laureldale, was a fiduciary of Cora Schneider.

222.    At all times material hereto, the facility owed a fiduciary duty to Cora Schneider.

223.    The facility breached their fiduciary duty and their fiduciary obligations, as well as violated their relationship of trust and special confidence owed to Cora Schneider by: a) engaging in the conduct set forth in detail in the within Complaint; and b) allowing revenues, profits and assets obtained from the facility's residents as well as their payor sources for inflated, improper and unreasonable inter-company fees and transfers designed and created for the benefit of the facility's owners, parent companies, affiliates and Corporate Defendants herein, instead of utilizing said resources effectively and efficiently in order to maintain and/or attain the highest practicable physical, mental and psychosocial well-being of the facility's residents, including Cora Schneider.

224.    In their dealings with Cora Schneider, as described herein, the facility acted in bad faith, and used its position of trust and special confidence to their own advantage and to Cora Schneider's detriment.

225.    In violating their fiduciary duties and obligations to Cora Schneider, the facility knew, or should have known, that Cora Schneider would suffer harm.

226.    The conduct of the facility was intentional, outrageous, willful, wanton and exhibited a reckless indifference to the safety, health, welfare and well-being of Cora Schneider.

227.    The conduct of the facility was such, that an award of punitive damages is justified.

*WHEREFORE*, Plaintiff, Betty Wenrich, Administratrix of the Estate of Cora Schneider, deceased, demands judgment in her favor and against Defendants, for compensatory damages and punitive damages, in a sum in excess of the arbitration limits.

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

**COUNT VII – CORPORATE DEFENDANTS AIDING**
**AND ABETTING INBREACH OF FIDUCIARY DUTIES**
**BETTY WENRICH, ADMINISTRATRIX OF THE ESTATE OF**
**CORA SCHNEIDER, DECEASED**
**v.**
**ALL DEFENDANTS**

228.     Plaintiff incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint as though same were fully set forth at length herein.

229.     The Corporate Defendants knew, or should have known, of Cora Schneider's fiduciary relationship with the facility, Laureldale, by virtue of the type of the care and services she required, the supposedly superior knowledge, skill and expertise, and their overmastering dominance over Cora Schneider, and by virtue of Cora Schneider's weakness, dependence and inability to independently providing for her own safety, health, welfare and well-being and her justifiable reliance on the facility to provide for her safety, health, welfare and well-being.

230.     The Corporate Defendants knowingly participated in and provided substantial assistance and encouragement to the facility in connection with the facility's breach of their fiduciary duties and obligations to Cora Schneider, as set forth in detail in Count VI of this Complaint.

231.     The Corporate Defendants knew, or should have known, that the facility's residents, including Cora Schneider, were incapable of independently providing for their own care, safety and well-being, and were justifiably relying on, and solely depending upon the facility's staff, employees, agents, officers and directors to provide for the basic daily and custodial care, skilled nursing and healthcare services, safety, welfare and well-being.

232.     Additionally, the Corporate Defendants knowingly assisted, encouraged, aided and abetted the  facility in its breach of fiduciary duties and obligations to the facility's residents, including Cora Schneider by: a) engaging in the conduct set forth in detail in their Complaint; b) exercising complete and total control over the facility's revenues by regularly and repeatedly sweeping nearly all of the facility's revenues into corporate account under exclusive control of the Corporate Defendants and/or their designee; c) knowingly and intentionally creating and accepting inter-company fees and transfers consisted of

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

revenues derived from the facility's residents and their payor sources, and designed to improperly and unjustly enrich the Corporate Defendants, instead of allowing the facility to utilize its resources effectively and efficiently to allow the facility's residents, including Cora Schneider to attain and/or maintain their highest practicable physical, mental and psychosocial well-being; d) structuring the managing and operating business model for the facility in such a way that constrained the facility's ability to provide the adequate and necessary care and services to their residents, including Cora Schneider, while simultaneously benefiting and enriching the pyramid structure corporate entities; e) overseeing, managing, and controlling the facility's acceptance of reimbursement from residents, including Cora Schneider, knowing that the facility could not provide full value of the care and services to meet the care and safety needs of their residents, including Cora Schneider; f) drafting, structuring and approving contracts between the facility and Corporate Defendants, which the Corporate Defendants knew, or should have known, would result in diversion and depleting of the facility revenues, necessary to provide the care and services to and meet the needs of their residents, including Cora Schneider.

233.   The aforementioned conduct of the Corporate Defendants constitutes knowing and intentional aiding and abetting the facility's breach of their fiduciary duties and obligations to the facility residents, including Cora Schneider, and subjects the Corporate Defendants to liability for the injuries and harm suffered by Cora Schneider as aforesaid.

234.   In adding and abetting the facility in their breach of fiduciary duties and obligations to Cora Schneider as aforesaid, the Corporate Defendants knew, or should have known, that Cora Schneider would suffer harm.

235.   As a result of the Corporate Defendants aiding and abetting the facility's breach of their fiduciary duties and obligations to the facility residents, including Cora Schneider, the Corporate Defendants were improperly and unjustly enriched, their facility, Laureldale, was left with inadequate staff and resources to provide for the care and meet the needs of the facility's residents, including Cora Schneider, and Cora Schneider suffered foreseeable and avoidable injuries set forth herein, and more specifically, including falls, traumatic head injury, skin tear, acute kidney failure, urinary tract infection, dehydration, hypovolemia, constipation, hyperkalemia, hyperglycemia, skin breakdown, pressure ulcers,

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

bruising, leukocytosis, severe conscious pain and suffering and ultimately death, which was caused by the Defendants' breaches of duties, negligence, carelessness and recklessness.

236.    The conduct of the Corporate Defendants was intentional, outrageous, willful, wanton and exhibited a reckless indifference to the safety, health, welfare and well-being of Cora Schneider.

237.    The conduct of the Corporate Defendants was such, that an award of punitive damages is justified.

*WHEREFORE*, Plaintiff, Betty Wenrich, Administratrix of the Estate of Cora Schneider, deceased, demands judgment in her favor and against Defendants, for compensatory damages and punitive damages, in a sum in excess of the arbitration limits.

ROSENBAUM & ASSOCIATES, P.C.

BY:    /s/Denine Marie Moscariello
       DENINE MARIE MOSCARIELLO, ESQUIRE

Dated: 1/22/2021

<u>**VERIFICATION**</u>

I verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.  I understand that false statements therein are made subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

/s/Denine Marie Moscariello
DENINE MARIE MOSCARIELLO, ESQUIRE

Dated: 1/22/2021

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

Received County of Berks Prothonotary's Office on 01/22/2021 11:42 AM Prothonotary Docket No. 20-15883

Received County of Berks Prothonotary's Office on 01/30/2021 12:21 PM Prothonotary Docket No. 20-15883

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103
(215)569-0200

MAJOR-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

ATTORNEY FOR PLAINTIFF(S)

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the Estate of CORA SCHNEIDER, Deceased | : : | BERKS COUNTY COURT OF COMMON PLEAS NO. 20-15883 |
| v. | : : | |
| MANOR CARE OF LAURELDALE PA LLC d/b/a MANORCARE HEALTH SERVICES-LAURELDALE, et. al. | : : : | |

## CERTIFICATE OF MERIT MANOR CARE OF LAURELDALE PA LLC d/b/a MANORCARE HEALTH SERVICES-LAURELDALE

I, DENINE MARIE MOSCARIELLO, ESQUIRE, Attorney for Plaintiff(s), certify that:

___X___   An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

**And**

___X___   The claim that this defendants  deviated from an acceptable professional standards is based solely on allegations that other licensed professionals for whom this defendants  is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

**Or**

_____   Expert testimony of an appropriate licensed professional is unnecessary for the prosecution of the claim against this defendant.

ROSENBAUM & ASSOCIATES, P.C.

BY: /s/ *Denine Marie Moscariello*
DENINE MARIE MOSCARIELLO, ESQUIRE
Attorney for Plaintiff

Dated: 1/22/2021

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103
(215)569-0200

MAJOR-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

ATTORNEY FOR PLAINTIFF(S)

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the Estate of CORA SCHNEIDER, Deceased | : | BERKS COUNTY COURT OF COMMON PLEAS NO. 20-15883 |
| v. | : | |
| MANOR CARE OF LAURELDALE PA LLC d/b/a MANORCARE HEALTH SERVICES- LAURELDALE, et. al. | : | |

## CERTIFICATE OF MERIT MANOR CARE OF LAURELDALE PA

I, DENINE MARIE MOSCARIELLO, ESQUIRE, Attorney for Plaintiff(s), certify that:

__X__    An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

**And**

__X__    The claim that this defendants  deviated from an acceptable professional standards is based solely on allegations that other licensed professionals for whom this defendants  is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

**Or**

_____    Expert testimony of an appropriate licensed professional is unnecessary for the prosecution of the claim against this defendant.

ROSENBAUM & ASSOCIATES, P.C.

BY: /s/ *Denine Marie Moscariello*
DENINE MARIE MOSCARIELLO, ESQUIRE
Attorney for Plaintiff

Dated: 1/22/2021

Received County of Berks Prothonotary's Office on 01/30/2021 12:20 PM Prothonotary Docket No. 20-15883

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103
(215)569-0200

MAJOR-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

ATTORNEY FOR PLAINTIFF(S)

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the Estate of CORA SCHNEIDER, Deceased | : : : | BERKS COUNTY COURT OF COMMON PLEAS NO. 20-15883 |
| v. | : : | |
| MANOR CARE OF LAURELDALE PA LLC d/b/a MANORCARE HEALTH SERVICES- LAURELDALE, et. al. | : : : | |

## <u>CERTIFICATE OF MERIT MANOR CARE, INC.</u>

I, DENINE MARIE MOSCARIELLO, ESQUIRE, Attorney for Plaintiff(s), certify that:

 X    An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

      **And**

 X    The claim that this defendants  deviated from an acceptable professional standards is based solely on allegations that other licensed professionals for whom this defendants  is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

      **Or**

\_\_\_\_\_    Expert testimony of an appropriate licensed professional is unnecessary for the prosecution of the claim against this defendant.

                     **ROSENBAUM & ASSOCIATES, P.C.**

            BY: /s/ *Denine Marie Moscariello*
                 DENINE MARIE MOSCARIELLO, ESQUIRE
Dated: 1/22/2021        Attorney for Plaintiff

Received County of Berks Prothonotary's Office on 01/30/2021 12:19 PM Prothonotary Docket No. 20-15883

Received County of Berks Prothonotary's Office on 01/30/2021 12:18 PM Prothonotary Docket No. 20-15883

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103
(215)569-0200

MAJOR-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

ATTORNEY FOR PLAINTIFF(S)

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the Estate of CORA SCHNEIDER, Deceased | : : : | BERKS COUNTY COURT OF COMMON PLEAS NO. 20-15893 |
| v. | : : | |
| MANOR CARE OF LAURELDALE PA LLC d/b/a MANORCARE HEALTH SERVICES-LAURELDALE, et. al. | : : : | |

## <u>CERTIFICATE OF MERIT MANORCARE HEALTH SERVICES, INC.</u>

I, DENINE MARIE MOSCARIELLO, ESQUIRE, Attorney for Plaintiff(s), certify that:

__X__ An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

**And**

__X__ The claim that this defendants deviated from an acceptable professional standards is based solely on allegations that other licensed professionals for whom this defendants is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

**Or**

_____ Expert testimony of an appropriate licensed professional is unnecessary for the prosecution of the claim against this defendant.

**ROSENBAUM & ASSOCIATES, P.C.**

BY: /s/ *Denine Marie Moscariello*
DENINE MARIE MOSCARIELLO, ESQUIRE
Attorney for Plaintiff

Dated: 1/22/2021

Received County of Berks Prothonotary's Office on 01/30/2021 12:18 PM Prothonotary Docket No. 20-15883

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103
(215)569-0200

MAJOR-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

ATTORNEY FOR PLAINTIFF(S)

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the Estate of CORA SCHNEIDER, Deceased | : : : | BERKS COUNTY COURT OF COMMON PLEAS NO. 20-15883 |
| v. | : : | |
| MANOR CARE OF LAURELDALE PA LLC d/b/a MANORCARE HEALTH SERVICES- LAURELDALE, et. al. | : : : | |

## CERTIFICATE OF MERIT HEARTLAND EMPLOYMENT SERVICES, LLC

I, DENINE MARIE MOSCARIELLO, ESQUIRE, Attorney for Plaintiff(s), certify that:

__X__ An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendants in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

**And**

__X__ The claim that this defendants deviated from an acceptable professional standards is based solely on allegations that other licensed professionals for whom this defendants is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

**Or**

_____ Expert testimony of an appropriate licensed professional is unnecessary for the prosecution of the claim against this defendant.

**ROSENBAUM & ASSOCIATES, P.C.**

BY: /s/ *Denine Marie Moscariello*
DENINE MARIE MOSCARIELLO, ESQUIRE
Attorney for Plaintiff

Dated: 1/22/2021

Received County of Berks Prothonotary's Office on 01/30/2021 12:17 PM Prothonotary Docket No. 20-15883

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103
(215)569-0200

MAJOR-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

ATTORNEY FOR PLAINTIFF(S)

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the Estate of CORA SCHNEIDER, Deceased | : | BERKS COUNTY COURT OF COMMON PLEAS NO. 20-15883 |
| v. | : | |
| MANOR CARE OF LAURELDALE PA LLC d/b/a MANORCARE HEALTH SERVICES-LAURELDALE, et. al. | : | |

## <u>CERTIFICATE OF MERIT HCRMC OPERATIONS, LLC</u>

I, DENINE MARIE MOSCARIELLO, ESQUIRE, Attorney for Plaintiff(s), certify that:

<u>X</u>    An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

**And**

<u>X</u>    The claim that this defendants  deviated from an acceptable professional standards is based solely on allegations that other licensed professionals for whom this defendants  is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

**Or**

_____    Expert testimony of an appropriate licensed professional is unnecessary for the prosecution of the claim against this defendant.

**ROSENBAUM & ASSOCIATES, P.C.**

BY: /s/ *Denine Marie Moscariello*
DENINE MARIE MOSCARIELLO, ESQUIRE
Attorney for Plaintiff

Dated: 1/22/2021

Received County of Berks Prothonotary's Office on 01/30/2021 12:15 PM Prothonotary Docket No. 20-15883

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103
(215)569-0200

MAJOR-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

ATTORNEY FOR PLAINTIFF(S)

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the Estate of CORA SCHNEIDER, Deceased | : : : | BERKS COUNTY COURT OF COMMON PLEAS NO. 20-15883 |
| v. | : : | |
| MANOR CARE OF LAURELDALE PA LLC d/b/a MANORCARE HEALTH SERVICES-LAURELDALE, et. al. | : : : | |

## CERTIFICATE OF MERIT HCR MANOR CARE SERVICES, LLC

I, DENINE MARIE MOSCARIELLO, ESQUIRE, Attorney for Plaintiff(s), certify that:

_X_   An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

**And**

_X_   The claim that this defendants  deviated from an acceptable professional standards is based solely on allegations that other licensed professionals for whom this defendants  is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

**Or**

_____   Expert testimony of an appropriate licensed professional is unnecessary for the prosecution of the claim against this defendant.

**ROSENBAUM & ASSOCIATES, P.C.**

BY: /s/ *Denine Marie Moscariello*
DENINE MARIE MOSCARIELLO, ESQUIRE
Attorney for Plaintiff

Dated: 1/22/2021

Received County of Berks Prothonotary's Office on 01/30/2021 12:13 PM Prothonotary Docket No. 20-15883

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103
(215)569-0200

MAJOR-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

ATTORNEY FOR PLAINTIFF(S)

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the Estate of CORA SCHNEIDER, Deceased | : : : | BERKS COUNTY COURT OF COMMON PLEAS NO. 20-15883 |
| v. | : : | |
| MANOR CARE OF LAURELDALE PA LLC d/b/a MANORCARE HEALTH SERVICES- LAURELDALE, et. al. | : : : | |

## <u>CERTIFICATE OF MERIT HCR MANORCARE OPERATIONS II, LLC</u>

I, DENINE MARIE MOSCARIELLO, ESQUIRE, Attorney for Plaintiff(s), certify that:

__X__ An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendants in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

**And**

__X__ The claim that this defendants deviated from an acceptable professional standards is based solely on allegations that other licensed professionals for whom this defendants is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

**Or**

_____ Expert testimony of an appropriate licensed professional is unnecessary for the prosecution of the claim against this defendant.

**ROSENBAUM & ASSOCIATES, P.C.**

BY: /s/ *Denine Marie Moscariello*
DENINE MARIE MOSCARIELLO, ESQUIRE
Attorney for Plaintiff

Dated: 1/22/2021

Received County of Berks Prothonotary's Office on 01/30/2021 12:13 PM Prothonotary Docket No. 20-15883

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103
(215)569-0200

MAJOR-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

ATTORNEY FOR PLAINTIFF(S)

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the Estate of CORA SCHNEIDER, Deceased | : : : | BERKS COUNTY COURT OF COMMON PLEAS NO. 20-15883 |
| v. | : : | |
| MANOR CARE OF LAURELDALE PA LLC d/b/a MANORCARE HEALTH SERVICES-LAURELDALE, et. al. | : : : : | |

## CERTIFICATE OF MERIT HCR MANORCARE, LLC

I, DENINE MARIE MOSCARIELLO, ESQUIRE, Attorney for Plaintiff(s), certify that:

__X__    An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

    **And**

__X__    The claim that this defendants  deviated from an acceptable professional standards is based solely on allegations that other licensed professionals for whom this defendants  is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

    **Or**

_____    Expert testimony of an appropriate licensed professional is unnecessary for the prosecution of the claim against this defendant.

**ROSENBAUM & ASSOCIATES, P.C.**

BY: /s/ *Denine Marie Moscariello*
DENINE MARIE MOSCARIELLO, ESQUIRE
Attorney for Plaintiff

Dated: 1/22/2021

Received County of Berks Prothonotary's Office on 01/30/2021 12:11 PM Prothonotary Docket No. 20-15883

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103
(215)569-0200

MAJOR-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

ATTORNEY FOR PLAINTIFF(S)

BETTY WENRICH, Administratrix of the
Estate of CORA SCHNEIDER, Deceased

     v.

MANOR CARE OF LAURELDALE PA LLC
d/b/a MANORCARE HEALTH SERVICES-
LAURELDALE, et. al.

:
:
:
:
:
:
:
:

BERKS COUNTY
COURT OF COMMON PLEAS
NO. 20-15883

## <u>CERTIFICATE OF MERIT HCR MANORCARE, INC.</u>

I, DENINE MARIE MOSCARIELLO, ESQUIRE, Attorney for Plaintiff(s), certify that:

  X   An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

    **And**

  X   The claim that this defendants deviated from an acceptable professional standards is based solely on allegations that other licensed professionals for whom this defendants is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

    **Or**

  \_\_\_\_\_   Expert testimony of an appropriate licensed professional is unnecessary for the prosecution of the claim against this defendant.

                            **ROSENBAUM & ASSOCIATES, P.C.**

                            BY: /s/ *Denine Marie Moscariello*
                            DENINE MARIE MOSCARIELLO, ESQUIRE

Dated: 1/22/2021                    Attorney for Plaintiff

Received County of Berks Prothonotary's Office on 01/30/2021 12:10 PM Prothonotary Docket No. 20-15883

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103
(215)569-0200

MAJOR-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

ATTORNEY FOR PLAINTIFF(S)

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the Estate of CORA SCHNEIDER, Deceased | : | BERKS COUNTY COURT OF COMMON PLEAS NO. 20-15883 |
| v. | : | |
| MANOR CARE OF LAURELDALE PA LLC d/b/a MANORCARE HEALTH SERVICES-LAURELDALE, et. al. | : | |

## CERTIFICATE OF MERIT HCR IV HEALTHCARE, LLC

I, DENINE MARIE MOSCARIELLO, ESQUIRE, Attorney for Plaintiff(s), certify that:

__X__ An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

**And**

__X__ The claim that this defendants deviated from an acceptable professional standards is based solely on allegations that other licensed professionals for whom this defendants is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

**Or**

_____ Expert testimony of an appropriate licensed professional is unnecessary for the prosecution of the claim against this defendant.

                    **ROSENBAUM & ASSOCIATES, P.C.**

                    BY: /s/ *Denine Marie Moscariello*
                    DENINE MARIE MOSCARIELLO, ESQUIRE
                    Attorney for Plaintiff

Dated: 1/22/2021

Received County of Berks Prothonotary's Office on 01/30/2021 12:09 PM Prothonotary Docket No. 20-15883

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103
(215)569-0200

MAJOR-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

ATTORNEY FOR PLAINTIFF(S)

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the Estate of CORA SCHNEIDER, Deceased | : : : | BERKS COUNTY COURT OF COMMON PLEAS NO. 20-15883 |
| v. | : : | |
| MANOR CARE OF LAURELDALE PA LLC d/b/a MANORCARE HEALTH SERVICES-LAURELDALE, et. al. | : : : | |

## CERTIFICATE OF MERIT HCR III HEALTHCARE, LLC

I, DENINE MARIE MOSCARIELLO, ESQUIRE, Attorney for Plaintiff(s), certify that:

__X__ An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

And

__X__ The claim that this defendants  deviated from an acceptable professional standards is based solely on allegations that other licensed professionals for whom this defendants  is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

Or

_____ Expert testimony of an appropriate licensed professional is unnecessary for the prosecution of the claim against this defendant.

**ROSENBAUM & ASSOCIATES, P.C.**

BY: /s/ *Denine Marie Moscariello*
DENINE MARIE MOSCARIELLO, ESQUIRE
Attorney for Plaintiff

Dated: 1/22/2021

Received County of Berks Prothonotary's Office on 01/30/2021 12:08 PM Prothonotary Docket No. 20-15883

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103
(215)569-0200

MAJOR-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

ATTORNEY FOR PLAINTIFF(S)

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the Estate of CORA SCHNEIDER, Deceased | : | BERKS COUNTY COURT OF COMMON PLEAS NO. 20-15883 |
| v. | : | |
| MANOR CARE OF LAURELDALE PA LLC d/b/a MANORCARE HEALTH SERVICES-LAURELDALE, et. al. | : | |

## <u>CERTIFICATE OF MERIT HCR II HEALTHCARE, LLC</u>

I, DENINE MARIE MOSCARIELLO, ESQUIRE, Attorney for Plaintiff(s), certify that:

__X__   An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

**And**

__X__   The claim that this defendants  deviated from an acceptable professional standards is based solely on allegations that other licensed professionals for whom this defendants  is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

**Or**

_____   Expert testimony of an appropriate licensed professional is unnecessary for the prosecution of the claim against this defendant.

ROSENBAUM & ASSOCIATES, P.C.

BY: /s/ *Denine Marie Moscariello*
DENINE MARIE MOSCARIELLO, ESQUIRE
Attorney for Plaintiff

Dated: 1/22/2021

Received County of Berks Prothonotary's Office on 01/30/2021 12:09 PM Prothonotary Docket No. 20-15883

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103
(215)569-0200

MAJOR-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

ATTORNEY FOR PLAINTIFF(S)

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the Estate of CORA SCHNEIDER, Deceased | : : : | BERKS COUNTY COURT OF COMMON PLEAS NO. 20-15883 |
| v. | : : | |
| MANOR CARE OF LAURELDALE PA LLC d/b/a MANORCARE HEALTH SERVICES-LAURELDALE, et. al. | : : : | |

## <u>CERTIFICATE OF MERIT HCR III HEALTHCARE, LLC</u>

I, DENINE MARIE MOSCARIELLO, ESQUIRE, Attorney for Plaintiff(s), certify that:

__X__ An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

**And**

__X__ The claim that this defendants  deviated from an acceptable professional standards is based solely on allegations that other licensed professionals for whom this defendants  is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

**Or**

_____ Expert testimony of an appropriate licensed professional is unnecessary for the prosecution of the claim against this defendant.

**ROSENBAUM & ASSOCIATES, P.C.**


BY: /s/ *Denine Marie Moscariello*
DENINE MARIE MOSCARIELLO, ESQUIRE
Attorney for Plaintiff

Dated: 1/22/2021

Received County of Berks Prothonotary's Office on 01/30/2021 12:06 PM Prothonotary Docket No. 20-15883

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103
(215)569-0200

MAJOR-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

ATTORNEY FOR PLAINTIFF(S)

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the Estate of CORA SCHNEIDER, Deceased | : : : | BERKS COUNTY COURT OF COMMON PLEAS NO. 20-15883 |
| v. | : : | |
| MANOR CARE OF LAURELDALE PA LLC d/b/a MANORCARE HEALTH SERVICES-LAURELDALE, et. al. | : : : | |

## CERTIFICATE OF MERIT HCR HEALTHCARE, LLC

I, DENINE MARIE MOSCARIELLO, ESQUIRE, Attorney for Plaintiff(s), certify that:

__X__  An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

**And**

__X__  The claim that this defendants  deviated from an acceptable professional standards is based solely on allegations that other licensed professionals for whom this defendants  is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

**Or**

_____  Expert testimony of an appropriate licensed professional is unnecessary for the prosecution of the claim against this defendant.

**ROSENBAUM & ASSOCIATES, P.C.**

BY: /s/ *Denine Marie Moscariello*
DENINE MARIE MOSCARIELLO, ESQUIRE
Attorney for Plaintiff

Dated: 1/22/2021

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103                    ATTORNEY FOR PLAINTIFF(S)
(215)569-0200

| | | |
|---|---|---|
| BETTY WENRICH, Administratrix of the Estate of CORA SCHNEIDER, Deceased 1031 Barberry Avenue Reading, PA 19605 | : : : : | BERKS COUNTY COURT OF COMMON PLEAS NO. 20-15883 |
| v. | : | |
| MANOR CARE OF LAURELDALE PA LLC d/b/a MANORCARE HEALTH SERVICES – LAURELDALE; MANOR CARE OF LAURELDALE PA; HCR MANORCARE, LLC; MANORCARE HEALTH SERVICES, INC.; MANOR CARE, INC.; HCR MANORCARE, INC.; HCR IV HEALTHCARE, LLC; HCR III HEALTHCARE, LLC; HCR II HEALTHCARE, LLC; HCR HEALTHCARE, LLC; HCRMC OPERATIONS, LLC; HCR MANORCARE OPERATIONS II, LLC; HEARTLAND EMPLOYMENT SERVICES, LLC; HCR MANOR CARE SERVICES, LLC; and PROMEDICA HEALTH SYSTEM, INC. | : : : : : : : : : : : : : : : : | |

## AFFIDAVIT OF SERVICE

I, DENINE MARIE MOSCARIELLO, ESQUIRE, being properly sworn according to law, hereby depose and say that on September 23, 2020, I forwarded to Manor Care Health Services, Inc. a true and correct copy of Summons at their place of business being 333 N. Summit Street, Toledo, OH 43604 by United States Mail, Certified Mail, Return Receipt Requested No. 7012 1010 0002 8848 1247. A true and correct copy of said letter and original Certified Receipt is attached hereto.

Date: 2-9-21

DENINE MARIE MOSCARIELLO, ESQUIRE

Sworn to and subscribed
before me this 9ᵗʰ day
of Feb, 2021.
M. M
NOTARY PUBLIC

Elizabeth Marie Mariano
Notary Public
New Jersey
My Commission Expires 11-19-22
No. 2207006

# ROSENBAUM & ASSOCIATES, P.C.

ATTORNEYS AT LAW
1818 MARKET STREET
SUITE 3200
PHILADELPHIA, PA. 19103-3611

(215) 569-0200
FAX (215) 569-6099

dmoscariello@rosenbaumfirm.com
215-569-0200 Ext. 129
267-930-7232 (fax)

September 23, 2020

ManorCare Health Services, Inc.
333 N. Summit Street
Toledo, OH 43604

    RE:    ***Betty Wenrich, Administratrix of the Estate of Cora Schneider, Deceased vs. Manor Care of Laureldale PA LLC d/b/a Manorcare Health Services-Laureldale, et. al. Berks County Court of Common Pleas; No. 20-15883 Our File No.: 44022***

Dear Sir/Madam:

   Enclosed please find a true and correct copy of a Summons in regard to the above matter. The original of this document was filed in the Court of Common Pleas of Berks County on September 17, 2020.

   Please note the endorsement thereon wherein you are notified to plead thereto within twenty (20) days of service or judgment may be entered against you.

Very truly yours,

/s/ *Denine Marie Moscariello*

DENINE MARIE MOSCARIELLO, ESQUIRE

Received County of Berks Prothonotary's Office on 02/10/2021 9:32 AM Prothonotary Docket No. 20-15883

ALERT: USPS IS EXPERIENCING UNPRECEDENTED VOLUME INCREASES AND LIMITED EMPL...

# USPS Tracking®

FAQs >

### Track Another Package  +

**Tracking Number:** 70121010000288481247

Remove ✕

Your item was delivered to an individual at the address at 10:31 am on September 29, 2020 in TOLEDO, OH 43604.

## ⊘ Delivered

September 29, 2020 at 10:31 am
Delivered, Left with Individual
TOLEDO, OH 43604

Get Updates ﹀

---

Text & Email Updates       ﹀

---

Tracking History       ﹀

---

Product Information       ﹀

---

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

Received County of Berks Prothonotary's Office on 02/10/2021 9:32 AM Prothonotary Docket No. 20-15883

Feedback

**ROSENBAUM & ASSOCIATES, P.C.**
BY: Denine Marie Moscariello, Esquire
Attorney I.D. NO.: 90192
1818 MARKET STREET – SUITE 3200
PHILADELPHIA, PA 19103                                    ATTORNEY FOR PLAINTIFF(S)
(215)569-0200

| | |
|---|---|
| BETTY WENRICH, Administratrix of the : | BERKS COUNTY |
| Estate of CORA SCHNEIDER, Deceased : | COURT OF COMMON PLEAS |
| 1031 Barberry Avenue : | |
| Reading, PA 19605 : | NO. 20-15883 |
| : | |
| v. : | |
| : | |
| MANOR CARE OF LAURELDALE PA LLC : | |
| d/b/a MANORCARE HEALTH SERVICES – : | |
| LAURELDALE; : | |
| MANOR CARE OF LAURELDALE PA; : | |
| HCR MANORCARE, LLC; : | |
| MANORCARE HEALTH SERVICES, INC.; : | |
| MANOR CARE, INC.; : | |
| HCR MANORCARE, INC.; : | |
| HCR IV HEALTHCARE, LLC; : | |
| HCR III HEALTHCARE, LLC; : | |
| HCR II HEALTHCARE, LLC; : | |
| HCR HEALTHCARE, LLC; : | |
| HCRMC OPERATIONS, LLC; : | |
| HCR MANORCARE OPERATIONS II, LLC; : | |
| HEARTLAND EMPLOYMENT : | |
| SERVICES, LLC; : | |
| HCR MANOR CARE SERVICES, LLC; and : | |
| PROMEDICA HEALTH SYSTEM, INC. : | |

## AFFIDAVIT OF SERVICE

I, DENINE MARIE MOSCARIELLO, ESQUIRE, being properly sworn according to law, hereby depose and say

that on December 14, 2020, I forwarded to Promedica Health System, Inc. a true and correct copy of Summons at

their place of business being c/o CT Corp System, 4400 Easton Commons Way, Suite 125, Columbus, OH 43219 by

United States Mail, Certified Mail, Return Receipt Requested No. 7012 1010 0002 8848 8185.  A true and correct

copy of said letter and original Certified Receipt is attached hereto.

Date: 2-9-21

DENINE MARIE MOSCARIELLO, ESQUIRE

Sworn to and subscribed
before me this 9 day
of Feb, 2021.

NOTARY PUBLIC

Elizabeth Marie Mariano
Notary Public
New Jersey
My Commission Expires 11-19-22
No. 2367006

Received County of Berks Prothonotary's Office on 02/10/2021 1:35 PM Prothonotary Docket No. 20-15883

ROSENBAUM & ASSOCIATES, P.C.

ATTORNEYS AT LAW
1818 MARKET STREET
SUITE 3200
PHILADLEPHIA , PA. 19103-3611

—————

(215) 569-0200
FAX (215) 569-6099

December 14, 2020

Promedica Health System, Inc.
c./o CT. Corp. System
4400 Easton Commons Way
Suite 125
Columbus, OH 43219

RE:  Betty Wenrich Amin, et al vs. Manor Care of Laureldale PA, LLC, et al
Berks CCP NO. 20-15883
Our File No.: 44022

Dear Sir/Madam:

Enclosed please find a true and correct copy of a Summons in regard to the above matter.
The original of this document was filed in the Court of Common Pleas of Berks County on
September 17, 2020.

Please note the endorsement thereon wherein you are notified to plead thereto within twenty
(20) days of service or judgment may be entered against you.

Also, enclosed please find Plaintiff's Pre-Complaint Interrogatories and Request for
Documents kindly respond to same within 30 days of the date of service as of Civil Procedure.

Very truly yours,

/s/ *Denine Marie Moscariello*

DENINE MARIE MOSCARIELLO, ESQUIRE

**ALERT: USPS IS EXPERIENCING UNPRECEDENTED VOLUME INCREASES AND LIMITED EMPL...**

# USPS Tracking®

FAQs >

### Track Another Package +

**Tracking Number:** 70121010000288488185

Remove ✕

Your item was picked up at a postal facility at 10:36 am on January 5, 2021 in COLUMBUS, OH 43224.

Feedback

## ✓ Delivered

January 5, 2021 at 10:36 am
Delivered, Individual Picked Up at Postal Facility
COLUMBUS, OH 43224

**Get Updates** ⌄

---

**Text & Email Updates** ⌄

---

**Tracking History** ⌄

---

**Product Information** ⌄

---

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

Received County of Berks Prothonotary's Office on 02/10/2021 1:35 PM Prothonotary Docket No. 20-15883