IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BETTY WENRICH**, Administratrix of the Estate of Cora Schneider, Deceased, | : <br> : <br> : <br> : |
| Plaintiff, | : |
| v. | :    CIVIL ACTION NO. 21-00789-SWR |
| | : |
| **MANORCARE OF LAURELDALE PA, LLC d/b/a MANORCARE HEALTH SERVICES – LAURELDALE, et al.**, | : <br> : <br> : <br> : |
| Defendant. | : <br> : |

## MEMORANDUM

    Plaintiff Betty Wenrich, Administratrix of the Estate of Cora Schneider, reached a settlement with Defendants Manor Care of Laureldale PA, LLC d/b/a ManorCare Health Services – Laureldale ("Laureldale"), HCR IV Healthcare, LLC, HCR III Healthcare, LLC, HCR II Healthcare, LLC, HCR Healthcare, LLC, Heartland Employment Services, LLC, HCR Manor Care Services, LLC, Promedica Health System, Inc., to resolve this case which was brought pursuant to Pennsylvania's Wrongful Death and Survival Statutes, 42 Pa. C.S. §§ 8301, 8302. Presently before the Court is Plaintiff's Petition to Approve Settlement and Distribution (ECF No. 40). For the reasons that follow, the Petition (ECF No. 40) will be approved. An appropriate Order will follow.

    I.   *Background*

    On January 22, 2021, Plaintiff, the daughter of Ms. Schneider, instituted this action on behalf of her mother's estate, alleging claims of negligence, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, wrongful death, and survival relating to Schneider's medical care and treatment while residing at Laureldale, a nursing facility, until her death on January 28,

1

2019. ECF No. 40 at 4. On September 13, 2021, the parties stipulated to the transferal of the Survival Action to binding arbitration pursuant to an Arbitration Agreement executed at the time of Cora Schneider's admission to Laureldale. *Id*. The parties also stipulated to staying the Wrongful Death Action pending resolution of binding arbitration. *Id.* at 4-5.

Plaintiff reached a settlement with the remaining Defendants, Manor Care of Laureldale PA, LLC d/b/a ManorCare Health Services – Laureldale, HCR IV Healthcare, LLC, HCR III Healthcare, LLC, HCR II Healthcare, LLC, HCR Healthcare, LLC, Heartland Employment Services, LLC, HCR Manor Care Services, LLC, and Promedica Health System, Inc, wherein Defendants will pay $80,000 to settle the claims. *Id*. at 6. Accordingly, Plaintiff filed the present Petition to Approve Settlement and Distribution. *See generally* ECF No. 40. As detailed in the Petition, the settlement proceeds are to be distributed as follows: Plaintiff's counsel seeks $30,400.00 for fees and $7,434.27 for costs; $122.28 shall be distributed to Rosenbaum & Associates, P.C. to be sent to the Pennsylvania Department of Human Services ("DHS") to satisfy a Third Party Liability/Casualty Lien on behalf of the Estate of Cora Schneider; $10,510.86 shall be allocated to the Estate of Cora Schneider for the Survival Action; and the remaining balance of $31,532.59 shall be allocated for the Wrongful Death claims and distributed equally between Cora Schneider's beneficiaries, Plaintiff and Schneider's other adult daughters. *Id.* at 1-2, 6.

II. Discussion

Section 3323 of Pennsylvania's Probate, Estates and Fiduciaries Code requires court approval for the settlement of claims involving an estate. *See* 20 Pa.C.S.A. § 3323(a). Survival actions are among such claims. *See Schuster v. Reeves*, 403 Pa. Super. 518, 589 A.2d 731, 734 (Pa. Super. 1991). "Wrongful death actions, in contrast, do not require court approval where the only beneficiaries are competent adults." *Short v. Pavlides*, No. 2724 NOV. TERM 1993, 1999

Phila. Ct. Com. Pl. LEXIS 13, 1999 WL 33932135, at *2 (Pa. Com. Pl. Apr. 16, 1999). However, when "wrongful death and survival actions are settled for a single amount, the amount apportioned to the survival action must be approved by a court having jurisdiction." *Moore v. Gates*, 580 A.2d 1138, 1141 (Pa. Super. 1990). The requirement of judicial approval "is intended to protect the estate, as well as the creditors and beneficiaries thereof." *Id.* An order approving settlement may also "approve an agreement for the payment of counsel fees and other proper expenses incident to such action." 20 Pa. S.C.A. § 3323(b)(1).

In determining the "fair value of [a] lawsuit, I will afford 'considerable weight' to the judgment of counsel and the parties.'" *Matter of McLean Contracting*, No. 14-cv-5676, 2017 WL 2618855, at *1 (E.D. Pa. June 16, 2017) (quoting *Calvert v. Gen. Acc. Ins. Co.*, No. 99-cv-3599, 2000 WL 124570, at *6 (E.D. Pa. Feb. 2, 2000)). Here, the Court finds no reason to doubt the attorneys' valuation of the case. Both parties participated in the binding arbitration process in good faith. The Pennsylvania Department of Revenue has approved the allocation. ECF 40 at 9. Regarding the Wrongful Death Action proceeds, the only beneficiaries are Ms. Schneider's daughters: Plaintiff Betty Wenrich, Ruth Miller, Linda Smith, Cora Eager, Barbara Noll, and Penny Schneider. *Id*. at 5. Because "there is nothing inherently suspect or improper about a settlement allocation favoring wrongful death beneficiaries," this Court finds the proposed settlement amount and allocation reasonable. *Carter v. Wellpath* LLC, No. 22-cv-1050, 2023 WL 6323095, at *2 (E.D. Pa. Sept. 28, 2023) (quoting *Tamasy v. Yough Sch. Dist.*, No. 18-cv-1236, 2019 WL 5864893, at *2 (W.D. Pa. Nov. 8, 2019)).

"When addressing the reasonableness of attorney's fees, 'courts should [also] be reluctant to disturb contingent fee arrangements freely entered into by knowledgeable and competent parties.'" *Carter,* No. 22-cv-1050, 2023 WL 6323095, at *2 (quoting *Ryan v. Butera, Beausang,*

*Cohen & Brennan*, 193 F.3d 210, 215 (3d Cir. 1999)). Under the contingent fee agreement, Plaintiff's counsel is entitled to 40% of the gross settlement amount as legal fees, in addition to costs. ECF No. 40 at Ex. F. Plaintiff's counsel further reduced the fee agreed upon in the Written Fee Contract from 40% to 38% of the gross amount recovered. Contingent fee agreements of this amount are typical, and "[Plaintiff's] counsel took on risk in pursuing this case for which [they] should be rewarded." *Carter*, 2023 WL 6323095, at *2. This Court therefore concludes that the fees and costs are reasonable under the circumstances.

*III. Conclusion*

For the foregoing reasons, the Court will approve the proposed settlement agreement and request for attorney's fees. An appropriate Order will follow.

BY THE COURT:

*s/Scott W. Reid*
**SCOTT W. REID**
**U.S. MAGISTRATE JUDGE**

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BETTY WENRICH,** Administratrix of the Estate of Cora Schneider, Deceased, <br><br>　　　　　　　　　　Plaintiff, <br>　v. <br>**MANORCARE OF LAURELDALE PA, LLC d/b/a MANORCARE HEALTH SERVICES – LAURELDALE, et al.,** <br><br>　　　　　　　　　　Defendant. | CIVIL ACTION NO. 21- 00789-SWR |

**O R D E R**

**AND NOW**, this 17th day of October 2024, upon consideration of the Petition to Approve Settlement and Distribution (ECF No. 40), and for the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that that Petition (ECF No. 40) is **APPROVED**. Petitioner is authorized to enter into a settlement with Defendants, in the gross sum of $80,000.00. Defendants shall forward all settlement drafts or checks to Petitioner's counsel, Andrei Govorov, of Rosenbaum & Associates P.C. Petitioner is authorized to execute all necessary releases, endorse all checks and to make appropriate distribution of settlement proceeds.

**IT IS FURTHER ORDERED** that the settlement proceeds be distributed as follows:

| Gross Settlement: $80,000.00 | | |
|---|---|---|
| To: | Rosenbaum & Associates, P.C. – fee $30,400.00 (said fee constitutes the reduced fee of 38%) | $30,400.00 |
| To: | Rosenbaum & Associates, P.C. – Reimbursement of costs | $7,434.27 |
| To: | Rosenbaum & Associates, P.C. – Escrow (final DHS TPL / Casualty lien) | $122.28 |

5

| **Survival Claim** | |
|---|---|
| To:     Estate of Cora Schneider | $10,510.86 |
|  |  |
| **Wrongful Death Claim** | |
| Beneficiaries: | |
| To:     Betty Wenrich | $5,255.44 |
| To:     Ruth Miller | $5,255.44 |
| To:     Linda Smith | $5,255.44 |
| To:     Cora Eager | $5,255.44 |
| To:     Barbara Noll | $5,255.44 |
| To:     Penny Schneider | $5,255.44 |

The Clerk of Court shall mark this case CLOSED for statistical purposes.

**BY THE COURT:**

*s/Scott W. Reid*
**SCOTT W. REID**
**U.S. MAGISTRATE JUDGE**